UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FLOYD, *et al.*,

        **Plaintiffs**,

-against-

THE CITY OF NEW YORK, *et al.*,

        **Defendants**.

_____/

SCHEDULING ORDER

08 Civ. 01034 (SAS)

Conference Date: April 16, 2008

**SHIRA A. SCHEINDLIN, U.S.D.J.**:

    WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on March 3, 2008, and April 4, 2008; and

    WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

    NOW, THEREFORE, the parties hereby submit the following information as required by the Order and Fed. R. Civ. P. 16(b):

    (1)    The date of the conference for the parties: April 16, 2008

    (2)    A concise statement of the issues as they then appear:

Plaintiffs' View: The issues include: (1) whether Defendants' actions violate the Fourth and Fourteenth Amendments to the United States Constitution, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d), *et seq.* ("Title VI"), and the Constitution and laws of the State of New York; (2) whether the individual Defendants are entitled to qualified immunity for the unlawful stops, searches, frisks, arrests and excessive force used against the named Plaintiffs and putative class members; (3) whether there was articuable reasonable suspicion, probable cause or arguable probable cause for the stops, searches, frisks and/or arrests of the named Plaintiffs and

putative class members; (4) whether there is *Monell* liability for the entity Defendant; and (5) whether a class should be certified pursuant to Fed. R. Civ. P. 23(a) and (b)(2).

<u>Defendants' View</u>: Defendant City asserts that plaintiffs' Constitutional Rights were not violated in any way.

(3)   <u>A schedule including</u>:

   (a)   <u>The names of persons to be deposed and a schedule of planned depositions</u>:

<u>Plaintiffs' View</u>:  At this stage, Plaintiffs intend to take the depositions of the individual Defendants, any expert utilized by Defendants, a representative of the RAND Corporation concerning the report produced for the New York City Police Department ("NYPD") related to the NYPD's stop and frisk activity and to take depositions, pursuant to Fed. R. Civ. P. 30(b)(6), on the following topics, *inter alia*, concerning: (a) Defendants' training related to NYPD officers conducting stops and frisks, training related to the implementation of the written policy prohibiting racial profiling and training requirements pursuant to the Stipulation of Settlement in *Daniels, et al. v. The City of New York, et al.*, Case No. 99 Civ. 1695 (SAS) ("*Daniels*"); (b) Defendants' auditing policies, practices, procedures and results concerning the UF-250 data and stop and frisk practices; (c) the UF-250 database; (d) Defendants' hiring, supervisory, disciplinary and supervisory practices related to stop and frisk practices and the implementation of the written policy prohibiting racial profiling and training requirements pursuant to the Stipulation of Settlement in *Daniels;* (e) Defendants' practices and policies concerning the NYPD's stop and frisk activity; (f) Defendants' implementation, or failure to implement, the requirements in the *Daniels* Stipulation of Settlement; and (g) such other matters as are relevant to proof of the claims of the named Plaintiffs and putative class members.  Plaintiffs may need to

conduct additional depositions of other persons or on other matters after requests for production and interrogatories are answered by Defendants and as discovery progresses.

Defendants' View: Defendant City anticipates deposing plaintiffs David Floyd, Lalit Clarkson and Deon Dennis, as well as witnesses to the incidents alleged in the First Amended Complaint. Additional depositions may be needed as discovery continues.

(b) A schedule for the production of documents: The parties have agreed to serve their initial respective requests for the production of documents within 45 days of the conference, on or before June 2, 2008. [handwritten: π identify experts at close of fact disc. Δs - 30 days later]

[handwritten margin note: mutual disclosure April 15]

(c) Dates by which (i) each expert's reports will be supplied to the adverse side and (ii) each expert's deposition will be completed: Plaintiffs shall serve their expert report within ~~60~~ 30 days of the close of factual discovery which shall be on or before ~~March 16~~ Feb 16, 2009. Defendants shall serve their rebuttal expert report within ~~60~~ 30 days after Plaintiffs' expert report is served which shall be on or before ~~May 15~~ March, 2009. Expert depositions for both parties shall be completed by ~~July 1~~ April 15, 2009.

(d) Time when discovery is to be completed: The parties shall complete factual discovery by January 16, 2009.

(e) The date by which Plaintiff will supply its pre-trial order matters to Defendants: ~~September 15, 2009~~. to be scheduled

(f) The date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact or conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial: ~~October 2, 2009~~. to be scheduled

(g) Pre-trial conference pursuant to Fed. R. Civ. P. 16(d):

3

*[Handwritten at top: Final pretrial conference Feb. 2, 2009 at 4:30]*

(h) <u>Amending pleadings and adding parties</u>: The parties shall have until September 15, 2008, to amend the pleadings and add parties.

(i) <u>Dispositive motions</u>: ~~The parties shall file dispositive motions within 45 days of the close of expert discovery on or before August 21, 2009.~~

(j) <u>Settlement conference</u>: ~~A settlement conference be scheduled in mid-July, 2009, following the close of factual and expert discovery.~~

(k) <u>Trial date</u>: ~~Trial shall commence November 2, 2009~~

(4) <u>A statement of any limitations to be placed on discovery, including any protective or confidentiality orders</u>:   After conferring, the parties disagree as to the need for a protective order concerning the UF-250 data and related derivative information which was subject to the protective order entered in the related case of *Daniels*, which was temporarily provided to Defendants, under seal, pursuant to the Court's Order dated January 31, 2008, until the protective order could be resolved in this litigation.  Pursuant to an agreement between the parties, Defendants shall have 10 business days to respond to Plaintiffs' discovery request for the UF-250 data and derivative information.  The parties will agree upon a briefing schedule as to the discovery issue of whether a protective order is required concerning the UF-250 data and derivative information, and shall present that schedule to the Court for approval on or before April 18, 2008.

(5) <u>A statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement</u>:   The parties disagree as to the time period for which the plaintiffs seek UF-250 data, as well as other discovery.  Defendants object to the extent that plaintiffs' request discovery pertaining the implementation of the Daniels' Stipulation of

Settlement. There may be discovery disagreements that arise during the course of this litigation and the parties will promptly bring any matters to the Court's attention if they are unable to informally reach an agreement on any such issues.

(6) <u>Anticipated fields of expert testimony, if any</u>:

Plaintiffs intend to use one ore more experts concerning: an analysis of the UF-250 data and related information concerning Defendants' stop and frisk activity; Defendants' training, hiring, discipline and supervision, or lack thereof, as related to stop and frisk policies, practices and/or customs; Defendants' auditing procedures and policies concerning stop and frisk activity; and such other matters as may be suited for expert opinion as discovery progresses. Defendants reserve the right to call experts based upon issues that arise during discovery. Moreover, defendants intend to use rebuttal experts, based upon the expert reports provided by plaintiff's experts.

(7) <u>Anticipated length of trial and whether to court or jury</u>: The parties anticipate that this matter will take 3 weeks for trial. — Jury

(8) The Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference of when justice so requires.

By: _____
Jennifer Rossan

Jennifer Rossan
Senior Counsel
Corporation Counsel of the City of New York
100 Church Street, Room 3-215
New York, NY 10007
T (212) 788-0867; F (212) 788-9776

By: _____
Andrea Costello (AC-6197)

Andrea Costello (AC-6197)
Kamau Franklin (KF-6837)
Darius Charney (DC-1619)
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012
T (212) 614-6439; F (212) 614-6499
acostello@ccrjustice.org
Attorneys for Plaintiffs

5

jrossan@law.nyc.gov
Attorneys for Defendants

Dated: New York, New York
       April 16, 2008

SO ORDERED:

_____
SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE

6