UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DAVID FLOYD, LALIT CLARKSON and DEON
DENNIS, individually and on behalf of a class of all others
similarly situated;

Plaintiffs,

-against-

THE CITY OF NEW YORK; NEW YORK CITY POLICE
COMMISSIONER RAYMOND KELLY, in his individual
and official capacity; MAYOR MICHAEL
BLOOMBERG, in his individual and official capacity;
NEW YORK CITY POLICE OFFICER RODRIGUEZ, in
his individual capacity; NEW YORK CITY POLICE
OFFICER GOODMAN, in his individual capacity; NEW
YORK CITY POLICE OFFICER JANE DOE, in her
individual capacity; NEW YORK CITY POLICE
OFFICER HERNANDEZ, Shield # 15957, in his
individual capacity; NEW YORK CITY POLICE
OFFICER JOYCE, Shield # 31274, in his individual
capacity; NEW YORK CITY POLICE OFFICER KELLY,
Shield # 34759, in his individual capacity; NEW YORK
CITY POLICE OFFICER JOHN DOE #1, in his individual
capacity; NEW YORK CITY POLICE OFFICER JOHN
DOE # 2, in his individual capacity; NEW YORK CITY
POLICE OFFICER POPICHURDO, in his individual
capacity; NEW YORK CITY POLICE OFFICER
SALERNO, Shield # 7116, in his individual capacity;
NEW YORK CITY POLICE OFFICER HAYES, in his
individual capacity;

Defendants.

------------------------------------------------------------------------ x

**ANSWER TO FIRST
AMENDED CLASS ACTION
COMPLAINT ON BEHALF
OF DEFENDANTS MAYOR
MICHAEL BLOOMBERG
AND POLICE
COMMISSIONER
RAYMOND KELLY**

08 Civ. 01034 (SAS)

Jury Trial Demanded

Defendants Mayor Michael Bloomberg and Police Commissioner Raymond Kelly,[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the First Amended Class Action Complaint ("Amended Complaint"), respectfully allege, upon information and belief, as follows:

1.    Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit that plaintiffs purport to proceed as stated therein.

2.    Deny the allegations set forth in paragraph "2" of the Amended Complaint.

3.    Deny the allegations set forth in paragraph "3" of the Amended Complaint.

4.    Deny the allegations set forth in paragraph "4" of the Amended Complaint.

5.    Deny the allegations set forth in paragraph "5" of the Amended Complaint, except admit that a lawsuit was filed in or about 1999 bearing the caption National Congress for Puerto Rican Rights v. The City of New York, et. al., case No. 99 Civ. 1695 (SAS).

6.    Deny the allegations set forth in paragraph "6" of the Amended Complaint.

7.    Deny the allegations set forth in paragraph "7" of the Amended Complaint, except admits that plaintiffs purport to proceed as stated therein.

---

[1] Defendant City of New York filed an Answer to plaintiffs' First Amended Complaint, dated May 13, 2008. Upon information and belief, the individuals identified in the caption as New York City Police Officer Rodriguez, New York City Police Officer Goodman, New York City Police Officer Hernandez, New York City Police Officer Joyce, New York City Police Officer Kelly, New York City Police Officer Popichurdo, New York City Police Officer Salerno, and New York City Police Officer Hayes have not been served.

8.      Deny the allegations set forth in paragraph "8" of the Amended Complaint, except admit that plaintiffs purport to invoke the jurisdiction of this Court as stated therein.

9.      Deny the allegations set forth in paragraph "9" of the Amended Complaint, except admit that plaintiffs purport to proceed as stated therein.

10.     Deny the allegations set forth in paragraph "10" of the Amended Complaint, except admit that plaintiffs purport to invoke the supplemental jurisdiction of this Court as stated therein.

11.     Deny the allegations set forth in paragraph "11" of the Amended Complaint, except admit that plaintiffs purport to base venue as stated therein.

12.     Paragraph "12" of the Amended Complaint sets forth a demand for jury trial, rather than an averment of fact, and accordingly no response is required.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Amended Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Amended Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Amended Complaint.

16.     Deny the allegations set forth in paragraph "16" of the Amended Complaint, except admit that the City of New York is a municipal entity created and authorized under the laws of the State of New York, admit that the City of New York maintains a Police Department, and respectfully refer the Court to the New York City Charter and the New York City Administrative Code for a description of the City of New York's functions and duties.

17.    Deny the allegations set forth in paragraph "17" of the Amended Complaint, except admit that plaintiffs purport to proceed as stated therein and admit that Raymond Kelly is the Police Commissioner for the City of New York and respectfully refer the Court to the New York City Charter and the New York City Administrative Code for a description of the duties and functions of the New York City Police Commissioner and the New York City Police Department.

18.    Deny the allegations set forth in paragraph "18" of the Amended Complaint, except admit that  plaintiffs purport to proceed as stated therein and admit that Michael Bloomberg is the Mayor of the City of New York and respectfully refer the Court to the New York City Charter and the New York City Administrative Code for a description of the duties and functions of the Mayor of New York City.

19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Amended Complaint, except admit that plaintiffs purport to proceed as stated therein.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Amended Complaint, except admit that plaintiffs purport to proceed as stated therein.

21.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Amended Complaint, except admit that plaintiffs purport to proceed as stated therein.

22.    Deny the allegations set forth in paragraph "22" of the Amended Complaint, except admit that an individual named Eric Hernandez is employed by the City of New York as a police officer and admit that plaintiffs purport to proceed as stated therein.

23.    Deny the allegations set forth in paragraph "23" of the Amended Complaint, except admit that an individual named Cormac Joyce is employed by the City of New York as a police officer and admit that plaintiffs purport to proceed as stated therein.

24.    Deny the allegations set forth in paragraph "24" of the Amended Complaint, except admit that an individual named James Kelly is employed by the City of New York as a police officer and admit that plaintiffs purport to proceed as stated therein.

25.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Amended Complaint, except admit that plaintiffs purport to proceed as stated therein.

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Amended Complaint, except admit that plaintiffs purport to proceed as stated therein.

27.    Deny the allegations set forth in paragraph "27" of the Amended Complaint, except admit that an individual named Luis Pichardo is employed by the City of New York as a police officer and admit that plaintiffs purport to proceed as stated therein.

28.    Deny the allegations set forth in paragraph "28" of the Amended Complaint, except admit that an individual named Angelica Salmeron is employed by the City of New York as a police officer and admit that plaintiffs purport to proceed as stated therein.

29.    Deny the allegations set forth in paragraph "29" of the Amended Complaint, except admit that an individual named Michael CousinHayes is employed by the City of New York as a police officer and admit that plaintiffs purport to proceed as stated therein.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Amended Complaint, except admit that

individuals named Cormac Joyce, Eric Hernandez, James Kelly, Luis Pichardo, Michael CousinHayes, and Angelica Salmeron are employed by the City of New York as police officers and admit that plaintiffs purport to proceed as stated therein.

31.     Deny the allegations set forth in paragraph "31" of the Amended Complaint.

32.     Deny the allegations set forth in paragraph "32" of the Amended Complaint.

33.     Deny the allegations set forth in paragraph "33" of the Amended Complaint, except admit that plaintiffs purport to proceed as stated therein.

34.     Deny the allegations set forth in paragraph "34" of the Amended Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Amended Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Amended Complaint and its subparts.

37.     Deny the allegations set forth in paragraph "37" of the Amended Complaint.

38.     Deny the allegations set forth in paragraph "38" of the Amended Complaint.

39.     Deny the allegations set forth in paragraph "39" of the Amended Complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Amended Complaint, except admit that the

named plaintiffs are represented by Andrea Costello, Kamau Franklin and Darius Charney of the Center for Constitutional Rights and Jonathan Moore of the law firm Beldock, Levine & Hoffman, LLP.

41.    Deny the allegations set forth in paragraph "41" of the Amended Complaint.

42.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Amended Complaint.

43.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Amended Complaint.

44.    Deny the allegations set forth in paragraph "44" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the officers' actions, plaintiff's actions, and communications between plaintiff and the officers.

45.    Deny the allegations set forth in paragraph "45" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements plaintiff made to the officers.

46.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Amended Complaint.

47.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Amended Complaint.

48.    Deny the allegations set forth in paragraph "48" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's observations.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Amended Complaint, except deny the allegations that plaintiff Floyd was unlawfully stopped, questioned and frisked by NYPD officers in February 2008.

50.     Deny the allegations set forth in paragraph "50" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the officers' actions, plaintiff's actions, and communications between plaintiff and the officers.

51.     Deny  knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Amended Complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Amended Complaint.

53.     Deny the allegations set forth in paragraph "53" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's observations.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Amended Complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Amended Complaint.

56.     Deny the allegations set forth in paragraph "56" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the officers' actions, plaintiff's actions, and communications between plaintiff and the officers.

57.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Amended Complaint.

58.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Amended Complaint.

59.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Amended Complaint.

60.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Amended Complaint.

61.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Amended Complaint.

62.    Deny the allegations set forth in paragraph "62" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's observations.

63.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Amended Complaint.

64.    Deny the allegations set forth in paragraph "64" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the officers' actions, plaintiff's actions, and communications between plaintiff and the officers.

65.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Amended Complaint.

66.    Deny the allegations set forth in paragraph "66" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the

allegations regarding the officers' actions, plaintiff's actions, and communications between plaintiff and the officers.

67.    Deny the allegations set forth in paragraph "67" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the officers' actions and communications between plaintiff and the officers.

68.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Amended Complaint.

69.    Deny the allegations set forth in paragraph "69" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the officers' actions, plaintiff's actions, and communications between plaintiff and the officers.

70.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the Amended Complaint.

71.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the Amended Complaint.

72.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the Amended Complaint.

73.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the Amended Complaint.

74.    Deny the allegations set forth in paragraph "74" of the Amended Complaint.

75.    Deny the allegations set forth in paragraph "75" of the Amended Complaint.

76.    Deny the allegations set forth in paragraph "76" of the Amended Complaint.

77.    Deny the allegations set forth in paragraph "77" of the Amended Complaint.

78.    Deny the allegations set forth in paragraph "78" of the Amended Complaint.

79.    Deny the allegations set forth in paragraph "79" of the Amended Complaint.

80.    Deny the allegations set forth in paragraph "80" of the Amended Complaint.

81.    Deny the allegations set forth in paragraph "81" of the Amended Complaint, except admit that the Office of the Attorney General ("OAG") released a report related to the NYPD's stop and frisk practices for the period of January 1, 1998 through March 31, 1999.

82.    Deny the allegations set forth in paragraph "82" of the Amended Complaint, except admit that in or about 1999 a lawsuit was filed bearing the caption National Congress for Puerto Rican Rights v. The City of New York, et. al., case No. 99 Civ. 1695 (SAS).

83.    Deny the allegations set forth in paragraph "83" of the Amended Complaint, except admits that a settlement was reached in Daniels.

84.    Deny the allegations set forth in paragraph "84" of the Amended Complaint.

85.    Deny the allegations set forth in paragraph "85" of the Amended Complaint.

86.    Deny the allegations set forth in paragraph "86" of the Amended Complaint.

87.    Deny the allegations set forth in paragraph "87" of the Amended Complaint.

88.    Deny the allegations set forth in paragraph "88" of the Amended Complaint.

89.    Deny the allegations set forth in paragraph "89" of the Amended Complaint.

90.    Deny the allegations set forth in paragraph "90" of the Amended Complaint.

91.    Deny the allegations set forth in paragraph "91" of the Amended Complaint.

92.    Deny the allegations set forth in paragraph "92" of the Amended Complaint.

93.    Deny the allegations set forth in paragraph "93" of the Amended Complaint.

94.    Deny the allegations set forth in paragraph "94" of the Amended Complaint.

95.    Defendants state that the allegations set forth in paragraph "95" of the Amended Complaint are conclusions of law rather than averments of fact to which no response is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "95" of the Amended Complaint and respectfully refers the Court to the United States Constitution and applicable case law for its full content and meaning.

- 12 -

96.    Deny the allegations set forth in paragraph "96" of the Amended Complaint.

97.    Deny the allegations set forth in paragraph "97" of the Amended Complaint.

98.    Deny the allegations set forth in paragraph "98" of the Amended Complaint.

99.    Deny the allegations set forth in paragraph "99" of the Amended Complaint.

100.    Deny the allegations set forth in paragraph "100" of the Amended Complaint, and its subparts.

101.    Deny the allegations set forth in paragraph "101" of the Amended Complaint.

102.    Deny the allegations set forth in paragraph "102" of the Amended Complaint.

103.    Deny the allegations set forth in paragraph "103" of the Amended Complaint.

104.    Deny the allegations set forth in paragraph "104" of the Amended Complaint.

105.    Deny the allegations set forth in paragraph "105" of the Amended Complaint.

106.    Deny the allegations set forth in paragraph "106" of the Amended Complaint.

107.    Deny the allegations set forth in paragraph "107" of the Amended Complaint.

108.    In response to the allegations set forth in paragraph "108" of the Amended Complaint, defendants repeat and reallege paragraphs "1" through "107" of this answer as if fully set forth herein.

109.    Deny the allegations set forth in paragraph "109" of the Amended Complaint.

110.    Deny the allegations set forth in paragraph "110" of the Amended Complaint.

111.    Deny the allegations set forth in paragraph "111" of the Amended Complaint.

112.    Deny the allegations set forth in paragraph "112" of the Amended Complaint.

113.    Deny the allegations set forth in paragraph "113" of the Amended Complaint.

114.    In response to the allegations set forth in paragraph "114" of the Amended Complaint, defendants repeat and reallege paragraphs "1" through "113" of this answer as if fully set forth herein.

115.    Deny the allegations set forth in paragraph "115" of the Amended Complaint.

116.    Deny the allegations set forth in paragraph "116" of the Amended Complaint.

117. Deny the allegations set forth in paragraph "117" of the Amended Complaint.

118. Deny the allegations set forth in paragraph "118" of the Amended Complaint.

119. In response to the allegations set forth in paragraph "119" of the Amended Complaint, defendants repeat and reallege paragraphs "1" through "118" of this answer as if fully set forth herein.

120. Deny the allegations set forth in paragraph "120" of the Amended Complaint.

121. Deny the allegations set forth in paragraph "121" of the Amended Complaint.

122. Deny the allegations set forth in paragraph "122" of the Amended Complaint.

123. In response to the allegations set forth in paragraph "123" of the Amended Complaint, defendants repeat and reallege paragraphs "1" through "122" of this answer as if fully set forth herein.

124. Deny the allegations set forth in paragraph "124" of the Amended Complaint.

125. Deny the allegations set forth in paragraph "125" of the Amended Complaint.

126. Deny the allegations set forth in paragraph "126" of the Amended Complaint.

127.    Deny the allegations set forth in paragraph "127" of the Amended Complaint.

128.    In response to the allegations set forth in paragraph "128" of the Amended Complaint, defendants repeat and reallege paragraphs "1" through "127" of this answer as if fully set forth herein.

129.    Deny the allegations set forth in paragraph "129" of the Amended Complaint.

130.    Deny the allegations set forth in paragraph "130" of the Amended Complaint.

131.    Deny the allegations set forth in paragraph "131" of the Amended Complaint.

132.    Deny the allegations set forth in paragraph "132" of the Amended Complaint.

133.    In response to the allegations set forth in paragraph "133" of the Amended Complaint, defendants repeat and reallege paragraphs "1" through "132" of this answer as if fully set forth herein.

134.    Deny the allegations set forth in paragraph "134" of the Amended Complaint.

135.    Deny the allegations set forth in paragraph "135" of the Amended Complaint.

136.    Deny the allegations set forth in paragraph "136" of the Amended Complaint.

137.    Deny the allegations set forth in paragraph "137" of the Amended Complaint.

138.    In response to the allegations set forth in paragraph "138" of the Amended Complaint, defendants repeat and reallege paragraphs "1" through "137" of this answer as if fully set forth herein.

139.    Deny the allegations set forth in paragraph "139" of the Amended Complaint.

140.    Deny the allegations set forth in paragraph "140" of the Amended Complaint.

141.    Deny the allegations set forth in paragraph "141" of the Amended Complaint.

142.    In response to the allegations set forth in paragraph "142" of the Amended Complaint, defendants repeat and reallege paragraphs "1" through "141" of this answer as if fully set forth herein.

143.    Deny the allegations set forth in paragraph "143" of the Amended Complaint, and its subparts.

144.    Deny the allegations set forth in paragraph "144" of the Amended Complaint, and its subparts.

145.    Deny the allegations set forth in paragraph "145" of the Amended Complaint.

146.    Deny the allegations set forth in paragraph "146" of the Amended Complaint.

147.    In response to the allegations set forth in paragraph "147" of the Amended Complaint, defendants repeat and reallege paragraphs "1" through "146" of this answer as if fully set forth herein.

148.    Deny the allegations set forth in paragraph "148" of the Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

149.    The Amended Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

150.    Defendants Mayor Michael Bloomberg and Police Commissioner Raymond Kelly have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

151.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

152.    Plaintiffs' claims are barred, in whole or in part, by the applicable limitations period.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

153.    Plaintiffs have failed to comply, in whole or in part, with conditions precedent to suit under state law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

154.    To the extent applicable, there was probable cause for plaintiffs' arrests.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

155.    To the extent applicable, there was reasonable suspicion for plaintiffs' detentions and/or frisks conducted of plaintiffs.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

156.    Defendants Mayor Michael Bloomberg and Police Commissioner Raymond Kelly have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

157.    Plaintiffs' claims are barred by the doctrines of *res judicata* and collateral estoppel.

**WHEREFORE,** defendants Mayor Michael Bloomberg and Police Commissioner Raymond Kelly request judgment dismissing the Amended Complaint, in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            June 18, 2008

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for Defendant City of New York
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 788-8084

                            By:      _David M. Hazan_
                                          David M. Hazan (DH-8611)
                                          Assistant Corporation Counsel
                                          Special Federal Litigation Division

To:     **Via ECF and First Class Mail**
         Andrea Costello, Esq.
         Center for Constitutional Rights
         666 Broadway, 7th Floor
         New York, NY 10012

Docket No. 08 Civ. 01034 (SAS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID FLOYD, LALIT CLARKSON and DEON
DENNIS, individually and on behalf of a class of
all others similarly situated;

Plaintiffs,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

**ANSWER TO AMENDED COMPLAINT ON
BEHALF OF DEFENDANTS MAYOR
MICHAEL BLOOMBERG AND POLICE
COMMISSIONER RAYMOND KELLY**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, Mayor
Michael Bloomberg, and Police Commissioner
Raymond Kelly*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: David M. Hazan*
*Tel: (212) 788-8084*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................ ,2008*

*................................................................. Esq.*

*Attorney for ............................................................*