UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

FLOYD, et al.,

                                 Plaintiffs,

            -against-

CITY OF NEW YORK, et al.,

                                Defendants.

------------------------------------------------------------------------X

                                                   **DECLARATION OF**
                                                   **JENNIFER ROSSAN**

                                                   08 Civ. 1034 (SAS)

**JENNIFER ROSSAN**, declares pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

        1.  I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants in the above-referenced matter.  I make this declaration based on discussions with City officials and based on a review of records maintained by the City of New York.  I am familiar with the facts stated below and submit this declaration to place on the record the relevant documents in support of defendants' opposition to plaintiffs' motion to compel production of the UF-250 data and information subject to the protective order in *Daniels* and in support of defendants' application for a protective order.

        2.  The UF-250 database was created during the litigation of *Daniels v. City of New York*, as a means of producing data reflected on the UF-250 forms.

        3.  During the lawsuit and the period covered by the *Daniels* Stipulation of Settlement, defendants produced the database for the years 1998 through and including the first two quarters 2007.

4.  All of the UF-250 data in <u>Daniels</u> was produced pursuant to a protective order, which effectively limited disclosure to class counsel and those working under counsel's supervision.

5.  Data Redacted from the UF-250 Database Produced in *Daniels* included: ███

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████[1]

6.  During the litigation, documents that were confidential and produced under the protective order included, in addition to the UF-250 data, weekly tactical deployment plans for the Street Crime Unit and other documents ordered or agreed upon by the parties as confidential.

7.  On behalf of the NYPD, the New York City Police Foundation, Inc. (the "Foundation") engaged the Rand Corporation, a Non-Profit Research Organization, to analyze the UF-250 database for 2006 for evidence of racially biased policing.

8.  Defendants produced to plaintiffs a copy of the Agreement between the Foundation and the Rand Corporation.

9.  Only the data that RAND published in its final report has been publicly disclosed and the final report did not disclose the raw data in the UF-250 database; instead, it drew conclusions based on statistical evaluations of that data.

---

[1] This years' worth of data was produced only after class certification and under court supervision to enable class counsel to contact putative class members in writing to notify them of the class action and to request their permission to be contacted otherwise.

10. Data that the NYPD did not provide to Rand Corporation included: ████

████████████████████████████████████████████████████████

████████████████

11. NYPD provided portions of the UF-250 database for 2006 to the National Archives for Criminal Justice Data ("NA") for its collection.

12. The NA has made data available to the public on its website, http://www.icpsr.umich.edu/NACJD/, subject to certain restrictions, including prohibiting the use of the data to identify any people within the database.

13. Data that NYPD Did Not Provide to NA for the website included: ████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████

14. NYPD is required by law to provide summary UF-250 data to the New York City Council. The data provided is not the electronic UF-250 database. Rather, it contains summary information derived from the database.

15. The New York Civil Liberties Union brought an Article 78 proceeding in state court, seeking the UF-250 database for 2006, the first two quarters of 2007 and any other years for which an electronic database was maintained under the Freedom of Information Law ("FOIL").

────────────────────────

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

16. Justice Diamond ordered that the data be produced but with the following redactions: the identifying data of the persons stopped and the identifying data of the officers, including the officers' tax identification numbers.

17. The City is considering whether or not it will appeal and no production has taken place to date.

18. Attached as exhibit A is a chart that represents those UF-250 database fields in dispute.

Dated:      New York, New York
            June 25, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 3-215
New York, New York 10007
(212) 788-0867

By: _____

Jennifer Rossan
Assistant Corporation Counsel

4

EXHIBIT A

DATABASE FIELDS IN DISPUTE (BASED ON THE 2006 INDEX)*

