UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DAVID FLOYD, LALIT CLARKSON and DEON
DENNIS, individually and on behalf of a class of all others
similarly situated;

                                                    Plaintiffs,

                          -against-

THE CITY OF NEW YORK; NEW YORK CITY POLICE
COMMISSIONER RAYMOND KELLY, in his individual
and official capacity; MAYOR MICHAEL
BLOOMBERG, in his individual and official capacity;
NEW YORK CITY POLICE OFFICER RODRIGUEZ, in
his individual capacity; NEW YORK CITY POLICE
OFFICER GOODMAN, in his individual capacity; NEW
YORK CITY POLICE OFFICER JANE DOE, in her
individual capacity; NEW YORK CITY POLICE
OFFICER HERNANDEZ, Shield # 15957, in his
individual capacity; NEW YORK CITY POLICE
OFFICER JOYCE, Shield # 31274, in his individual
capacity; NEW YORK CITY POLICE OFFICER KELLY,
Shield # 34759, in his individual capacity; NEW YORK
CITY POLICE OFFICER JOHN DOE #1, in his individual
capacity; NEW YORK CITY POLICE OFFICER JOHN
DOE # 2, in his individual capacity; NEW YORK CITY
POLICE OFFICER POPICHURDO, in his individual
capacity; NEW YORK CITY POLICE OFFICER
SALERNO, Shield # 7116, in his individual capacity;
NEW YORK CITY POLICE OFFICER HAYES, in his
individual capacity;

                                                    Defendants.

------------------------------------------------------------------------ x

**ANSWER TO FIRST
AMENDED CLASS ACTION
COMPLAINT ON BEHALF
OF DEFENDANT MICHAEL
COUSIN-HAYES**

08 Civ. 01034 (SAS)

Jury Trial Demanded

Defendant Police Officer Michael Cousin-Hayes,[1] by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the First Amended Class Action Complaint ("Amended Complaint"), respectfully alleges, upon information and belief, as follows:

1.     Denies the allegations set forth in paragraph "1" of the Amended Complaint, except admits that plaintiffs purport to proceed as stated therein.

2.     Denies the allegations set forth in paragraph "2" of the Amended Complaint.

3.     Denies the allegations set forth in paragraph "3" of the Amended Complaint.

4.     Denies the allegations set forth in paragraph "4" of the Amended Complaint.

5.     Denies the allegations set forth in paragraph "5" of the Amended Complaint, except admits that a lawsuit was filed in or about 1999 bearing the caption National Congress for Puerto Rican Rights v. The City of New York, et. al., case No. 99 Civ. 1695 (SAS).

6.     Denies the allegations set forth in paragraph "6" of the Amended Complaint.

7.     Denies the allegations set forth in paragraph "7" of the Amended Complaint, except admits that plaintiffs purport to proceed as stated therein.

---

[1] Defendant City of New York filed an Answer to plaintiffs' First Amended Complaint on or about May 13, 2008; defendants Mayor Michael Bloomberg and Police Commissioner Raymond Kelly filed an Answer to plaintiffs' First Amended Complaint on or about June 18, 2008; and defendants Sergeant James Kelly, Police Officer Cormac Joyce, Police Officer Eric Hernandez, Police Officer Luis Pichardo, and Police Officer Angelica Salmeron filed an Answer to plaintiffs' First Amended Complaint on or about August 21, 2008.

8.     Denies the allegations set forth in paragraph "8" of the Amended Complaint, except admits that plaintiffs purport to invoke the jurisdiction of this Court as stated therein.

9.     Denies the allegations set forth in paragraph "9" of the Amended Complaint, except admits that plaintiffs purport to proceed as stated therein.

10.     Denies the allegations set forth in paragraph "10" of the Amended Complaint, except admits that plaintiffs purport to invoke the supplemental jurisdiction of this Court as stated therein.

11.     Denies the allegations set forth in paragraph "11" of the Amended Complaint, except admits that plaintiffs purport to base venue as stated therein.

12.     Paragraph "12" of the Amended Complaint sets forth a demand for jury trial, rather than an averment of fact, and accordingly no response is required.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Amended Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Amended Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Amended Complaint.

16.     Denies the allegations set forth in paragraph "16" of the Amended Complaint, except admits that the City of New York is a municipal entity created and authorized under the laws of the State of New York, admit that the City of New York maintains a Police Department, and respectfully refers the Court to the New York City Charter and the New York City Administrative Code for a description of the City of New York's functions and duties.

17.     Denies the allegations set forth in paragraph "17" of the Amended Complaint, except admits that plaintiffs purport to proceed as stated therein and admit that Raymond Kelly is the Police Commissioner for the City of New York and respectfully refers the Court to the New York City Charter and the New York City Administrative Code for a description of the duties and functions of the New York City Police Commissioner and the New York City Police Department.

18.     Denies the allegations set forth in paragraph "18" of the Amended Complaint, except admits that plaintiffs purport to proceed as stated therein and admits that Michael Bloomberg is the Mayor of the City of New York and respectfully refers the Court to the New York City Charter and the New York City Administrative Code for a description of the duties and functions of the Mayor of New York City.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Amended Complaint, except admits that plaintiffs purport to proceed as stated therein.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Amended Complaint, except admits that plaintiffs purport to proceed as stated therein.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Amended Complaint, except admits that plaintiffs purport to proceed as stated therein.

22.     Denies the allegations set forth in paragraph "22" of the Amended Complaint, except admits that an individual named Eric Hernandez is employed by the City of New York as a police officer and admits that plaintiffs purport to proceed as stated therein.

23.     Denies the allegations set forth in paragraph "23" of the Amended Complaint, except admits that an individual named Cormac Joyce is employed by the City of New York as a police officer and admits that plaintiffs purport to proceed as stated therein.

24.     Denies the allegations set forth in paragraph "24" of the Amended Complaint, except admits that an individual named James Kelly is employed by the City of New York as a police officer and admits that plaintiffs purport to proceed as stated therein.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Amended Complaint, except admits that plaintiffs purport to proceed as stated therein.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Amended Complaint, except admits that plaintiffs purport to proceed as stated therein.

27.     Denies the allegations set forth in paragraph "27" of the Amended Complaint, except admits that an individual named Luis Pichardo is employed by the City of New York as a police officer and admit that plaintiffs purport to proceed as stated therein.

28.     Denies the allegations set forth in paragraph "28" of the Amended Complaint, except admits that an individual named Angelica Salmeron is employed by the City of New York as a police officer and admits that plaintiffs purport to proceed as stated therein.

29.     Denies the allegations set forth in paragraph "29" of the Amended Complaint, except admits that an individual named Michael Cousin-Hayes is employed by the City of New York as a police officer and admits that plaintiffs purport to proceed as stated therein.

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Amended Complaint, except admits that individuals named Cormac Joyce, Eric Hernandez, James Kelly, Luis Pichardo, Michael CousinHayes, and Angelica Salmeron are employed by the City of New York as police officers and admits that plaintiffs purport to proceed as stated therein.

31.    Denies the allegations set forth in paragraph "31" of the Amended Complaint.

32.    Denies the allegations set forth in paragraph "32" of the Amended Complaint.

33.    Denies the allegations set forth in paragraph "33" of the Amended Complaint, except admits that plaintiffs purport to proceed as stated therein.

34.    Denies the allegations set forth in paragraph "34" of the Amended Complaint.

35.    Denies the allegations set forth in paragraph "35" of the Amended Complaint.

36.    Denies the allegations set forth in paragraph "36" of the Amended Complaint and its subparts.

37.    Denies the allegations set forth in paragraph "37" of the Amended Complaint.

38.    Denies the allegations set forth in paragraph "38" of the Amended Complaint.

39.    Denies the allegations set forth in paragraph "39" of the Amended Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Amended Complaint, except admits that the named plaintiffs are represented by Kamau Franklin and Darius Charney of the Center for Constitutional Rights and Jonathan Moore of the law firm Beldock, Levine & Hoffman, LLP.

41.     Denies the allegations set forth in paragraph "41" of the Amended Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Amended Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Amended Complaint.

44.     Denies the allegations set forth in paragraph "44" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the officers' actions, plaintiff's actions, and communications between plaintiff and the officers.

45.     Denies the allegations set forth in paragraph "45" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements plaintiff made to the officers.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Amended Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Amended Complaint.

48.     Denies the allegations set forth in paragraph "48" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's observations.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Amended Complaint, except denies the allegations that plaintiff Floyd was unlawfully stopped, questioned and frisked by NYPD officers in February 2008.

50.     Denies the allegations set forth in paragraph "50" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the officers' actions, plaintiff's actions, and communications between plaintiff and the officers.

51.     Denies  knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Amended Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Amended Complaint.

53.     Denies the allegations set forth in paragraph "53" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's observations.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Amended Complaint.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Amended Complaint.

56.    Denies the allegations set forth in paragraph "56" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the officers' actions, plaintiff's actions, and communications between plaintiff and the officers.

57.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Amended Complaint.

58.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Amended Complaint.

59.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Amended Complaint.

60.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Amended Complaint.

61.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Amended Complaint.

62.    Denies the allegations set forth in paragraph "62" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's observations.

63.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Amended Complaint.

64.    Denies the allegations set forth in paragraph "64" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the officers' actions, plaintiff's actions, and communications between plaintiff and the officers.

65.    Denies the allegations set forth in paragraph "65" of the Amended Complaint.

66.    Denies the allegations set forth in paragraph "66" of the Amended Complaint, except admits that plaintiff provided one of the officers with an identification and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the officers' actions, plaintiff's actions, and communications between plaintiff and the officers.

67.    Denies the allegations set forth in paragraph "67" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the officers' actions and communications between plaintiff and the officers.

68.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Amended Complaint.

69.    Denies the allegations set forth in paragraph "69" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the officers' actions, plaintiff's actions, and communications between plaintiff and the officers.

70.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the Amended Complaint.

71.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the Amended Complaint.

72.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the Amended Complaint.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the Amended Complaint.

74.     Denies the allegations set forth in paragraph "74" of the Amended Complaint.

75.     Denies the allegations set forth in paragraph "75" of the Amended Complaint.

76.     Denies the allegations set forth in paragraph "76" of the Amended Complaint.

77.     Denies the allegations set forth in paragraph "77" of the Amended Complaint.

78.     Denies the allegations set forth in paragraph "78" of the Amended Complaint.

79.     Denies the allegations set forth in paragraph "79" of the Amended Complaint.

80.     Denies the allegations set forth in paragraph "80" of the Amended Complaint.

81.     Denies the allegations set forth in paragraph "81" of the Amended Complaint, except admits that the Office of the Attorney General ("OAG") released a report related to the NYPD's stop and frisk practices for the period of January 1, 1998 through March 31, 1999.

82.     Denies the allegations set forth in paragraph "82" of the Amended Complaint, except admits that in or about 1999 a lawsuit was filed bearing the caption National Congress for Puerto Rican Rights v. The City of New York, et. al., case No. 99 Civ. 1695 (SAS).

83.     Denies the allegations set forth in paragraph "83" of the Amended Complaint, except admits that a settlement was reached in <u>Daniels</u>.

84.     Denies the allegations set forth in paragraph "84" of the Amended Complaint.

85.     Denies the allegations set forth in paragraph "85" of the Amended Complaint.

86.     Denies the allegations set forth in paragraph "86" of the Amended Complaint.

87.     Denies the allegations set forth in paragraph "87" of the Amended Complaint.

88.     Denies the allegations set forth in paragraph "88" of the Amended Complaint.

89.     Denies the allegations set forth in paragraph "89" of the Amended Complaint.

90.     Denies the allegations set forth in paragraph "90" of the Amended Complaint.

91.     Denies the allegations set forth in paragraph "91" of the Amended Complaint.

92.     Denies the allegations set forth in paragraph "92" of the Amended Complaint.

93.     Denies the allegations set forth in paragraph "93" of the Amended Complaint.

94.    Denies the allegations set forth in paragraph "94" of the Amended Complaint.

95.    Defendants state that the allegations set forth in paragraph "95" of the Amended Complaint are conclusions of law rather than averments of fact to which no response is required.   To the extent a response is required, defendant denies the allegations set forth in paragraph "95" of the Amended Complaint and respectfully refers the Court to the United States Constitution and applicable case law for its full content and meaning.

96.    Denies the allegations set forth in paragraph "96" of the Amended Complaint.

97.    Denies the allegations set forth in paragraph "97" of the Amended Complaint.

98.    Denies the allegations set forth in paragraph "98" of the Amended Complaint.

99.    Denies the allegations set forth in paragraph "99" of the Amended Complaint.

100.    Denies the allegations set forth in paragraph "100" of the Amended Complaint, and its subparts.

101.    Denies the allegations set forth in paragraph "101" of the Amended Complaint.

102.    Denies the allegations set forth in paragraph "102" of the Amended Complaint.

103.    Denies the allegations set forth in paragraph "103" of the Amended Complaint.

104.     Denies the allegations set forth in paragraph "104" of the Amended Complaint.

105.     Denies the allegations set forth in paragraph "105" of the Amended Complaint.

106.     Denies the allegations set forth in paragraph "106" of the Amended Complaint.

107.     Denies the allegations set forth in paragraph "107" of the Amended Complaint.

108.     In response to the allegations set forth in paragraph "108" of the Amended Complaint, defendant repeats and realleges paragraphs "1" through "107" of this answer as if fully set forth herein.

109.     Denies the allegations set forth in paragraph "109" of the Amended Complaint.

110.     Denies the allegations set forth in paragraph "110" of the Amended Complaint.

111.     Denies the allegations set forth in paragraph "111" of the Amended Complaint.

112.     Denies the allegations set forth in paragraph "112" of the Amended Complaint.

113.     Denies the allegations set forth in paragraph "113" of the Amended Complaint.

114.    In response to the allegations set forth in paragraph "114" of the Amended Complaint, defendant repeats and realleges paragraphs "1" through "113" of this answer as if fully set forth herein.

115.    Denies the allegations set forth in paragraph "115" of the Amended Complaint.

116.    Denies the allegations set forth in paragraph "116" of the Amended Complaint.

117.    Denies the allegations set forth in paragraph "117" of the Amended Complaint.

118.    Denies the allegations set forth in paragraph "118" of the Amended Complaint.

119.    In response to the allegations set forth in paragraph "119" of the Amended Complaint, defendant repeats and realleges paragraphs "1" through "118" of this answer as if fully set forth herein.

120.    Denies the allegations set forth in paragraph "120" of the Amended Complaint.

121.    Denies the allegations set forth in paragraph "121" of the Amended Complaint.

122.    Denies the allegations set forth in paragraph "122" of the Amended Complaint.

123.    In response to the allegations set forth in paragraph "123" of the Amended Complaint, defendant repeats and realleges paragraphs "1" through "122" of this answer as if fully set forth herein.

124.    Denies the allegations set forth in paragraph "124" of the Amended Complaint.

125.    Denies the allegations set forth in paragraph "125" of the Amended Complaint.

126.    Denies the allegations set forth in paragraph "126" of the Amended Complaint.

127.    Denies the allegations set forth in paragraph "127" of the Amended Complaint.

128.    In response to the allegations set forth in paragraph "128" of the Amended Complaint, defendant repeats and realleges paragraphs "1" through "127" of this answer as if fully set forth herein.

129.    Denies the allegations set forth in paragraph "129" of the Amended Complaint.

130.    Denies the allegations set forth in paragraph "130" of the Amended Complaint.

131.    Denies the allegations set forth in paragraph "131" of the Amended Complaint.

132.    Denies the allegations set forth in paragraph "132" of the Amended Complaint.

133.    In response to the allegations set forth in paragraph "133" of the Amended Complaint, defendant repeats and realleges paragraphs "1" through "132" of this answer as if fully set forth herein.

134.    Denies the allegations set forth in paragraph "134" of the Amended Complaint.

135.    Denies the allegations set forth in paragraph "135" of the Amended Complaint.

136.    Denies the allegations set forth in paragraph "136" of the Amended Complaint.

137.    Denies the allegations set forth in paragraph "137" of the Amended Complaint.

138.    In response to the allegations set forth in paragraph "138" of the Amended Complaint, defendant repeats and realleges paragraphs "1" through "137" of this answer as if fully set forth herein.

139.    Denies the allegations set forth in paragraph "139" of the Amended Complaint.

140.    Denies the allegations set forth in paragraph "140" of the Amended Complaint.

141.    Denies the allegations set forth in paragraph "141" of the Amended Complaint.

142.    In response to the allegations set forth in paragraph "142" of the Amended Complaint, defendant repeats and realleges paragraphs "1" through "141" of this answer as if fully set forth herein.

143.    Denies the allegations set forth in paragraph "143" of the Amended Complaint, and its subparts.

144.    Denies the allegations set forth in paragraph "144" of the Amended Complaint, and its subparts.

145.    Denies the allegations set forth in paragraph "145" of the Amended Complaint.

146.    Denies the allegations set forth in paragraph "146" of the Amended Complaint.

147.    In response to the allegations set forth in paragraph "147" of the Amended Complaint, defendant repeats and realleges paragraphs "1" through "146" of this answer as if fully set forth herein.

148.    Denies the allegations set forth in paragraph "148" of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

149.    The Amended Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

150.    Defendant Police Officer Michael Cousin-Hayes, has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

151.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

152.    Plaintiffs' claims are barred, in whole or in part, by the applicable limitations period.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

153.    Plaintiffs have failed to comply, in whole or in part, with conditions precedent to suit under state law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

154.    To the extent applicable, there was probable cause for plaintiffs' arrests.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

155.    To the extent applicable, there was reasonable suspicion for plaintiffs' detentions and/or frisks conducted of plaintiffs.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

156.    Defendant Police Officer Michael Cousin-Hayes has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

157.    Plaintiffs' claims are barred by the doctrines of *res judicata* and collateral estoppel.

**WHEREFORE,** defendant Police Officer Michael Cousin-Hayes requests judgment dismissing the Amended Complaint, in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          August 22, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants City of New York, Police
                              Commissioner Raymond Kelly, Mayor Michael
                              Bloomberg, Sergeant James Kelly, Police Officer
                              Cormac Joyce, Police Officer Eric Hernandez,
                              Police Officer Luis Pichardo, Police Officer
                              Angelica Salmeron, and Police Officer Michael
                              Cousin-Hayes
                              100 Church Street
                              New York, New York 10007
                              (212) 788-8084

                        By:   _David Hazan_____
                              David M. Hazan (DH-8611)
                              Assistant Corporation Counsel
                              Special Federal Litigation Division

To:    **Via ECF and First Class Mail**
       Darius Charney, Esq.
       Center for Constitutional Rights
       666 Broadway, 7th Floor
       New York, NY 10012

Docket No. 08 Civ. 01034 (SAS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID FLOYD, LALIT CLARKSON and DEON
DENNIS, individually and on behalf of a class of
all others similarly situated;

Plaintiffs,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

## ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANT MICHAEL COUSIN-HAYES

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, Mayor*
*Michael Bloomberg, and Police Commissioner*
*Raymond Kelly, James Kelly, Cormac Joyce, Eric*
*Hernandez, Luis Pichardo, Angelica Salmeron, and*
*Michael Cousin-Hayes*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: David M. Hazan*
*Tel: (212) 788-8084*

*Due and timely service is hereby admitted.*

*New York, N.Y. .......................................... ,2008*

*.................................................................. Esq.*

*Attorney for ........................................................*

- 21 -