UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

DAVID FLOYD, LALIT CLARKSON, DEON DENNIS,
and David Ourlicht, individually and on behalf of a class of
all others similarly situated;

Plaintiffs,

-against-

THE CITY OF NEW YORK; NEW YORK CITY POLICE
COMMISSIONER RAYMOND KELLY, in his individual
and official capacity; MAYOR MICHAEL
BLOOMBERG, in his individual and official capacity;
NEW YORK CITY POLICE OFFICER RODRIGUEZ, in
his individual capacity; NEW YORK CITY POLICE
OFFICER GOODMAN, in his individual capacity; NEW
YORK CITY POLICE OFFICER JANE DOE, in her
individual capacity; NEW YORK CITY POLICE
OFFICER ERIC HERNANDEZ, Shield # 15957, in his
individual capacity; NEW YORK CITY POLICE
OFFICER CORMAC JOYCE, Shield # 31274, in his
individual capacity; NEW YORK CITY POLICE
SERGEANT JAMES KELLY, Shield # 92145, in his
individual capacity; NEW YORK CITY POLICE
OFFICER LUIS PICHARDO, Shield # 00794, in his
individual capacity; NEW YORK CITY POLICE
OFFICER ANGELICA SALMERON, Shield # 7116, in
her individual capacity; NEW YORK CITY POLICE
OFFICER MICHAEL COUSIN HAYES, Shield # 3487, in
his individual capacity; NEW YORK CITY POLICE
OFFICER CHRISTOPHER MORAN, in his individual
capacity; and NEW YORK CITY POLICE OFFICERS
JOHN DOES # 1 through #11, in their individual
capacities;

Defendants.

------------------------------------------------------------------------ x

**ANSWER TO SECOND
AMENDED CLASS ACTION
COMPLAINT ON BEHALF
OF DEFENDANT
CHRISTOPHER MORAN**

08 Civ. 01034 (SAS)

Jury Trial Demanded

Defendant Christopher Moran,[1] by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the Second Amended Class Action Complaint ("Second Amended Complaint"), respectfully alleges, upon information and belief, as follows:

1.      Denies the allegations set forth in paragraph "1" of the Second Amended Complaint, except admits that plaintiffs purport to proceed as stated therein.

2.      Denies the allegations set forth in paragraph "2" of the Second Amended Complaint.

3.      Denies the allegations set forth in paragraph "3" of the Second Amended Complaint.

4.      Denies the allegations set forth in paragraph "4" of the Second Amended Complaint.

5.      Denies the allegations set forth in paragraph "5" of the Second Amended Complaint, except admits that a lawsuit was filed in or about 1999 bearing the caption National Congress for Puerto Rican Rights v. The City of New York, et. al., Case No. 99 Civ. 1695 (SAS).

6.      Denies the allegations set forth in paragraph "6" of the Second Amended Complaint.

7.      Denies the allegations set forth in paragraph "7" of the Second Amended Complaint, except admits that plaintiffs purport to proceed as stated therein.

---

[1]    Defendants City of New York, Mayor Michael Bloomberg, New York City Police Commissioner Raymond Kelly, Sergeant James Kelly, Police Officer Cormac Joyce, Police Officer Eric Hernandez, Police Officer Luis Pichardo, Police Officer Angelica Salmeron, and Police Officer Michael Cousin-Hayes filed their Answer to the Second Amended Complaint on or about October 26, 2008.

8.      Denies the allegations set forth in paragraph "8" of the Second Amended Complaint, except admits that plaintiffs purport to invoke the jurisdiction of this Court as stated therein.

9.      Denies the allegations set forth in paragraph "9" of the Second Amended Complaint, except admits that plaintiffs purport to proceed as stated therein.

10.     Denies the allegations set forth in paragraph "10" of the Second Amended Complaint, except admits that plaintiffs purport to invoke the supplemental jurisdiction of this Court as stated therein.

11.     Denies the allegations set forth in paragraph "11" of the Second Amended Complaint, except admits that plaintiffs purport to base venue as stated therein.

12.     Paragraph "12" of the Second Amended Complaint sets forth a demand for jury trial, rather than an averment of fact, and accordingly no response is required.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the  Second Amended Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Second Amended Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Second Amended Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Second Amended Complaint.

17.     Denies the allegations set forth in paragraph "17" of the Second Amended Complaint, except admits that the City of New York is a municipal entity created and authorized under the laws of the State of New York, admits that the City of New York maintains a Police

Department, and respectfully refers the Court to the New York City Charter and the New York City Administrative Code for a description of the City of New York's functions and duties.

18.     Denies the allegations set forth in paragraph "18" of the Second Amended Complaint, except admits that plaintiffs purport to proceed as stated therein and admits that Raymond Kelly is the Police Commissioner for the City of New York and respectfully refers the Court to the New York City Charter and the New York City Administrative Code for a description of the duties and functions of the New York City Police Commissioner and the New York City Police Department.

19.     Denies the allegations set forth in paragraph "19" of the Second Amended Complaint, except admits that plaintiffs purport to proceed as stated therein and admits that Michael Bloomberg is the Mayor of the City of New York and respectfully refers the Court to the New York City Charter and the New York City Administrative Code for a description of the duties and functions of the Mayor of New York City.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Second Amended Complaint, except admits that plaintiffs purport to proceed as stated therein.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Second Amended Complaint, except admits that plaintiffs purport to proceed as stated therein.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Second Amended Complaint, except admits that plaintiffs purport to proceed as stated therein.

23.     Denies the allegations set forth in paragraph "23" of the Second Amended Complaint, except admits that an individual named Eric Hernandez is employed by the City of New York as a police officer and admits that plaintiffs purport to proceed as stated therein.

24.     Denies the allegations set forth in paragraph "24" of the Second Amended Complaint, except admits that an individual named Cormac Joyce is employed by the City of New York as a police officer and admits that plaintiffs purport to proceed as stated therein.

25.     Denies the allegations set forth in paragraph "25" of the Second Amended Complaint, except admits that an individual named James Kelly is employed by the City of New York as a police officer and admits that plaintiffs purport to proceed as stated therein.

26.     Denies the allegations set forth in paragraph "26" of the Second Amended Complaint, except admits that an individual named Luis Pichardo is employed by the City of New York as a police officer and admits that plaintiffs purport to proceed as stated therein.

27.     Denies the allegations set forth in paragraph "27" of the Second Amended Complaint, except admits that an individual named Angelica Salmeron is employed by the City of New York as a police officer and admits that plaintiffs purport to proceed as stated therein.

28.     Denies the allegations set forth in paragraph "28" of the Second Amended Complaint, except admits that an individual named Michael Cousin-Hayes is employed by the City of New York as a police officer and admits that plaintiffs purport to proceed as stated therein.

29.     Denies the allegations set forth in paragraph "29" of the Second Amended Complaint, except admits that an individual named Christopher Moran is employed by the City of New York as a police officer and admits that plaintiffs purport to proceed as stated therein.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Second Amended Complaint, except admits that plaintiffs purport to proceed as stated therein.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Second Amended Complaint, except admits that individuals named Cormac Joyce, Eric Hernandez, James Kelly, Luis Pichardo, Michael CousinHayes, Angelica Salmeron, and Christopher Moran are employed by the City of New York as police officers and admits that plaintiffs purport to proceed as stated therein.

32.     Denies the allegations set forth in paragraph "32" of the Second Amended Complaint.

33.     Denies the allegations set forth in paragraph "33" of the Second Amended Complaint.

34.     Denies the allegations set forth in paragraph "34" of the Second Amended Complaint, except admits that plaintiffs purport to proceed as stated therein.

35.     Denies the allegations set forth in paragraph "35" of the Second Amended Complaint.

36.     Denies the allegations set forth in paragraph "36" of the Second Amended Complaint.

37.     Denies the allegations set forth in paragraph "37" of the Second Amended Complaint and its subparts.

38.     Denies the allegations set forth in paragraph "38" of the Second Amended Complaint.

39.     Denies the allegations set forth in paragraph "39" of the Second Amended Complaint.

40.     Denies the allegations set forth in paragraph "40" of the Second Amended Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Second Amended Complaint, except admits that the named plaintiffs are represented by the Center for Constitutional Rights and Jonathan Moore of the law firm Beldock, Levine & Hoffman, LLP.

42.     Denies the allegations set forth in paragraph "42" of the Second Amended Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Second Amended Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Second Amended Complaint.

45.     Denies the allegations set forth in paragraph "45" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the officers' actions, plaintiff's actions, and communications between plaintiff and the officers.

46.     Denies the allegations set forth in paragraph "46" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements plaintiff made to the officers.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Second Amended Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Second Amended Complaint.

49.     Denies the allegations set forth in paragraph "49" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's observations.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Second Amended Complaint, except denies the allegations that plaintiff Floyd was unlawfully stopped, questioned and frisked by NYPD officers in February 2008.

51.     Denies the allegations set forth in paragraph "51" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the officers' actions, plaintiff's actions, and communications between plaintiff and the officers.

52.     Denies  knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Second  Amended Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Second Amended Complaint.

54.     Denies the allegations set forth in paragraph "54" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's observations.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Second Amended Complaint.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Second Amended Complaint.

57.     Denies the allegations set forth in paragraph "56" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the officers' actions, plaintiff's actions, and communications between plaintiff and the officers.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Second Amended Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Second Amended Complaint.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Second Amended Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Second Amended Complaint.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Second Amended Complaint.

63.     Denies the allegations set forth in paragraph "63" of the Second Amended Complaint, except Denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's observations.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Second Amended Complaint.

65.     Denies the allegations set forth in paragraph "65" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of

the allegations regarding the officers' actions, plaintiff's actions, and communications between plaintiff and the officers.

66.    Denies the allegations set forth in paragraph "66" of the Second Amended Complaint.

67.    Denies the allegations set forth in paragraph "66" of the Second Amended Complaint, except admits that plaintiff provided one of the officers with an identification and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the officers' actions, plaintiff's actions, and communications between plaintiff and the officers.

68.    Denies the allegations set forth in paragraph "68" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the officers' actions and communications between plaintiff and the officers.

69.    Denies the allegations set forth in paragraph "69" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the officers' actions.

70.    Denies the allegations set forth in paragraph "70" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the officers' actions, plaintiff's actions, and communications between plaintiff and the officers.

71.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the Second Amended Complaint, except admits that Defendant Cousin-Hayes was not present at the scene of plaintiff Dennis' arrest.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the Second Amended Complaint.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the Second Amended Complaint.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the Second Amended Complaint.

75.     Denies the allegations set forth in paragraph "75" of the Second Amended Complaint.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the Second Amended Complaint.

77.     Denies the allegations set forth in paragraph "77" of the Second Amended Complaint.

78.     Denies the allegations set forth in paragraph "78" of the Second Amended Complaint, except admit that Officer Moran told  plaintiff that he thought plaintiff might have a gun or a weapon and that plaintiff was acting suspicious.

79.     Denies the allegations set forth in paragraph "79" of the Second Amended Complaint, except admits that plaintiff told Defendant Moran that he was a student at St. John's University and admits that plaintiff was patted down.

80.     Denies the allegations set forth in paragraph "80" of the Second Amended Complaint, except admits that plaintiff provided an identification card, and denies knowledge or information regarding whether plaintiff wrote down defendant Moran's badge number and vehicle number.

81.     Denies the allegations set forth in paragraph "81" of the Second Amended Complaint, except admits that Defendants John Does # 3 and # 4 arrived at the scene after plaintiff was sitting down on the sidewalk.

82.     Denies the allegations set forth in paragraph "81" of the Second Amended Complaint, except admits that Defendant Moran returned to his vehicle, asked plaintiff for his address., and issued plaintiff a summons for disorderly conduct/

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the Second Amended Complaint.

84.     Denies the allegations set forth in paragraph "84" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's observations.

85.     Denies the allegations set forth in paragraph "85" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the officers' actions, plaintiff's actions, and communications between plaintiff and the officers.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "86" of the Second Amended Complaint.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the Second Amended Complaint.

88.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the Second Amended Complaint.

89.     Denies the allegations set forth in paragraph "89" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's observations.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the Second Amended Complaint.

91.     Denies the allegations set forth in paragraph "91" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the officers' actions, plaintiff's actions, and communications between plaintiff and the officers.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the Second Amended Complaint.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "93" of the Second Amended Complaint.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the Second Amended Complaint.

95.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "95" of the Second Amended Complaint.

96.     Denies the allegations set forth in paragraph "96" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's observations.

97.     Denies the allegations set forth in paragraph "97" of the Second Amended Complaint.

98.    Denies the allegations set forth in paragraph "98" of the Second Amended Complaint.

99.    Denies the allegations set forth in paragraph "99" of the Second Amended Complaint.

100.    Denies the allegations set forth in paragraph "100" of the Second Amended Complaint.

101.    Denies the allegations set forth in paragraph "101" of the Second Amended Complaint.

102.    Denies the allegations set forth in paragraph "102" of the Second Amended Complaint.

103.    Denies the allegations set forth in paragraph "103" of the Second Amended Complaint, except admits that the Office of the Attorney General ("OAG") released a report related to the NYPD's stop and frisk practices for the period of January 1, 1998 through March 31, 1999.

104.    Denies the allegations set forth in paragraph "104" of the Second Amended Complaint, except admits that in or about 1999 a lawsuit was filed bearing the caption National Congress for Puerto Rican Rights v. The City of New York, et. al., Case No. 99 Civ. 1695 (SAS).

105.    Denies the allegations set forth in paragraph "105" of the Second Amended Complaint, except admits that a settlement was reached in Daniels.

106.    Denies the allegations set forth in paragraph "106" of the Second Amended Complaint.

107.   Denies the allegations set forth in paragraph "107" of the Second Amended Complaint.

108.   Denies the allegations set forth in paragraph "108" of the Second Amended Complaint.

109.   Denies the allegations set forth in paragraph "109" of the Second Amended Complaint.

110.   Denies the allegations set forth in paragraph "110" of the Second Amended Complaint.

111.   Denies the allegations set forth in paragraph "111" of the Second Amended Complaint.

112.   Denies the allegations set forth in paragraph "112" of the Second Amended Complaint.

113.   Denies the allegations set forth in paragraph "113" of the Second Amended Complaint.

114.   Denies the allegations set forth in paragraph "114" of the Second Amended Complaint.

115.   Denies the allegations set forth in paragraph "115" of the Second Amended Complaint.

116.   Denies the allegations set forth in paragraph "116" of the Second Amended Complaint.

117.   Defendants state that the allegations set forth in paragraph "117" of the Second Amended Complaint are conclusions of law rather than averments of fact to which no response is required.  To the extent a response is required, defendant denies the allegations set

forth in paragraph "117" of the Second Amended Complaint and respectfully refers the Court to the United States Constitution and applicable case law for its full content and meaning.

118.    Denies the allegations set forth in paragraph "118" of the Second Amended Complaint.

119.    Denies the allegations set forth in paragraph "119" of the Second Amended Complaint.

120.    Denies the allegations set forth in paragraph "120" of the Second Amended Complaint.

121.    Denies the allegations set forth in paragraph "121" of the Second Amended Complaint.

122.    Denies the allegations set forth in paragraph "122" of the Second Amended Complaint, and its subparts.

123.    Denies the allegations set forth in paragraph "123" of the Second Amended Complaint.

124.    Denies the allegations set forth in paragraph "124" of the Second Amended Complaint.

125.    Denies the allegations set forth in paragraph "125" of the Second Amended Complaint.

126.    Denies the allegations set forth in paragraph "126" of the Second Amended Complaint.

127.    Denies the allegations set forth in paragraph "127" of the Second Amended Complaint.

128.   Denies the allegations set forth in paragraph "128" of the Second Amended Complaint.

129.   Denies the allegations set forth in paragraph "129" of the Second Amended Complaint.

130.   In response to the allegations set forth in paragraph "130" of the Second Amended Complaint, defendants repeat and reallege paragraphs "1" through "129" of this answer as if fully set forth herein.

131.   Denies the allegations set forth in paragraph "131" of the Second Amended Complaint.

132.   Denies the allegations set forth in paragraph "132" of the Second Amended Complaint.

133.   Denies the allegations set forth in paragraph "133" of the Second Amended Complaint.

134.   Denies the allegations set forth in paragraph "134" of the Second Amended Complaint.

135.   Denies the allegations set forth in paragraph "135" of the Second Amended Complaint.

136.   In response to the allegations set forth in paragraph "136" of the Second Amended Complaint, defendants repeat and reallege paragraphs "1" through "135" of this answer as if fully set forth herein.

137.   Denies the allegations set forth in paragraph "137" of the Second Amended Complaint.

138.   Denies the allegations set forth in paragraph "138" of the Second Amended Complaint.

139.   Denies the allegations set forth in paragraph "139" of the Second Amended Complaint.

140.   Denies the allegations set forth in paragraph "140" of the Second Amended Complaint.

141.   In response to the allegations set forth in paragraph "141" of the Second Amended Complaint, defendants repeat and reallege paragraphs "1" through "140" of this answer as if fully set forth herein.

142.   Denies the allegations set forth in paragraph "142" of the Second Amended Complaint.

143.   Denies the allegations set forth in paragraph "143" of the Second Amended Complaint.

144.   Denies the allegations set forth in paragraph "144" of the Second Amended Complaint.

145.   In response to the allegations set forth in paragraph "145" of the Second Amended Complaint, defendants repeat and reallege paragraphs "1" through "144" of this answer as if fully set forth herein.

146.   Denies the allegations set forth in paragraph "146" of the Second Amended Complaint.

147.   Denies the allegations set forth in paragraph "147" of the Second Amended Complaint.

148.    Denies the allegations set forth in paragraph "148" of the Second Amended Complaint.

149.    Denies the allegations set forth in paragraph "149" of the Second Amended Complaint.

150.    In response to the allegations set forth in paragraph "150" of the Second Amended Complaint, defendants repeat and reallege paragraphs "1" through "149" of this answer as if fully set forth herein.

151.    Denies the allegations set forth in paragraph "151" of the Second Amended Complaint.

152.    Denies the allegations set forth in paragraph "152" of the Second Amended Complaint.

153.    Denies the allegations set forth in paragraph "153" of the Second Amended Complaint.

154.    Denies the allegations set forth in paragraph "154" of the Second Amended Complaint.

155.    In response to the allegations set forth in paragraph "155" of the Second Amended Complaint, defendants repeat and reallege paragraphs "1" through "155" of this answer as if fully set forth herein.

156.    Denies the allegations set forth in paragraph "156" of the Second Amended Complaint.

157.    Denies the allegations set forth in paragraph "157" of the Second Amended Complaint.

158.    Denies the allegations set forth in paragraph "158" of the Second Amended Complaint.

159.    Denies the allegations set forth in paragraph "159" of the Second Amended Complaint.

160.    In response to the allegations set forth in paragraph "160" of the Second Amended Complaint, defendants repeat and reallege paragraphs "1" through "160" of this answer as if fully set forth herein.

161.    Denies the allegations set forth in paragraph "161" of the Second Amended Complaint.

162.    Denies the allegations set forth in paragraph "162" of the Second Amended Complaint.

163.    Denies the allegations set forth in paragraph "163" of the Second Amended Complaint.

164.    Denies the allegations set forth in paragraph "164" of the Second Amended Complaint.

165.    In response to the allegations set forth in paragraph "165" of the Second Amended Complaint, defendants repeat and reallege paragraphs "1" through "164" of this answer as if fully set forth herein.

166.    Denies the allegations set forth in paragraph "166" of the Second Amended Complaint.

167.    Denies the allegations set forth in paragraph "168" of the Second Amended Complaint.

168.    Denies the allegations set forth in paragraph "164" of the Second Amended Complaint.

169.    In response to the allegations set forth in paragraph "169" of the Second Amended Complaint, defendants repeat and reallege paragraphs "1" through "168" of this answer as if fully set forth herein.

170.    Denies the allegations set forth in paragraph "170" of the Second Amended Complaint, and its subparts.

171.    Denies the allegations set forth in paragraph "171" of the Second Amended Complaint, and its subparts.

172.    Denies the allegations set forth in paragraph "172" of the Second Amended Complaint.

173.    Denies the allegations set forth in paragraph "173" of the Second Amended Complaint.

174.    In response to the allegations set forth in paragraph "174" of the Second Amended Complaint, defendants repeat and reallege paragraphs "1" through "173" of this answer as if fully set forth herein.

175.    Denies the allegations set forth in paragraph "175" of the Second Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

176.    The Second Amended Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

177.    Defendant Police Officer Christopher Moran, has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New

York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

178.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

179.    Plaintiffs' claims are barred, in whole or in part, by the applicable limitations period.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

180.    Plaintiffs have failed to comply, in whole or in part, with conditions precedent to suit under state law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

181.    To the extent applicable, there was probable cause for plaintiffs' arrests.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

182.    To the extent applicable, there was reasonable suspicion for plaintiffs' detentions and/or frisks conducted of plaintiffs.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

183.    Defendant Police Officer Christopher Moran has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

184.    Plaintiffs' claims are barred by the doctrines of *res judicata* and collateral estoppel.

**WHEREFORE,** defendant Police Officer Christopher Moran requests judgment dismissing the Second Amended Complaint, in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                November 12, 2008

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                        City of New York
                                    Attorney for Defendants City of New York, Mayor
                                    Michael Bloomberg, New York City Police
                                    Commissioner Raymond Kelly, Sergeant James
                                    Kelly, Police Officer Cormac Joyce, Police Officer
                                    Eric Hernandez, Police Officer Luis Pichardo,
                                    Police Officer Angelica Salmeron,  Police Officer
                                    Michael Cousin-Hayes, and Police Officer
                                    Christopher Moran
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 788-8084

                          By:       David M. Hazan
                                    David M. Hazan (DH-8611)
                                    Senior Counsel
                                    Special Federal Litigation Division

To:     **Via ECF and First Class Mail**
        Darius Charney, Esq.
         Center for Constitutional Rights
        666 Broadway, 7th Floor
        New York, NY 10012

Docket No. 08 Civ. 01034 (SAS)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID FLOYD, LALIT CLARKSON, DEON
DENNIS, and David Ourlicht, individually and on
behalf of a class of all others similarly situated;

Plaintiffs,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

---

### ANSWER TO SECOND AMENDED COMPLAINT

---

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, Mayor*
*Michael Bloomberg, and Police Commissioner*
*Raymond Kelly, James Kelly, Cormac Joyce, Eric*
*Hernandez, Luis Pichardo, Angelica Salmeron,*
*Christopher Moran, and Michael Cousin-Hayes*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: David M. Hazan*
*Tel: (212) 788-8084*

---

*Due and timely service is hereby Admitsted.*

*New York, N.Y. .........................................,2008*

*.................................................................... Esq.*

*Attorney for .......................................................*

- 24 -