USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/13/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

DAVID FLOYD, LALIT CLARKSON, DEON DENNIS, and DAVID OURLICHT, individually and on behalf of a class of all others similarly situated;

                                                 Plaintiffs,

-against-

THE CITY OF NEW YORK; NEW YORK CITY POLICE COMMISSIONER RAYMOND KELLY, in his individual and official capacity; MAYOR MICHAEL BLOOMBERG, in his individual and official capacity; NEW YORK CITY POLICE OFFICER RODRIGUEZ, in his individual capacity; NEW YORK CITY POLICE OFFICER GOODMAN, in his individual capacity; NEW YORK CITY POLICE OFFICER JANE DOE, in her individual capacity; NEW YORK CITY POLICE OFFICER ERIC HERNANDEZ, Shield # 15957, in his individual capacity; NEW YORK CITY POLICE OFFICER CORMAC JOYCE, Shield # 31274, in his individual capacity; NEW YORK CITY POLICE SERGEANT JAMES KELLY, Shield # 92145, in his individual capacity; NEW YORK CITY POLICE OFFICER LUIS PICHARDO, Shield # 00794, in his individual capacity; NEW YORK CITY POLICE OFFICER ANGELICA SALMERON, Shield # 7116, in her individual capacity; NEW YORK CITY POLICE OFFICER MICHAEL COUSIN HAYES, Shield # 3487, in his individual capacity; NEW YORK CITY POLICE OFFICER CHRISTOPHER MORAN, in his individual capacity; and NEW YORK CITY POLICE OFFICERS JOHN DOES # 1 through #11, in their individual capacities;

                                                 Defendants.

---------------------------------------------------------------x

**STIPULATION AND PROTECTIVE ORDER**

08 Civ. 01034 (SAS)

**WHEREAS,** plaintiffs David Floyd, Lalit Clarkson, Deon Dennis, and David Ourlicht have sought certain information and documents from defendants in discovery in this action, information and documents which defendants deem confidential, and;

**WHEREAS,** defendants object to the production of the discovery unless appropriate protection for its confidentiality is assured, and;

**WHEREAS,** good cause exists for the entry of this order, and;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and among the attorneys for plaintiffs and defendants, as follows:

1. As used herein, "Confidential Materials" shall mean all personnel and disciplinary records, in the possession of the New York City Police Department, the City of New York or the New York City Department of Citywide Administrative Services (DCAS), concerning employees of the City of New York, including, but not limited to: (1) psychological testing files of employees, including the tests and results administered by the NYPD prior to employment, at the time of hiring, or at any time during employment; (2) Pre-employment records, including background investigations of employees; (3) Central Personnel Index file records or other similarly defined records; (4) Civilian Complaint Review Board Records; (5) Internal Affairs Bureau Records; (6) Inspectional Services Division Records; Office of the Chief of Department Records; (7) Early Warning/ Intervention Records; (8) Psychological Services Unit Records; and (9) all documents relating to any civilian or departmental-generated complaints of police misconduct, dereliction of duty or violation of the New York State penal laws or regulations of the NYPD; and (10) any documents that the Court directs to be produced subject to this order.

2. Plaintiffs shall not use the Confidential Materials for any purpose other than for the preparation or presentation of their case in the above-captioned action.

3. Plaintiffs shall not disclose the Confidential Materials to any person not a member of the staff of the parties' attorneys' offices, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of each party's case in this action.

   b. Disclosure before trial may be made only to a party; to an expert who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for this action; to a witness at deposition; or to the Court.

   c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), the party's attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or defense of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by counsel for the party disclosing the information and a copy shall be furnished to the other parties' attorneys upon their request.

4. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential by all parties, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover

page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential materials within the meaning of this Stipulation and Protective Order.

6. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

7. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies thereof, shall be returned to the attorneys for the party that originally disclosed the materials or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to the attorneys who provided them with the materials. Counsel of record may, however, retain written discovery responses, attorney work product, depositions and their exhibits, as well as documents admitted into evidence or filed with the Court. This Order shall continue to be binding after the conclusion of this litigation.

8. The parties may seek modification of this Stipulation and Protective Order, and the parties may seek review of confidentiality designations under this Order by application to the Court for good cause shown at anytime during the course of this litigation.

9. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of confidential materials in any manner.

Dated: New York, New York
January ~~November~~ 9, 2009
       ~~December~~

| | |
|---|---|
| Darius Charney, Esq.<br>Attorney for Plaintiffs.<br>Center for Constitutional Rights<br>666 Broadway, 7th Floor<br>New York, NY 10012 | MICHAEL A. CARDOZO<br>Corporation Counsel<br>  of the City of New York<br>Attorney for Defendants<br>100 Church Street, Room 3-186<br>New York, N.Y. 10007 |
| By: _____<br>Darius Charney, Esq. | By: _____<br>David M. Hazan, Esq.<br>Assistant Corporation Counsel<br>Special Federal Litigation Division |

SO ORDERED:

_____
SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE    1/12/09

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York in the action entitled *David Floyd, et al. v. City of New York, et al.*, 08 Civ. 1034 (SAS), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____    _____
Date                                                          Signature

                                                              _____
                                                              Print Name

                                                              _____
                                                              Occupation