S/HEINDERS/

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

DAVID FLOYD, LALIT CLARKSON, DEON DENNIS,
and DAVID OURLICHT, individually and on behalf of a
class of all others similarly situated;

                                          Plaintiffs,

                  -against-

THE CITY OF NEW YORK; NEW YORK CITY POLICE
COMMISSIONER RAYMOND KELLY, in his individual
and official capacity; MAYOR MICHAEL
BLOOMBERG, in his individual and official capacity;
NEW YORK CITY POLICE OFFICER RODRIGUEZ, in
his individual capacity; NEW YORK CITY POLICE
OFFICER GOODMAN, in his individual capacity; NEW
YORK CITY POLICE OFFICER JANE DOE, in her
individual capacity; NEW YORK CITY POLICE
OFFICER ERIC HERNANDEZ, Shield # 15957, in his
individual capacity; NEW YORK CITY POLICE
OFFICER CORMAC JOYCE, Shield # 31274, in his
individual capacity; NEW YORK CITY POLICE
SERGEANT JAMES KELLY, Shield # 92145, in his
individual capacity; NEW YORK CITY POLICE
OFFICER LUIS PICHARDO, Shield # 00794, in his
individual capacity; NEW YORK CITY POLICE
OFFICER ANGELICA SALMERON, Shield # 7116, in
her individual capacity; NEW YORK CITY POLICE
OFFICER MICHAEL COUSIN HAYES, Shield # 3487, in
his individual capacity; NEW YORK CITY POLICE
OFFICER CHRISTOPHER MORAN, in his individual
capacity; and NEW YORK CITY POLICE OFFICERS
JOHN DOES # 1 through #11, in their individual
capacities;

                                          Defendants.

-------------------------------------------------------------------- x

**ATTORNEYS' EYES ONLY
STIPULATION AND
PROTECTIVE ORDER**

08 Civ. 01034 (SAS)



8/11/10

WHEREAS, plaintiffs requested that defendants produce documents from IAB files involving investigations of quota allegations;

WHEREAS, defendants objected to the disclosure of the IAB files on the grounds that they are confidential, contain irrelevant information, and are protected by the law enforcement privilege;

WHEREAS, defendants submitted the IAB files to the Court for an *in camera* inspection along with a Declaration from Deputy Inspector David Grossi about the sensitive nature of the documents;

WHEREAS, the Court ordered defendants to produce certain documents from the IAB files that address the issue of quotas.  From those documents, the Court permitted defendants to redact irrelevant information and to apply to the Court for further redaction of truly sensitive information;

WHEREAS, the Court Ordered that the production of the documents be subject to an Attorneys' Eyes Only Stipulation and Protective Order; and

WHEREAS, good cause exists for the entry of this order, and;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the attorneys for plaintiffs and defendants, as follows:

1. As used herein, "Attorneys' Eyes Only Confidential Materials" shall mean all documents produced by defendants to plaintiffs' in accordance with the Court's Opinion and Order, dated June 24, 2010.

2

2. Plaintiffs' attorneys shall not use the "Attorneys' Eyes Only Confidential Materials" for any purpose other than for the preparation or presentation of plaintiffs' case in this action.

3. Plaintiffs' counsel shall not disclose the "Attorneys' Eyes Only Confidential Materials" to any person not a member of the staff of or a volunteer at plaintiffs' attorneys' offices, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of each party's case in this action.

   b. Disclosure before trial may be made only to an expert who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for this action; to a witness at deposition; or to the Court or to an individual described in paragraph 5 of this Stipulation and Order.

   c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), the party's attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or defense of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by counsel for the party disclosing the information and a copy shall be furnished to the other parties' attorneys upon their request.

4. The "Attorneys' Eyes Only Confidential Materials" and any information contained therein shall not be disclosed to plaintiffs.

3

5. Plaintiffs' attorneys shall not disclose the "Attorneys' Eyes Only Confidential Materials" to any person not a member of the staff of or a volunteer at their law office, except under the following circumstances: (1) To the extent an IAB investigator is deposed, counsel for plaintiffs may show an IAB investigator at his or her deposition a document which he or she created or caused to be created during the course of the investigation or which was provided to the IAB investigator during the course of the investigation; (2) counsel for plaintiffs may show a witness at a deposition a document containing a statement that the witness previously made to an IAB investigator; or (3) counsel for plaintiff may show a witness at a deposition a copy of a document which that witness previously provided to an IAB investigator.

6. Any witness deposed and shown "Attorneys' Eyes Only Confidential Materials" in accordance with paragraph 5 need not sign Exhibit A.

7. Deposition testimony concerning any "Attorneys' Eyes Only Confidential Materials" shall be deemed confidential by all parties subject to the terms of this Stipulation and Confidentiality Order, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "ATTORNEYS' EYES ONLY CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential materials within the meaning of this Stipulation and Protective Order.

8. If any paper which incorporates any "Attorneys' Eyes Only Confidential Materials" or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

>This envelope contains documents or information designated attorneys' eyes only confidential pursuant to an order entered by the United States

4

>District Court for the Southern District of New
>York in the above-captioned action. This envelope
>shall not be opened or unsealed without the express
>direction of a judge of this Court, and its contents
>shall not be displayed or revealed except as the
>Court may order. This envelope and its contents
>shall at all times be maintained separate and apart
>from the publicly available files of this case.

9.  Within 30 days after the termination of this case, including any appeals, the "Confidential Materials" and "Attorneys Eyes Only Confidential Materials," including all copies thereof, shall be returned to the attorneys for defendants or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to the attorneys who provided them with the materials. This Order shall continue to be binding after the conclusion of this litigation.

10. The parties may seek modification of this Stipulation and Protective Order by application to the Court for good cause shown at anytime during the course of this litigation.

11. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of confidential materials in any manner.

Dated: New York, New York
July 19, 2010

Darius Charney, Esq.
Attorney for Plaintiffs
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012

By: _____
Darius Charney, Esq.

MICHAEL A. CARDOZO
Corporation Counsel
 of the City of New York
Attorney for Defendants
100 Church Street, Room 3-186
New York, N.Y. 10007

By: _____
David M. Hazan, Esq.
Assistant Corporation Counsel
Special Federal Litigation Division

SO ORDERED:

_____
SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE   8/10/10

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order, dated _____ entered in the United States District Court for the Southern District of New York in the action entitled *David Floyd, et al. v. City of New York, et al.*, 08 Civ. 1034 (SAS), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____   _____
Date                              Signature

                                  _____
                                  Print Name

                                  _____
                                  Occupation

7