UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DAVID FLOYD, *et al.*,

                           Plaintiffs,

      -against-

THE CITY OF NEW YORK, *et al.*,

                           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08 Civ. 01034 (SAS)

ECF CASE

**DECLARATION OF DARIUS CHARNEY**

DARIUS CHARNEY declares as follows pursuant to 28 U.S.C. § 1746:

1.    I am an attorney duly admitted to practice law in this Court and in the courts of the State of New York.

2.    I am a senior staff attorney at the Center for Constitutional Rights ("CCR"), which serves as co-counsel for Plaintiffs in this action, along with attorneys from the law firms of Beldock, Levine & Hoffman ("BLH") and Covington & Burling LLP ("Covington"). I submit this Declaration in support of Plaintiffs' motion for class certification under Federal Rule of Civil Procedure 23. I have personal knowledge of the matters stated herein, or knowledge based on my review of documents in the possession of CCR.

A.    **Appointment as Class Counsel**

3.    CCR, BLH, and Covington each seek appointment as counsel for the proposed Plaintiff class in this action under Rule 23(g) of the Federal Rules of Civil Procedure. As set forth below, each of these three firms possesses the class action experience, knowledge of the

relevant substantive areas of law, and resources necessary to fairly and adequately represent the interests of the proposed Plaintiff class in this action.

4.   CCR is a non-profit legal and educational organization dedicated to advancing and protecting the rights guaranteed by the United States Constitution, federal civil rights law, and the Universal Declaration of Human Rights. Founded in 1966, CCR has extensive experience litigating federal class actions challenging racial profiling by law enforcement, discrimination against racial and ethnic minorities in public and private employment, harsh and unconstitutional treatment of state and federal prisoners, and other modern-day manifestations of racial repression. Representative cases in which CCR has acted as class counsel include *Gulino v. Board of Education of the New York City School Districts*, 96 Civ. 8414 (S.D.N.Y.) (representing Black and Latino candidates for New York City school teacher positions in Title VII challenge to New York City and State teacher certification requirements); *Daniels v. City of New York*, 99 Civ. 1695 (SAS) (S.D.N.Y.) (§ 1983 action challenging constitutionality of New York Police Department's stop-and-frisk policies and practices); *Latino Officers Association v. City of New York*, 99 Civ. 9568 (S.D.N.Y.) (representing minority New York City police officers in Title VII challenge to New York Police Department's officer promotion and disciplinary policies and practices); *Byrd v. Goord*, 00 Civ. 2135 (S.D.N.Y.) (constitutional challenge to New York State prison collect call telephone system brought on behalf of family members of New York State prison inmates); *Turkmen v. Ashcroft*, 02 CV 2307 (E.D.N.Y.) (representing class of individuals claiming they were unconstitutionally detained after September 11, 2001, in violation of the First, Fourth, Fifth, and Sixth Amendments); *United States and Vulcan Society, Inc. v. City of New York*, 07-CV-2067 (E.D.N.Y.) (representing black firefighter candidates and black

firefighter fraternal organization in Title VII and constitutional challenge to racially discriminatory hiring practices of the New York City Fire Department).

5.  The team of CCR attorneys working on this matter includes myself and staff attorney Sunita Patel. I graduated from the University of California, Berkeley School of Law in 2001, and have worked as an attorney at CCR since 2008. In addition to serving as lead Plaintiffs' counsel in the present action, I am co- counsel for the plaintiff-intervenor class in *United States and Vulcan Society, Inc. v. City of New York*, 07-CV-2067 (E.D.N.Y.), and have also served as lead plaintiff's counsel in *ACORN v. United States*, 09-CV-4888 (E.D.N.Y.), a federal constitutional bill of attainder challenge to Congressional legislation permanently barring the national civil rights and economic justice organization ACORN and its affiliates from receiving federal funding. *See ACORN v. United States*, 618 F.3d 125 (2d Cir. 2010). Ms. Patel is a 2004 graduate of American University's Washington College of Law and has worked as a CCR staff attorney since 2009. In addition to serving as co-plaintiff's counsel in the present action, she is co-plaintiff's counsel in *Turkmen v. Ashcroft*, 02-CV-2307 (E.D.N.Y.), and as lead plaintiff's counsel in *National Day Laborer Organizing Network, et al. v. Immigration and Customs Enforcement, et al. v. United States Immigration and Customs Enforcement Agency*, 10-CV-3488 (SAS) (S.D.N.Y.), a Freedom of Information Act lawsuit seeking documents and other information concerning the Immigration and Customs Enforcement Agency's "Secure Communities" program.

6.  CCR has committed substantial time and resources to represent the proposed class in this case. In addition to two staff attorneys, there is one CCR legal worker currently assigned to the case.

7. BLH, a New York law firm founded in 1964 with an extensive civil and criminal practice that has handled police misconduct and constitutional litigation for almost thirty years, has extensive experience litigating civil rights cases and class action lawsuits. Representative civil rights cases in which BLH has acted as class counsel include: *MacNamara, et al., v. the City of New York*, 04 Civ. 09216 (S.D.N.Y.) (RJS) (JCF) (challenging the arrest and detention of demonstrators at the 2004 Republican National Convention, recently granted class status); *Daniels v. New York*, 99 Civ. 1695 (S.D.N.Y.) (SAS) (§ 1983 action challenging constitutionality of New York Police Department's stop-and-frisk policies and practices); *Burley et al. v. City of New York, et al.*, 03 Civ. 735 (S.D.N.Y.) (Pauley, J.) (challenging excessive detention of demonstrators arrested for minor offenses during the 2002 World Economic Forum).

8. The team of BLH attorneys working on this matter includes Jonathan C. Moore and Jenn Rolnick Borchetta. Mr. Moore, a partner at BLH since July of 2006, graduated from DePaul University College of Law, *magna cum laude*, in 1977. For more than thirty years, he has continuously engaged in civil rights and constitutional law litigation in the federal and state courts. Ms. Borchetta, an associate at BLH since 2010, graduated from Boston University School of Law, *cum laude*, in 2004. She has represented clients in complex federal litigation in courts throughout the United States, and has represented clients in civil rights matters and class actions since the time she became an attorney.

9. Covington & Burling LLP ("Covington"), a law firm with offices in New York, Washington, D.C., California, London, Brussels, and Beijing, serves as co-counsel to Plaintiffs in this case. Covington has extensive experience litigating civil rights cases and class action lawsuits. Representative civil rights cases in which Covington has acted as class counsel include *NAACP v. Molly Darcy, Inc.*, No. 11-CV-01293-RBH (D.S.C. filed May 27, 2011) (representing

proposed class of African-American individuals in suit against restaurant alleging racial discrimination in violation of federal and state law); *Ortego v. Arpaio*, No. 07-CV-02513 (D. Ariz. filed Dec. 12, 2007) (representing a proposed class of Latino individuals against a county sheriff's office alleging racial profiling and discrimination in violation of the Fourth and Fourteenth Amendments); *Mathis v. Geo Group, Inc.*, No. 2:08-CT-00021-H (E.D.N.C. filed June 28, 2007) (representing prisoners incarcerated at a privately-operated prison alleging deficient medical care in violation of the Eighth Amendment); *Hubbard v. Potter*, No. 03-1062 (D.D.C. filed May 14, 2003) (representing deaf and hearing-impaired postal employees against the United States Postal Service for failure to provide qualified sign language interpreters); *Turkmen v. Ashcroft*, No. 1:02-CV-02307 (E.D.N.Y filed April 17, 2002) (representing class of individuals claiming they were unconstitutionally detained after September 11, 2001, in violation of the First, Fourth, Fifth, and Sixth Amendments); *Women Prisoners of the District of Columbia Department of Corrections v. District of Columbia*, 968 F. Supp. 744 (D.D.C. June 16, 1997) (successfully obtaining relief on behalf of plaintiff class of women prisoners in the District of Columbia); and *Dixon v. Fenty*, No. 74-285 (D.D.C.) (representing a class of 15,000 plaintiffs since 1974 to enforce their right under D.C. law to mental health treatment and services).

10. Eric Hellerman, who is Of Counsel at Covington, has day-to-day responsibility for supervising the team of Covington lawyers who work on this case. He has been litigating for thirty-one years, since graduating from Brooklyn Law School in 1980. Mr. Hellerman was the senior lawyer on a team of Covington lawyers serving as co-counsel, with lawyers from the American Civil Liberties Union, to the plaintiffs in *M.H. v. Atlanta Independent School System*, 1:08-cv-1435-BBM (N.D.Ga.), a proposed class action filed in 2007 on behalf of schoolchildren in Atlanta's alternative education program who were or will be subject to deprivations of their

rights under the Fourth and Fourteenth Amendment by the Atlanta Independent School District and the private company the School District had retained to operate it. Before joining Covington, while he was at Cahill Gordon & Reindel, Mr. Hellerman was a member of a team of lawyers representing the plaintiffs in *Marisol A. v. Giuliani*, No. 95 Civ 10533 (S.D.N.Y. filed Dec. 3, 1995), a class action challenging the constitutionality and legality of New York City's child welfare and foster care system. Mr. Hellerman also has represented clients in numerous class actions in complex commercial disputes.

11. In supervising and coordinating Covington's work on this matter, Mr. Hellerman works closely with Philip Irwin, a partner in the firm. Mr. Irwin, who graduated from Harvard Law School in 1999, has substantial experience in complex commercial litigation, securities litigation, and intellectual property litigation. He has tried more than a dozen cases in federal and state courts, in the International Trade Commission, and before arbitration panels. He also has substantial pro bono experience, having represented a number of indigent clients in Section 1983 cases in the Second Circuit, Third Circuit, and Southern District of New York, including *Rivas v. Suffolk County*, Nos. 04-4813-pr (L), 04-5198-pr (Con), 2008 WL 45406 (2d Cir. Jan. 3, 2008), and *Farid v. Ellen*, 593 F.3d 233 (2d Cir. 2010).

12. Covington has committed substantial resources to represent the proposed class in this case. Messrs. Hellerman and Irwin currently supervise a team of three Covington associates (which at times has been larger) and one paralegal on this matter.

B.  **Plaintiffs' Efforts to Obtain *Galvan* Stipulation from Defendants**

13. During the September 23, 2011 conference with the parties to discuss Plaintiffs' motion for class certification, the Court, in response to Defendants' argument against class

certification, suggested that the parties explore ways to avoid having to brief the class certification issue at all. *See* Transcript of Proceedings held September 23, 2011 (Dkt #157) at 39-41.

14. Pursuant to the Court's suggestion, I sent a letter to Defendants' counsel on October 11, 2011, a true and correct copy of which is attached hereto as Exhibit 1, in which I asked if Defendants would be willing to stipulate to the following in the absence of a certified plaintiff class:

> (a) Defendants would fully implement all injunctive relief awarded by the Court in this case citywide;
>
> (b) Defendants would not use the absence of a certified plaintiff class as a defense to liability on Plaintiffs' policy and practice claims, as a basis to argue against the imposition of injunctive relief against the Defendant City of New York,
>
> (c) Defendants would not use the absence of a certified class as a basis to deny discovery to Plaintiffs related to Defendants' implementation of any injunctive relief awarded by the Court;
>
> (d) Defendants would produce to Plaintiffs the suspect names and contact information contained in the NYPD UF-250 Stop-and-Frisk Database for one year's worth of stop-and-frisks recorded by NYPD officers, as Defendants did following class certification in *Daniels v. City of New York*. *See* 2001 WL 228091 (S.D.N.Y. Mar. 8, 2001);
>
> (e) Defendants would treat all communications between Plaintiffs' counsel and any individuals contacted using the information from the UF250 database or any other non-plaintiff stop-and-frisk victims contacted by Plaintiffs' counsel

as privileged attorney-client communications, which the Court also required in *Daniels*. *See* 199 F.R.D. 513, 514-15 (S.D.N.Y. 2001); and

(f) Defendants would treat all non-plaintiff stop-and-frisk victims contacted by Plaintiffs' counsel as clients of Plaintiffs' counsel for purposes of this litigation.

In addition, I requested that Defendants respond to my letter by no later than October 21, 2011. *See* Ex. 1 at 2.

15. Defendants failed to respond to my October 11 letter until November 3, 2011, just four days before the deadline for Plaintiffs to file the present class certification motion. The Defendants' counsel email stated that, in the absence of a certified Plaintiffs class, Defendants were only willing to stipulate to "apply the Court's declaratory and injunctive rulings in the above-captioned action to all persons similarly situated to the named plaintiffs." This is identical to the language contained in Defendants' proposed *Galvan* Stipulation in the *Daniels* case, which this Court found insufficient to render class certification unnecessary. *See Daniels*, 199 F.R.D. at 515.

16. Attached as Exhibit 2 is a true and correct copy of the Declaration of Lalit Clarkson, a Named Plaintiff, dated November 4, 2011.

17. Attached as Exhibit 3 is a true and correct copy of the Declaration of Deon Dennis. a Named Plaintiff, dated November 4, 2011.

18. Attached as Exhibit 4 is a true and correct copy of the Declaration of David Floyd, a Named Plaintiff, dated November 2, 2011.

19. Attached as Exhibit 5 is a true and correct copy of the Affidavit of David

Ourlicht, a Named Plaintiff, dated November 1, 2011.

20.     Attached as Exhibit 6 is a true and correct copy of the Declaration of Devin Almonor, a proposed class member, dated November 3, 2011.

21.     Attached as Exhibit 7 is a true and correct copy of the Declaration of Ian Provost, a proposed class member, dated November 3, 2011.

22.     Attached as Exhibit 8 is a true and correct copy of the Declaration of Dominique Sindayiganza, a proposed class member, dated November 4, 2011.

23.     Attached as Exhibit 9 is a true and correct copy of the Declaration of Nicholas Peart, a proposed class member, dated November 3, 2011.

24.     Attached as Exhibit 10 is a true and correct copy of the Affidavit of Eric Adams, a Member of the New York State Senate, dated October 28, 2011.

25.     Attached as Exhibit 11 is a true and correct copy of excerpts from the transcript of the deposition of Joseph Esposito, dated November 23, 2009.

26.     Attached as Exhibit 12 is a true and correct copy of NYPD Commissioner Raymond Kelly's Operations Order Number 52, dated October 17, 2011.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 7, 2011, in New York, New York.

_____
DARIUS CHARNEY