# EXHIBIT 1

**center for constitutional rights**
*on the front lines for social justice*

October 11, 2011

***Via Electronic Mail***
Heidi Grossman
Linda Donahue
Assistant Corporation Counsel
New York City Law Department
100 Church Street, Room 3-158
New York, NY 10007

Re: *Floyd v. City of New York*, 08 Civ. 1034

Dear Counsel:

Pursuant to the Court's suggestion at the September 23, 2011 conference that the parties confer about the possibility of avoiding a class certification motion, Plaintiffs write to request that Defendants advise whether or not they will stipulate to each of the following in the absence of a certified plaintiff class in this case:

(a) Defendants shall fully implement in every precinct, patrol borough, transit district, police service area, bureau, division, office, task force, squad, unit, and other subdivision of the New York City Police Department any and all injunctive relief awarded by the Court to any plaintiff as result of a liability ruling against Defendant the City of New York in this case;

(b) Defendants shall not use the absence of a certified plaintiff class as a defense to liability on Plaintiffs' claims against Defendant the City of New York, or as a basis to argue against the imposition of any and all forms of injunctive and/or declaratory relief against Defendant the City of New York in this case;

(c) Defendants shall not use the absence of a certified plaintiff class as a basis to deny discovery to Plaintiffs with regard to Defendants' implementation of any injunctive relief awarded by the Court;

(d) Defendants shall produce to Plaintiffs the suspect names, addresses, and phone numbers contained in the UF250 database for all stops-and-frisks recorded by NYPD officers between July 1, 2009 and June 30, 2010. Such information shall be produced pursuant to the protocols established by the Court in *Daniels v. City of New York*, 99 Civ. 1695 (SAS), 2001 WL 228091 (S.D.N.Y. Mar. 8, 2001), and shall be subject to the terms and conditions of the Stipulation and Protective Order, dated October 29, 2008 (Dkt # 52);

(e) Defendants shall treat all communications (1) between Plaintiffs' counsel and persons contacted by Plaintiffs' counsel using the information described in

t 212 614 6464  f 212 614 6499  www.CCRjustice.org

       paragraph (d) above, and (2) between Plaintiffs' counsel and persons listed in Plaintiffs' Rule 26(a)(1) disclosures who will provide affidavits and/or testimony concerning their experiences being stopped-and-frisked by NYPD officers as privileged attorney-client communications and privileged attorney work product;

(f)     Defendants shall treat the persons described in paragraph (e) above as clients of Plaintiffs' counsel for all purposes related to this litigation.

We request that Defendants advise Plaintiffs in writing by no later than Friday, October 21, 2011, whether Defendants are willing to stipulate to each of the terms listed in paragraphs (a)-(f) above. If you would like to discuss these matters by telephone, please feel free to call me prior to October 21.

Finally, Plaintiffs note this letter is for negotiation purposes only and is not binding on them in any way.

                                        Very truly yours,

                                        Darius Charney

Cc: All counsel (*via Electronic Mail*)