UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

DAVID FLOYD, LALIT CLARKSON,
DEON DENNIS, and DAVID OURLICHT,
on behalf of themselves and all others
similarly situated,

               Plaintiffs,

    - against -

THE CITY OF NEW YORK, *et al.*,

               Defendants.

------------------------------------------------------- X

**MEMORANDUM
OPINION AND ORDER**

08 Civ. 1034 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-7-12

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        Plaintiffs seek production of all documents related to the creation and implementation of the NYPD's Operations Order No. 52, dated October 17, 2011, and two other related orders. The subject of Order 52, which was distributed to all commands "by direction of the Police Commissioner" is "Police Officer Performance Objectives."[1] Among other things, it mandates that officers engage in proactive enforcement activities including "the issuance of summonses, the stopping and questioning of suspicious individuals, and the arrests of criminals," and that "Department managers <u>can</u> and <u>must</u> set performance goals" related to

---

[1]     Operations Order 52 at 1, 5.

1

those activities.[2]

A committee of high-ranking NYPD officials was tasked with making recommendations to the Commissioner regarding the promulgation of the Orders. Pursuant to the deliberative process privilege, defendants seek to shield from disclosure the documents produced by members of that committee. Defendants have submitted the approximately 1300 pages of documents at issue to the Court for *in camera* review, and I have examined a significant portion of them. A large majority of the pages are from draft versions of the Orders that were circulated among committee members. A small percentage of pages are cover memos that summarize changes and express opinions on the Orders. And a very small percentage constitute Power Point slides discussing the Orders.

> The deliberative process privilege protects from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." The privilege is intended "to enhance the quality of agency decisions, by protecting open and frank discussion among those who make them within the Government."[3]

In order for a document to be covered by the deliberative process

---

[2] *Id.* at 1.

[3] *Davis v. City of New York*, No. 10 Civ. 699, 2011 WL 1742748, at *2 (S.D.N.Y. May 5, 2011) (quoting *National Council of La Raza v. Department of Justice*, 411 F.3d 350, 356 (2d Cir. 2005) and *Tigue v. United States Dep't of Justice*, 312 F.3d 70, 76 (2d Cir. 2002)).

2

privilege, it must be both predecisional and deliberative.[4] As I have previously explained:

> The deliberative process privilege is merely a qualified privilege; thus when the existence of [the] privilege is established, there is a need to balance the public interest in nondisclosure against the need of the particular litigant for access to the privileged information. Factors favoring disclosure include: (1) the relevance of the requested materials to the requesting party's case, (2) the importance of the materials to the requesting party's case, including the availability of the information from alternative sources, (3) the strength of the requesting party's case . . . and (4) the importance of disclosure to the public interest. Factors against disclosure include (1) threats to public safety, (2) the invasion of government officials' privacy, (3) the weakening of government programs, and (4) the chilling of internal candor.[5]

In this case, defendants' interest outweighs plaintiffs'. Having examined the documents, I conclude that they are not relevant to plaintiffs' case and there is no particular public interest in their disclosure. The documents primarily address mundane and technical questions regarding how and when officers should report to their supervisors (*i.e.*, the very topics detailed in paragraphs four through twenty-two of Order 52).

Plaintiffs pose the following questions as examples of the importance

---

[4] *See National Council of La Raza*, 411 F.3d at 356.

[5] *Davis v. City of New York*, 2011 WL 1742748, at *2-3 (quoting *MacNamara v. City of New York*, 249 F.R.D. 70, 79 (S.D.N.Y.2008) and *King v. Conde*, 121 F.R.D. 180, 191–93 (E.D.N.Y. 1988)) (quotation marks omitted).

of these documents to proving their allegations of deliberative indifference on the part of defendants:

> For example, what if the day after this Court's summary judgment decision someone involved in promulgating Operations Order No. 52 warned that perhaps they should reconsider to prevent the risk of constitutional violations, and what if a high ranking NYPD official responded that the order would issue despite that risk? Who decided to emphasize "can and must"?[6]

*First*, in my review of the documents I have seen no references to this lawsuit or to the constitutional rights of civilians or even any discussion of stops and frisks (beyond the references to them that appear in the Order). The vast majority of the edits and comments relate merely to reporting procedures that are irrelevant to this lawsuit. And defendants were clearly aware of this lawsuit at the time Order 52 was issued. *Second*, it does not matter who initially recommended emphasizing the words "can and must" because, ultimately, the Police Commissioner ordered that they be emphasized and distributed the order to all commands. The City is clearly responsible for that decision, regardless of who initially suggested it.

When asserting the deliberative process privilege, "the burden of persuasion rests on the party seeking to prevent disclosure" and "that burden is a heavy one, in view of 'the great weight of the policy in favor of discovery in civil

---

[6] 8/24/12 Letter from Darius Charney to the Court at 2.

4

rights actions and the normal presumption in favor of broad discovery.'"[7] In this instance, however, because plaintiffs have failed to demonstrate that the documents at issue are relevant and because the final Orders promulgated by the NYPD are as helpful to plaintiffs as the draft Orders and cover memoranda, defendants' strong interest in encouraging deliberative candor carries their burden of persuasion. Accordingly, plaintiffs' request for these documents is DENIED.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   September 7, 2012
         New York, New York

---

[7]   *Davis*, 2011 WL 1742748, at *3 (citing *King*, 121 F.R.D. at 191, and *MacNamara*, 249 F.R.D. at 80).

## - Appearances -

**For Plaintiffs:**

Darius Charney, Esq.
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, New York 10012
(212) 614-6464

**For Defendants:**

Susanna Publicker
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, New York 10007
(212) 788-8084