## BELDOCK LEVINE & HOFFMAN LLP
### 99 PARK AVENUE
### NEW YORK, N.Y. 10016-1503

ELLIOT L. HOFFMAN
MYRON BELDOCK
BRUCE E. TRAUNER*
PETER S. MATORIN
KATHERINE G. THOMPSON
CYNTHIA ROLLINGS
JONATHAN MOORE*△
KAREN L. DIPPOLD
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT◊

TEL: (212) 490-0400
FAX: (212) 557-0565
WEBSITE: blhny.com

February 28, 2013

LAWRENCE S. LEVINE (1934-2004)

COUNSEL
MARJORY D. FIELDS
JODY L. YETZER

REF:

WRITER'S DIRECT DIAL:

ALSO ADMITTED IN:
*CALIFORNIA
△ILLINOIS
*FLORIDA
◊NEW JERSEY

**DIRECT CONTACT:**
212.277.5893
jborchetta@blhny.com

VIA E-MAIL (Gregory_Brazeal@nysd.uscourts.gov)
Hon. Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: *Floyd et al. v. City of New York et al.*, 08 Civ. 01034

Dear Judge Scheindlin:

We write on behalf of Plaintiffs raising matters that we respectfully seek to address at the March 5, 2013 conference with the Court.

1.  **Joint Pre-Trial Order ("JPTO"):** Because Defendants have ignored our repeated requests to meet-and-confer regarding the JPTO, we respectfully seek Court intervention regarding the following[1]: *First*, pursuant to the Rules Addenda to Your Honor's Individual Rules and Procedures, the parties are to list in paragraph fourteen (14) the disposition of enumerated substantive motions. This list does not include evidentiary rulings. Defendants seek to include the Court's prior evidentiary rulings in the JPTO, but misstate those rulings. We respectfully ask to exclude prior evidentiary rulings from the JPTO, consistent with the Court's Individual Rules. *Second*, we respectfully request permission to divide the (1) Nature of Action and Jurisdiction/Venue and (2) Issues of Law sections of the JPTO into Plaintiffs' contentions and Defendants' contentions. *Finally*, we do not believe the Court has set a date for submission of the final JPTO, and we propose March 11, 2013.

---

[1] By raising these specific matters, we do not waive Plaintiffs' right to raise other concerns or objections with respect to Defendants' proposed JPTO, which we received today at 12:42 a.m.

BELDOCK LEVINE & HOFFMAN LLP

2. **Defendants' Newly Identified Witnesses:** On February 28, 2013, Defendants identified twenty four (24) new trial witnesses on the subject of liability. These witnesses did not appear on Defendants' December 21, 2012 preliminary witness list, and most have never before been disclosed to Plaintiffs or identified in exchanged documents. *See* Defs. Fed.R.Civ.Pro. 26(a) Disclosures dated February 27, 2013, annexed as Ex. A. This is highly burdensome and prejudicial to Plaintiffs, and we respectfully seek relief as detailed below.

A. **Newly Identified High-Level NYPD Witnesses**

Fourteen (14) of the previously unidentified witnesses are high-level NYPD employees who will purportedly testify regarding, among other things, the duties and responsibilities of commanding officers in the 28th, 32nd, 43rd, 44th, and 81st precincts and the Bronx, Manhattan North, and Queens South Patrol Boroughs, as well as the "operations and functions of IAB." *See* Ex. A, ¶¶ 6, 8-12, 14, 15, 18-23. This belated disclosure is puzzling given that, among other things: (1) Defendants have known since the outset of this litigation in 2008 that the stop-and-frisk practices of NYPD officers in the 28th, 43rd, and 44th precincts and the Bronx, Manhattan North, and Queens South Patrol Boroughs were at issue (because named Plaintiffs Deon Dennis, David Floyd, David Ourlicht, and Lalit Clarkson were stopped in these commands); (2) Plaintiffs deposed and, on December 14, 2012, listed as potential trial witnesses officers, sergeants and commanding officers from the 28th and the 43rd precincts and former commanding officers from the Manhattan North and Queens South Patrol Boroughs; (3) Defendants have known since June of 2010, with the disclosure of 81st precinct roll call audio recordings, that the stop-and-frisk policies and practices in that precinct were at issue; and (4) Plaintiffs deposed the former 81st precinct Commanding Officer Steven Mauriello in August 2010. Moreover, Defendants could hardly claim to be surprised that the practices of high-level NYPD employees are at issue in this action.

Five (5) of these high-level witnesses testified at the *Ligon* preliminary injunction hearing, including Inspector Kevin Catalina, Inspector Kerry Sweet, Inspector Kenneth Lehr, Chief Brian McCarthy, and Dr. James O'Keefe. *Id.* ¶¶ 6, 11, 14, 15, 20. With respect to that subset, because we seek to incorporate the entirety of the *Ligon* preliminary injunction hearing record into the *Floyd* trial record (*see infra*), we respectfully request that Defendants be precluded from eliciting further testimony from these witnesses at the *Floyd* trial. The remaining nine (9) includes Chief Carlos Gomez, Deputy Inspector Russell Green, Inspector Rodney Harrison, Inspector Juantia Holmes, Assistant Chief William Morris, Lt. Tracey S. Mulet, Inspector Joseph Pfister, Assistant Chief James Secreto, and Deputy Inspector Kevin Williams. It would be unduly burdensome – if even possible – for us to depose all of these witnesses in the two weeks we have prior to trial.

Defendants' belated disclosure of these witnesses is prejudicial, burdensome, duplicative, and contrary to the rules of procedure. As Defendants' counsel said during the December 19, 2012 hearing with this Court: "I just want to make sure that we don't get any additional witnesses [after December 31], because this is years after discovery

closed. . . . [W]hen your Honor mentioned that the [complex litigation] plan contemplates that occasional witnesses may come to light, I don't think it's meant [ ] the occasional 28 witnesses . . . ." 2/19/2012 Hr'g Tr. 13:23-25, 14:15-17. The witnesses at issue were known to Defendants long before they were disclosed this morning. We respectfully request an order precluding each from testifying at trial.[2]

### B. Newly Identified Witnesses Related to Pedro Serrano

On December 31, 2012, in accordance with this Court's orders, we identified Police Officer Pedro Serrano as a potential trial witness concerning the existence of quotas in the 40th precinct. Pls. Fed.R.Civ.P. 26(a)(1)(A) dated Dec. 31, 2012. Defendants now for the first time disclose Lt. Stacy Barrett and Sgt. Eduardo Silva as potential trial witness related to Officer Serrano. It would be unduly burdensome to depose these witnesses in the two weeks remaining before trial. Our lack of notice of the potential testimony of Lt. Barret and Sgt. Silva is further prejudicial because, as Defendants know, Officer Serrano is within our first twenty witnesses to be called at trial. We therefore respectfully request an order that Lt. Barret and Sgt. Silva be precluded from testifying at trial.

### C. Newly Identified Expert Witness

On May 26, 2009, this Court set an August 1, 2009 deadline for Defendants to identify their liability phase experts. Dkt. # 65. Defendants identified only Professors Dennis Smith and Robert Purtell. Now, on February 28, 2013, *three-and-a-half years later*, Defendants for the first time identify James K. Stewart as "a police practices expert" who "will testify about the adequacy of the NYPD's current policies and practices for training, supervising, monitoring, and discipline of police officers, and will be called as a rebuttal to the testimony of Mr. [Lou] Reiter and Dr. [Samuel] Walker."[3] Mr. Reiter is Plaintiffs' liability-phase police practices expert whose expert report was served on Defendants on October 15, 2010 (*two-and-a-half years ago*), and whose expert deposition was completed on February 17, 2011 (*two years ago*). We respectfully request an order precluding Mr. Stewart from testifying about the adequacy of the NYPD's current policies and practices for training, supervising, monitoring, and discipline of police officers – which goes to liability and not remedy, or in rebuttal to Mr. Reiter, and instead limiting his testimony to remedies in rebuttal to Dr. Walker.

3. **Deposition Designations**: On the date that Plaintiffs' deposition designations were due, Defendants inquired as to whether we would agree to put on Thomas Dale,

---

[2] Any witnesses disclosed by Plaintiffs after December 31, 2012 have been limited to the issue of remedy, subject to the Court's order. Defendants' witnesses clearly go to liability.

[3] At the January 31, 2013 conference, the Court directed Plaintiffs to disclose their remedies expert by no later than February 7, 2013. *See* 1/31/13 Hr'g Tr. at 39. Plaintiffs timely disclosed Dr. Walker on that date.

3

BELDOCK LEVINE & HOFFMAN LLP

Raymond Diaz, Peter Cassidy, Robert Giannelli, Dwayne Montgomery, and Phil Pulaski through deposition. We thereafter repeatedly sought to discuss this with Defendants, and they did not respond. They now object that some of these witnesses are retired and Defendants might not be able to produce them. We respectfully request permission to put on these witnesses through deposition, with Plaintiffs' designated deposition testimony due March 6, 2013, and Defendants' counter-designations due March 12, 2013.[4] We further seek guidance on whether we will be permitted to read portions of designated deposition testimony into the record during trial. We intend to read only discrete portions.

4. **Modification of Protective Orders**: During the course of this action, the parties entered into seven so-ordered stipulations permitting the designation of documents exchanged in discovery as confidential. Each of the confidentiality stipulations permits the parties to seek modification by the Court. Oct. 29, 2008 Stip. (Dkt. 52) at ¶ 8; Jan. 12, 2008 Stip. (Dkt. 61) at ¶ 8; April 6, 2009 Stip. (Dkt. 64) at ¶ 7; June 8, 2009 Stip. (Dkt. 66) at ¶ 10; Nov. 19, 2009 Stip. (Dkt. 88) at ¶ 11; Aug. 10, 2010 Stip. (Dkt. 112) at ¶ 10. Notably, the June 9, 2009 stipulation expressly permits Plaintiffs' use of covered documents at trial, as long as Defendants are afforded an opportunity to make an application to the Court for continued protection. We respectfully request an order permitting us to publicly use at trial any documents marked confidential during discovery on Plaintiffs' exhibit list.

5. **Trial Date, Opening Statements, and Witness Order**: We would like to confirm March 18, 2013 as the start date for the trial of this action, and seek guidance on whether the Court will permit opening statements. Given the number of witnesses and exhibits, we respectfully believe that opening statements will aid the Court in navigating the evidence. Additionally, as the Court is aware, we intend to call current and former NYPD employees to testify in Plaintiffs' affirmative case. It is our understanding that Defendants intend to call many of the same witnesses. We believe it is most efficient to call these witnesses once, rather than recalling multiple witnesses after Plaintiffs have rested, and we wish to confirm this order with the Court.

6. **NYCLU Declaration**: The New York Civil Liberties Union employee who mailed a copy of the NYCLU report we wish to use at trial to the NYPD is no longer a NYCLU employee. We therefore respectfully ask the Court take judicial notice that the NYPD received the report based on the New York Times article annexed hereto as Ex. B, and the admissions therein.

7. **Incorporation of *Ligon* Record**: Finally, we respectfully request that the entirety of testimony from the *Ligon* preliminary injunction hearing be incorporated by reference into the evidentiary record of the *Floyd* trial.

Thank you for your consideration.

---

[4] We would further respectfully request that these designations be exempted from the final JPTO deadline of March 11, 2013 that we have proposed.

4

BELDOCK LEVINE & HOFFMAN LLP

        Respectfully submitted,

        */s/ Jonathan C. Moore*

        Jonathan C. Moore
        Jenn Rolnick Borchetta
        BELDOCK LEVINE & HOFFMAN LLP

        Darius Charney
        Sunita Patel
        Chauniqua Young
        CENTER FOR CONSTITUTIONAL RIGHTS

        Eric Hellerman
        Gretchen Hoff-Varner
        Kasey L. Martini
        COVINGTON & BURLING LLP

        *Attorneys for Plaintiffs*

Encl.

CC (*via email*):
Heidi Grossman
Brenda Cooke
Linda Donahue
Suzanna Publicker
Cecilia Silver
Judson Vickers
Joseph Marutollo
Morgan Kunz
Lisa Richardson
NEW YORK CITY LAW DEPARTMENT

*Attorneys for Defendants*