UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

DAVID FLOYD, LALIT CLARKSON,
DEON DENNIS, and DAVID OURLICHT,
individually and on behalf of a class of all
others similarly situated,

        Plaintiffs,

- against -

THE CITY OF NEW YORK,

        Defendant.

------------------------------------------------------------ X

ORDER

08 Civ. 1034 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        On April 24, 2013, the City of New York moved to exclude the testimony of plaintiffs' police practices expert, Lou Reiter.[1] Under the Federal Rules of Evidence and related case law, the use of expert testimony must be "carefully circumscribed to assure that the expert does not usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the [trier of fact] in applying that law to the facts before it."[2] "Expert testimony is also

---

    [1]    *See* 4/24/13 Trial Transcript ("Tr.") at 4823–24, 4955.

    [2]    *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991). *Accord United States v. Lumpkin*, 192 F.3d 280, 289 (2d Cir. 1999) (expert testimony may not usurp the role of the court in determining the applicable law).

1

inadmissible when it addresses 'lay matters which [the trier of fact] is capable of understanding and deciding without the expert's help.'"[3] Federal Rule of Evidence 703 states that "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." "Although an expert is permitted to support his opinions by reference to his experience, he must demonstrate that this 'experience is a sufficient basis for' these opinions."[4] Just as an expert "'is not permitted to be the mouthpiece of a scientist in a different specialty,'"[5] an expert is also not permitted to be the mouthpiece of counsel, delivering a summation of the evidence that goes beyond what is necessary to establish the foundation for the expert's opinions.[6]

I have carefully reviewed Mr. Reiter's testimony. Large portions of

---

[3]     *Snyder v. Wells Fargo Bank, N.A.*, No. 11 Civ. 4496, 2012 WL 4876938, at *2 (S.D.N.Y. Oct. 15, 2012) (quoting *Andrews v. Metro N. Commuter R.R. Co.*, 882 F.2d 705, 708 (2d Cir. 1989)).

[4]     *Id.* at *3 (quoting Fed. R. Evid. 702 Advisory Committee Note).

[5]     *Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 665 (S.D.N.Y. 2007) (quoting *Dura Auto. Sys. of Ind., Inc. v. CTS Corp.*, 285 F.3d 609, 614 (7th Cir. 2002)).

[6]     *See Liberty Media Corp. v. Vivendi Universal, S.A.*, No. 03 Civ. 2175, 2012 WL 1097351, at *2 (S.D.N.Y. Apr. 2, 2012) (holding that an expert "will not be permitted to exhaustively recount all of the facts of the case" but rather must "draw on the facts only as necessary — and in as concise a manner as possible — to support his opinion").

the testimony consisted of legal conclusions, expert opinions lacking a sufficient foundation, non-expert observations regarding lay matters, and summaries of the trial testimony and exhibits. Such summaries are appropriate in the parties' summations, but may not be offered under the guise of expert opinion. Certain portions of Mr. Reiter's testimony, including his opinions regarding the NYPD's procedures for administrative investigations, rested on a reliable foundation and are admissible. But other portions, including Mr. Reiter's observations concerning general and best practices for recording stop and frisk activity, did not rest on a reliable foundation and are inadmissible. In addition, while Mr. Reiter established a general expertise regarding use-of-force reporting, he did not establish a sufficient foundation for his opinions regarding the NYPD's use-of-force reporting in relation to stop and frisk activity — the only use-of-force reporting relevant to this case. As a result, his testimony regarding use-of-force reporting must be excluded.

  Based on these conclusions, all but the following portions of Mr. Reiter's testimony on direct and redirect examination are excluded: Tr. 4808:13–4824:9, 4826:19–4831:17 (expert qualifications); 4834:1–4835:20, 4845:8–4846:1 (first level supervisors and operational policy); 4865:22–4866:5 (memo book deficiencies as choice rather than oversight); 4877:11–4878:6 (public

3

pronouncements as notice); 4878:12–4893:21 (administrative investigations); 4956:23–4957:17 (quotas); 4963:19–4964:12 (callbacks).

The City is directed to identify any portions of Mr. Reiter's cross-examination that it wishes to exclude based on the reasoning of this Order.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:     April 29, 2013
           New York, New York

4

## - Appearances -

| **For Plaintiffs:** | **For Defendant:** |
|---|---|
| Darius Charney, Esq.<br>Sunita Patel, Esq.<br>Baher Azmy, Esq.<br>Center for Constitutional Rights<br>666 Broadway, 7th Floor<br>New York, NY 10012<br>(212) 614-6464 | Heidi Grossman<br>Brenda Cooke<br>Linda Donahue<br>Suzanna Publicker<br>Joseph Marutollo<br>Judson Vickers<br>Morgan Kunz<br>Lisa Richardson<br>Assistant Corporation Counsel<br>New York City Law Department<br>100 Church Street<br>New York, NY 10007<br>(212) 788-1300 |
| Jonathan C. Moore, Esq.<br>Jenn Rolnick Borchetta, Esq.<br>Beldock Levine & Hoffman LLP<br>99 Park Avenue, Suite 1600<br>New York, NY 10016<br>(212) 490-0400 | |
| Eric Hellerman, Esq.<br>Gretchen Hoff Varner, Esq.<br>Kasey L. Martini, Esq.<br>Covington & Burling LLP<br>620 Eighth Avenue<br>New York, NY 10018<br>(212) 841-1155 | |