UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X

DAVID FLOYD, et al.,                    :

                                        :

                        Plaintiffs,     :

                                        :

      - against -                       :

                                        :

THE CITY OF NEW YORK, et al.,           :

                                        :

                        Defendants.     :

------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 13, 2013

No. 08 Civ. 1034

MEMORANDUM OPINION
AND ORDER

**John F. Keenan, United States District Judge:**

      This matter is before the Court in a somewhat unusual procedural posture.  Before the Court is an appeal of an evidentiary ruling referred to Magistrate Judge Pitman by Judge Scheindlin in connection with a bench trial that is currently ongoing before Judge Scheindlin.  Magistrate Judge Pitman found primarily in favor of Plaintiffs, and Defendants have appealed to Part One, over which this Court is currently presiding.  For the reasons that follow, the magistrate court's decision is overruled in part and the Defendant's expert report is admissible in its entirety.

## I. Background

      In the case proceeding before Judge Scheindlin, Plaintiffs allege that the Defendants have endorsed an unconstitutional policy of conducting baseless stops and frisks.  Plaintiffs' allegations are described in greater detail in Judge

Scheindlin's summary judgment decision, see Floyd v. City of New York, 813 F. Supp. 2d 417 (S.D.N.Y. 2011).

At issue in this appeal is whether the City of New York should be permitted to present an expert report to rebut the report proffered by Plaintiffs' remedies expert.  Judge Scheindlin has precluded expert testimony on the issue of liability, but has permitted the parties to submit expert reports on the issue of what remedies would be appropriate if the Court finds the City liable.  Plaintiffs submitted their expert report, prepared by Samuel Walker, on March 5, 2013. ("Walker Report.")  Defendants' remedies expert, James Stewart, issued a rebuttal report on April 28, 2013. ("Stewart Report.")

Plaintiffs argue for preclusion of the Stewart Report on two basic grounds: (1) that it improperly addresses liability and not remedies; and (2) that the Stewart Report would unduly influence the factfinder.  Judge Pitman ruled for Plaintiffs in large part, holding that most portions of the Stewart Report impermissibly address liability.

## II. Discussion

A review of the Stewart Report shows that it merely serves as a rebuttal to the plaintiffs' expert report, and therefore should not be excluded.  At root, the Stewart Report simply summarizes the recommendations of the Walker Report and then

proceeds to explain why each is unfeasible, redundant, or ill-advised.

While the Stewart report does reference the practices currently in place by the New York Police Department ("NYPD"), such references are inextricably linked to Stewart's explanation of why Walker's proposed remedies are misguided.  For example, while pages 19-20 of the Stewart Report include a description of the NYPD's practices relating to performance indicators, it is only included as part of a table – the express purpose of which is to compare those practices with Walker's recommendations as to performance indicators.  Additionally, on page 12 of his report, Stewart explains why Walker's recommendation for training of NYPD officers is redundant, by detailing the training efforts already in place within the NYPD.  It is important to note that Stewart is not <u>evaluating</u> the training procedures currently in place, but rather <u>rebutting</u> Walker's proposals with respect to officer training.  Such information would be extremely helpful should Judge Scheindlin reach the issue of remedies and wish to consider the possibility of requiring additional officer training.

In precluding most of Stewart's report, Judge Pitman noted that "Defendants' expert does not claim that the Plaintiffs' suggestions lack merit . . .  Rather, Defendants' expert contends that the NYPD already utilizes most of the practices

suggested by Plaintiffs' expert."  This is not a fair reading of
the Stewart Report, however:  Stewart references the current
practices of the NYPD in an effort to elucidate the shortcomings
in the Walker Report. Such expert testimony is appropriate
rebuttal on the issue of remedies.

Judge Pitman also noted that because the Stewart Report
would not become relevant unless Judge Scheindlin finds
liability, she would be precluded from accepting the statements
in Stewart's report.  "If defendants' expert were credited, the
case would end with the irreconcilable findings that the City of
New York has a custom or policy of violating the Constitution,
but . . . no remedy is necessary because the existing monitoring
and training programs are sufficient."  This is a
misapprehension of both the report and the possible resolution
of the case. As an initial matter, Judge Scheindlin need not
credit the entire report.  Indeed, if Judge Scheindlin finds
liability and moves on to review the remedies experts' reports,
she can choose to credit portions of the Stewart Report.  This
would not require her to alter the holding as to liability.
Instead, the Stewart Report could properly inform Judge
Scheindlin's assessment of the proposals set forth in the Walker
Report.

Nor would admitting the Stewart Report unduly influence the
factfinder, as the danger of prejudice is considerably

-4-

diminished during a bench trial.  The district court would not
be swayed in the same way a jury might be, in the event it
viewed evidence that was ultimately inadmissible.  Moreover, if
the district court reaches the point where it is reviewing the
remedies expert reports, then it has necessarily already made a
determination as to liability.  Accordingly, any inadvertent
reference to issues relating to liability in either expert
report would be viewed too late to affect the court's decision
making on the issue of liability.

Plaintiffs have also urged this Court to consider the
arguments it laid out in its letter of April 28, 2013, but were
not addressed by Judge Pitman.  But the Court can discern only
one argument that Judge Pitman did not reach:  that the Stewart
Report contains hearsay, and that the Defendants are seeking to
use an expert report to circumvent the rules prohibiting
hearsay.  This argument is entirely without merit as the Stewart
Report very clearly uses the hearsay at issue with the express
purpose of forming the basis for its expert opinion, which is
permissible, see Fed. R. Evid. 702, 703; United States v.
Dukagjini, 326 F.3d 45, 55 (2d Cir. 2003) ("An expert witness
may rely on hearsay evidence while reliably applying expertise
to that hearsay evidence, but may not rely on hearsay for any
other aspect of his testimony.").  Moreover, the Court
reiterates that because this case is proceeding as a bench

-5-

trial, hearsay testimony need not be as strenuously guarded. See U.S. v. One Parcel of Real Estate at 1012 Germantown Road, Palm Beach County, Fla., 963 F.2d 1496, 1501 (11th Cir. 1992) (noting that it is "relatively easy for the judge as factfinder to sort out the hearsay evidence from the admissible evidence before making a factual determination"). Finally, it is worth noting that if the Court accepted Plaintiffs' hearsay argument, it would implicate much of the Walker Report as well, as it covers similar ground.

### III. Conclusion

For the reasons stated above, the decision of the magistrate court is overruled and the Stewart Report is admissible.


SO ORDERED.

Dated:    New York, New York
          May 13, 2013

                                  John F. Keenan
                         United States District Judge
                                  Part I