*The Clerk of the Court is directed to docket this letter. SO ORDERED.*

*Shira A. Scheindlin, USDJ*

*8/27/13*

8/27/13

**THE CITY OF NEW YORK**

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**HEIDI GROSSMAN**
*Deputy Chief, Special Federal Litigation*
Phone: (212) 356-3503
Fax: (212) 788-9776
hgrossma@law.nyc.gov

August 27, 2013

**BY E-MAIL**

Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *Floyd v. City of New York*, 08 Civ. 1034 (SAS)
     *Ligon v. City of New York, et al.*, 12 Civ. 2274 (SAS)

Your Honor:

    We write on behalf of defendants in the above-referenced cases to seek a stay of the injunctive relief ordered in this Court's Remedies Opinion and Order, dated August 12, 2013, (the "Remedies Order"; *Floyd* Dkt. 372; *Ligon* Dkt. 120), issued in conjunction with this Court's Liability Opinion in *Floyd* on the same date (the "Liability Order"; *Floyd* Dkt. 373), and the amended preliminary injunction Opinion in *Ligon*, issued on February 14, 2013 (*Ligon* Dkt. 105), collectively "the District Court Orders." On August 16, 2013, defendants filed Notices of Appeal of the District Court Orders to the Court of Appeals for the Second Circuit (copies of the Notices without enclosures are enclosed). Defendants now respectfully seek a stay of the Remedies Order pending appeal, pursuant to Federal Rules of Appellate Procedure 8(a)(1).

    Defendants respectfully seek a stay because we believe that the District Court Orders are erroneous as matters of law, and because implementation of the broad-sweeping panoply of remedies based on such errors are likely to cause irreparable harm to defendants and the public safety. At the same time, individuals who believe they are aggrieved during the pendency of the requested stay will still have full opportunity to litigate any claims for money damages due to alleged unconstitutional stop and frisk activity.

    The Second Circuit test for a stay pending appeal is "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected." *LaRouche v. Kezar*, 20 F.3d 68, 72 (2d Cir. 1994) (internal quotation marks and citations omitted). In this Circuit, "the degree to which a factor must be present varies with the strength of the other factors, meaning that more of one factor excuses less of the other." *In re World Trade Center*

*Disaster Site Litigation,* 503 F.3d 167, 170 (2d Cir. 2007) (internal punctuation marks and citations omitted).

In these cases, the application of all four factors supports issuance of the stay. First, defendants have a substantial likelihood of success on appeal. Defendants contend, *inter alia,* that: (1) the District Court erred in finding violations under the Fourth Amendment; (2) the District Court erred in finding violations in *Floyd* under the Fourteenth Amendment; and (3) the District Court erred in finding any actionable widespread pattern or practice, deliberate indifference or causation under *Monell v. Dep't of Soc. Servs.,* 436 U.S 658 (1978). Finally, the injunctive relief ordered in *Floyd,* is not narrowly tailored or clear enough to address found wrongs, particularly as it has no discernible end point or standards to measure success.

Second, irreparable harm is imminent. Pursuant to the Remedies Order, the Monitor, Peter Zimroth, Esq., has already scheduled a meeting with the parties on September 4, 2013. The heart of the first stage of the Remedies Order is a four-pronged plan with specific elements of Immediate Relief that must be implemented which, for the most part, hinges on this Court's erroneous view of the law. That each element is to go through the Monitor process and final approval of the Court does not lessen the immediacy of the harm. For example, the Finest Message, which must be transmitted "as soon as practicable," is supposed to communicate to NYPD officers the findings and rulings of the Liability Order. It follows that the mandated training component of Immediate Relief is to be consistent with the articulations in the Finest Message. However, as stated above, defendants are likely to succeed in demonstrating on appeal that the Liability Order is rife with errors of law. The sweep of the Liability Order requires retraining and re-articulation of fundamentals of policing, and the Finest Message and retraining components of the Immediate Relief involve much more than a directive to take, or refrain from taking, one or two concrete acts. Thus, not only will defendants be harmed by having to train on what they believe are errors of law, should defendants later prevail on the appeal, the officers will have to be retrained again, undoubtedly leading to severe and possibly irreparable disruption and confusion among the rank and file. Similar issues arise with regard to changes in monitoring, supervision, discipline and changing the UF250 form, as they are premised on the same errors of law. Finally, implementing a body camera pilot project itself poses significant harm in terms of time, resources and possible impingement on privacy rights of the public. The non-specifics of the second stage of the Remedies Order, the Joint Remedial Process, in and of themselves create an improper injunction. The *Ligon* remedies, now deemed final in the Remedies Order, are ready to be implemented.

Moreover, an unjustified incursion into the municipality's authority to police its citizens violates principles of federalism, thereby creating a constitutional harm which is always irreparable. *United States v. Bloomberg,* 2013 U.S. App. LEXIS 2792 (2d Cir. Feb. 7, 2013) (granting stay pending appeal where irreparable harm was based solely on threat to federalism); *see United States v. Fell,* 571 F.3d 264, 268 (2d Cir. 2009) (Raggi, J., concurring), *cert. denied,* 559 U.S. 1031 (2010) (collecting cases on the constitutional nature of federalism principles); *Bery v. City of New York,* 97 F.3d 689, 694 (2d Cir. 1996) (finding that constitutional harm is irreparable). Where the exercise of discretionary municipal authority is enjoined, "federal courts must be constantly mindful of the special delicacy of the adjustment to be preserved between federal equitable power and the [locality]'s administration of its own law." *Rizzo v. Goode,* 423 U.S. 362, 378 (1976) (citations and internal quotation marks omitted); *accord, Reynolds v.*

*Giuliani*, 506 F.3d 183, 198 (2d Cir. 2007). These concerns are heightened where, as here, a federal court interferes with a locality's discretion in how best to protect public safety. *See Gonzales v. Oregon*, 546 U.S. 243, 270 (2006); *Locurto v. Giuliani*, 447 F.3d 159, 178-79 (2d Cir. 2006).

Third, the public interest at stake in staying the Remedies Order is no less than the creation of an environment that may stem and reverse the long-standing record of crime reduction in this city. As that crime reduction has been most heavily felt in minority communities, it is those communities that will suffer the most. If officers are required to be trained on erroneous principles of Fourth and Fourteenth Amendment law, the enforcement action that can no longer take place will certainly jeopardize potential crime victims. Less measurable perhaps, but nevertheless quite likely, is that the sheer confusion that will arise even from the Finest Message will simply lead to less enforcement action in general. Of course, public safety may also suffer if police resources are spent off the street on retraining and body camera logistics instead of on actually policing. Finally, the cost to the taxpayers to implement the open-ended and broad-sweeping Remedies Order is against the public interest when the liability foundation for the reforms has not been tested, when body cameras (and their concomitant logistics, like storage, retrieval, etc.) have never been used on as a large a scale as contemplated by the Remedies Order, and when no end date or monetary limit of any kind has been established for the Monitor – and the personnel he is permitted to hire, including experts. Moreover, should the City ultimately prevail on appeal, those scarce public funds will have been expended to no purpose.

In weighing the equities, as the Second Circuit standard requires, the Remedies Order should be stayed. Only a showing of "great and immediate" irreparable harm to plaintiffs would outweigh a threat to the balance of federalism. *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988), *citing Younger v. Harris*, 401 U.S. 37, 46 (1971). Defendants are not cavalierly dismissing the possibility that stop and frisk activity may occur during the pendency of the appeal that is inconsistent with this Court's determination of the merits. However, as has been the case for decades, an aggrieved party may still bring a §1983 action against the City for any individual damages. Thus, members of the plaintiff class will not be deprived of a remedy at law during the stay. The realities of the effect of the Court's order on policing and retraining officers who have exercised their duties in good faith heretofore must be taken into account, and the public must be safeguarded, particularly when the courts are still available to those who believe they are aggrieved. Further, as the Remedies Order prescribes prospective relief, it should not be ignored that the number of UF250s has decreased over time – a fact that the Court has not included in its reform calculus, *e.g.*, per NYPD reports to the City Council, UF 250s for the Second Quarter of 2012 were 133,934, compared to 58,088 for the Second Quarter of 2013.

Defendants thank the Court for its consideration and respectfully request, in advance of

the new SDNY rule permitting ECF filing of correspondence effective September 2013, that the Court file this application on the dockets in both *Floyd* and *Ligon*.*

Respectfully submitted,

Heidi Grossman
Linda Donahue
Assistants Corporation Counsel
Special Federal Litigation Division

Encs.
cc:   Darius Charney, Esq.  (via email)
      Chris Dunn, Esq.  (via email)

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

DAVID FLOYD, et al.,

Plaintiffs,

**NOTICE OF APPEAL**

08-CV-1034 (SAS)

-against-

CITY OF NEW YORK,

Defendant.

------------------------------------------------------------------------x

      **PLEASE TAKE NOTICE** that defendant hereby appeals to the United States

Court of Appeals for the Second Circuit, from ECF Document 372 the remedial opinion and

order, dated August 12, 2013 and ECF Document 373 opinion and order, dated August 12, 2013

of the Honorable Shira A. Scheindlin and both entered in the docket on August 12, 2013. This

appeal is taken from each and every part of said opinions and orders as well as from the whole

thereof.

Dated:      New York, New York
           August 16, 2013

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendant
                              100 Church Street
                              New York, New York 10007
                              (212) 356-2500

                 By:                              
                                LEONARD KOERNER
                                Chief, Appeals Division

CLERK
Southern District

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JAENEAN LIGON, et al.,

                                      Plaintiffs,

              -against-

CITY OF NEW YORK, et al.,

                                    Defendants.
-----------------------------------------------------------------x

**NOTICE OF APPEAL**

12-CV-2274 (SAS)

      **PLEASE TAKE NOTICE** that defendants hereby appeal to the United States Court of Appeals for the Second Circuit, from ECF Document 120 the remedial opinion and order, docketed on August 12, 2013, ECF Document 105 the amended opinion and order, docketed on February 14, 2013 and ECF Document 106 the order, docketed on February 14, 2013 of the Honorable Shira A. Scheindlin. This appeal is taken from each and every part of said remedial opinion and order and amended opinion and orders as well as from the whole thereof.

Dated:       New York, New York
              August 16, 2013

                                           MICHAEL A. CARDOZO
                                           Corporation Counsel of the
                                            City of New York
                                          Attorney for Defendants
                                          100 Church Street
                                          New York, New York 10007
                                          (212) 356-2500

                    By:                                             
                                          LEONARD KOERNER
                                          Chief, Appeals Division

CLERK
Southern District