UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
DAVID FLOYD, et al.,                                         :

        Plaintiff,                                         :

   -against-                                                    :

CITY OF NEW YORK, et al.,                                :

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No.  08 Civ. 1034 (SAS)

**AFFIDAVIT OF EDWARD D. MULLINS**

Edward D. Mullins, being sworn, states as follows:

1. I am currently a full-time sergeant with the New York City Police Department ("NYPD"), and the President of the Sergeants Benevolent Association (the "SBA"), the proposed-intervenor in this action. I have personal knowledge of the facts contained herein.

2. The SBA is an independent municipal police union whose membership consists of approximately 13,000 active and retired sergeants of the NYPD. It is the fifth-largest police union in the country, and the country's largest superior officers union. The SBA is recognized by the City of New York (the "City") as the sole and exclusive bargaining representative for all NYPD sergeants.

3. The SBA's central mission is to advocate for, and protect the interests of, its NYPD police sergeant members.

4. I was appointed to the NYPD in January 1982. Prior to my election as SBA President on July 1, 2002, I served ten years on patrol in Manhattan, and was promoted to detective in 1992. In 1993, I was promoted to sergeant, and was assigned to the 19th Precinct, as well as the Detective Bureau in Brooklyn South, where I served in the 67th Precinct Detective Squad, the Special Victims Squad, and the Kings County District Attorney's Office.  As

- 2 -

President of the SBA, I also am a Trustee of the New York City Police Pension Fund.

5. I received a Bachelor's degree from Concordia College while working full-time as a sergeant, and a Master's degree in organizational leadership from Mercy College.

6. I have reviewed the proceedings in this matter, including particularly the opinions issued by the Court in August, and believe that intervention by the SBA will be of benefit to the Court and the Monitor appointed by the Court, and will be critical to the protection of the rights and interests of the SBA's members. As this Court recognized, sergeants are uniquely responsible for matters involving "stop, question and frisk" procedures, and they are required to both carry out and supervise these procedures.

7. The NYPD police sergeants are at the front line of police services in the City generally. Among other things, a sergeant is responsible for supervising patrolmen and other subordinate officers, and to implement policies of the NYPD on the street level. A sergeant is required to train, instruct, monitor, and advise subordinates in their duties, and is held directly responsible for the performance of those subordinates.

8. In addition to supervisory responsibilities, a sergeant also routinely performs field police work, which typically consists of relatively complex law enforcement activities with which only sergeants are entrusted.

9. A sergeant often spends the entire work day in the field patrolling streets in his or her precincts, either in uniform or in plain clothes conducting surveillance.

10. Sergeants also patrol in the field in cars, unmarked vans, on foot, and on horseback. They are directly dispatched to more difficult and complex calls, are expected to determine and verify probable cause in all arrests in their units, and are the only police officers authorized to use certain types of non-lethal weapons, such as Tasers.

- 3 -

11. Sergeants are also required to prepare various law enforcement reports and are ultimately responsible for all paperwork in their units.

12. In addition, in the event that a sergeant does not carry out his job adequately, he or she can be disciplined by the NYPD. This includes the anticipated new responsibilities and duties sergeants will have under the Court's remedies relating to "stop, question and frisk" procedures, and thus will directly affect the SBA membership, including financially and in terms of career advancement in the NYPD.

13. Although the City and the SBA may have some overlapping interests with regard to the matters in this case and the development of reform procedures as ordered by the Court, those interests are not identical. The SBA believes that it has an important role as the representative of its members distinct from the City, and respectfully submits that intervention will assure proper representation of sergeants in this matter, and provide the Court and the Monitor with important information relative to the issues in dispute.

*Ed Mullins*

_____
Ed Mullins

Sworn to before me this 10 day of September, 2013

_Peter A Baglio_
Notary Public

PETER A. BAGLIO
Notary Public, State of New York
No. 01BA6101899
Qualified in Nassau County
Commission Expires November 17, 2015