```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/30/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID FLOYD, *et al.*,

                Plaintiffs,

-against-

CITY OF NEW YORK,

                Defendant.

JAENEAN LIGON, *et al.*,

                Plaintiffs,

-against-

CITY OF NEW YORK, *et al.*,

                Defendants.

**ORDER MODIFYING**
**REMEDIAL ORDER**

08 Civ. 1034 (AT)

12 Civ. 2274 (AT)

ANALISA TORRES, District Judge:

       For the reasons stated in an Opinion and Order of even date, and pursuant to the directive of the United States Court of Appeals for the Second Circuit to "effectuate a settlement," Mandate and Opinion, (Feb. 21, 2014), *Floyd*, ECF No. 426; *Ligon*, ECF No. 166,[1]

       IT IS ORDERED that paragraph 12 on page 13 of the Remedial Order, *Floyd*, ECF No. 372; *Ligon*, ECF No. 120,[2] is deleted and the following is substituted in its place:

> 12.   a. The Monitor's position will come to an end in *Floyd* no sooner than three years after the Court's entry of the final order approving the Immediate Reforms to be developed in *Floyd* and if and only if the City can show by a preponderance of the evidence at that time that it has achieved substantial compliance with all of the Immediate and Joint Process Reforms to be approved and so-ordered by the Court in *Floyd*. If the City fails to make such showing, the Monitor's position will continue until such time as the City can make the required showing of substantial compliance.

---

[1] Published as *Ligon v. City of New York*, 743 F.3d 362 (2d Cir. 2014).
[2] Published as *Floyd v. City of New York*, 959 F. Supp. 2d 668 (S.D.N.Y. 2013).

    b. The Monitor's position with respect to the preliminary injunctive relief in *Ligon* will come to an end no sooner than three years after the Court's entry of the final order approving the preliminary injunctive relief set forth in Section III of this Order, entitled "Remedies in *Ligon*" (the "*Ligon* Preliminary Injunctive Relief") and if and only if the City can show by a preponderance of the evidence at that time that it has achieved substantial compliance with all of the *Ligon* Preliminary Injunctive Relief. If the City fails to make such showing, the Monitor's position will continue until such time as the City can make the required showing of substantial compliance.

    c. "Substantial compliance" in *Floyd* shall be defined as compliance with all material aspects of the Immediate and Joint Process Reforms to be approved and so-ordered by the Court. "Substantial compliance" in *Ligon* shall be defined as compliance with all material aspects of the *Ligon* Preliminary Injunctive Relief. In either case, noncompliance with mere technicalities, or temporary failure to comply during a period of otherwise sustained compliance will not constitute a failure of substantial compliance. However, temporary compliance during a period of otherwise sustained non-compliance shall not constitute substantial compliance.

    d. Substantial compliance shall be measured using the milestones to be set by the Monitor pursuant to paragraph 5 above.

  The Clerk of Court shall terminate the motions at ECF No. 456 in *Floyd* and ECF No. 188 in *Ligon*.

  SO ORDERED.

Dated: July 30, 2014
   New York, New York

                _____
                 ANALISA TORRES
                 United States District Judge