UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/22/16
```

DAVID FLOYD, *et al.*,

                    Plaintiffs,

-against-

CITY OF NEW YORK,

                    Defendant.

JAENEAN LIGON, *et al.*,

                    Plaintiffs,

-against-

CITY OF NEW YORK, *et al.*,

                    Defendants.

08 Civ. 1034 (AT)

12 Civ. 2274 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      By letter dated October 12, 2016, the Monitor notified the Court that the NYPD and the New York City Council Speaker, Melissa Mark-Viverito, reached an agreement (the "Agreement") to revise Patrol Guide ("P.G.") Sections 203-09 (*Public Contact – General*), 204-09 (*Required Firearms/Equipment*), 212-11 (*Investigative Encounters: Requests for Information, Common Law Right of Inquiry and Level 3 Stops*), 218-13 (*Inventory Searches of Automobiles and Other Property*), and 221-16 (*Vehicle Checkpoints*). *Floyd*, ECF No. 533; *Ligon*, ECF No. 255. The proposed revisions to P.G. 212-11 add a requirement that an officer ask for consent to search "in a manner that elicits a clear 'yes' or 'no' response," state explicitly that he or she can only conduct the search if the individual consents, and inquire as to whether the person understands. *Id.* Attach. 1, at 2-3. In addition, the Agreement requires that an officer: carry contact cards (P.G. 204-09); provide a contact card upon request (P.G. 203-09); and offer a contact card whenever a voluntary search is conducted (P.G. 212-11), an owner consents to an

officer opening a locked item (P.G. 218-13), or an officer operates a vehicle checkpoint to identify drivers who are driving while intoxicated (P.G. 221-16). *Id.* at 1-4.

By letter dated October 13, 2016, the *Floyd* Plaintiffs argue that the Court is required, pursuant to this Court's prior orders, to approve the Agreement's modifications of P.G. 212-11 before they can be implemented by the NYPD. *Floyd*, ECF No. 534. Plaintiffs contend that these reforms fall within the scope of this litigation and, because the Court has previously approved amendments to P.G. 212-11, additional changes must likewise be approved. *Id.*

In the Remedies Opinion issued on August 12, 2013, the Court stressed that the scope of "the remedies imposed in this Opinion are as narrow and targeted as possible." *Floyd v. City of New York*, 959 F. Supp. 2d 668, 671 (S.D.N.Y. 2013). The Court appointed the Monitor "to develop, based on consultation with the parties, a set of reforms of the NYPD's policies, training, supervision, monitoring, and discipline regarding stop and frisk." *Id.* at 677. The Remedies Opinion requires the NYPD to "revise its policies and training regarding stop and frisk to adhere to constitutional standards," including "when a search into clothing or into any object found during a search may be conducted." *Id.* at 679. The opinion makes clear, however, that this language refers to limited non-consensual searches following a frisk. The opinion references the August 12, 2013 Liability Opinion at Part III.B, *id.* at 679 n.37, which discusses "searching into clothing for weapons," but only in the limited context of searches that follow a frisk, *see Floyd v. City of New York*, 959 F. Supp. 2d 540, 569 (S.D.N.Y. 2013).

In an order dated February 3, 2015, the Court instructed the Monitor to consult with the parties to develop final recommendations for the implementation of remedies that the Court would approve or deny. *Floyd*, ECF No. 476; *Ligon*, ECF No. 206. The Court later amended the order to add that the "Monitor shall submit for the Court's review any material changes to a

previously approved Final Recommendation. Changes that are not material do not require the Court's approval." *Floyd*, ECF No. 509; *Ligon*, ECF No. 231.

On August 24, 2015, the Court approved the Monitor's Final Recommendations regarding, among other things, P.G. 212-11, which had previously been titled *Stop and Frisk*. *Floyd*, ECF No. 517; *Ligon*, ECF No. 239. As part of these recommendations, P.G. 212-11 was re-titled *Investigative Encounters: Requests for Information, Common Law Right of Inquiry and Level 3 Stops*, *id.* at 6, and was broadened to "describe the types of encounters a uniformed member of the service may initiate with a member of the public during the course of his or her official duties, the level of knowledge required for each type of encounter, the scope of a police officer's authority for each type of encounter, the measures that are permissible to protect uniformed members of the service from injury while engaged in such encounters, and the procedures to be followed by a member of the service during these encounters," *id.* at 3-4; *see also id.* at 6-18.

Consensual searches are not the subject matter of this litigation and, therefore, the Court rejects Plaintiffs' argument that court approval of the Agreement is required. Accordingly, Plaintiffs' request is DENIED.

SO ORDERED.

Dated: November 22, 2016  
New York, New York

_____  
ANALISA TORRES  
United States District Judge