UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/19/2018
```

DAVID FLOYD, *et al.*,

          Plaintiffs,

-against-

CITY OF NEW YORK,

          Defendant.

08 Civ. 1034 (AT)

KELTON DAVIS, *et al.*,

          Plaintiffs,

-against-

CITY OF NEW YORK,

          Defendant.

10 Civ. 699 (AT)

JAENEAN LIGON, *et al.*,

          Plaintiffs,

-against-

CITY OF NEW YORK,

          Defendant.

12 Civ. 2274 (AT)

**ORDER REGARDING
DOCUMENTING POLICE-
CITIZEN ENCOUNTERS**

ANALISA TORRES, District Judge:

      In an opinion and order issued on August 12, 2013, the Court held that the New York City Police Department's (the "NYPD") stop-and-frisk practices violated Plaintiffs' Fourth and Fourteenth Amendment rights. *See Floyd v. City of New York*, 959 F. Supp. 2d 540 (S.D.N.Y. 2013). In a separate opinion issued the same day, the Court directed the NYPD to institute certain reforms to remedy its unconstitutional practices and appointed an independent monitor (the "Monitor") to oversee those reforms. *See Floyd v. City of New York*, 959 F. Supp. 2d 668 (S.D.N.Y. 2013). The Court also directed the parties to participate in a community-input process (the "Joint Remedial Process") under the guidance of a facilitator (the "Facilitator") to develop additional reforms. *Id.* at 686–88.

On May 15, 2018, the Facilitator issued his Final Report and Recommendations (the "Final Report"). Final Report, ECF No. 597. The Final Report is a 304-page document detailing the recent history of police-community relations in New York City, explaining the different stages of the Joint Remedial Process, and propounding fourteen recommendations for reform. *Id*. Among the reforms, the Facilitator recommends that the NYPD document all police-initiated encounters. *Id.* at 230–36. In other words, the Facilitator recommends requiring the NYPD to document encounters at the first and second levels of the four-level framework established in *People v. De Bour*, 40 N.Y.2d 210 (1976), not only at the third and fourth levels, as is currently required. *Id.* at 230–36. The Facilitator explains that documenting at all levels is essential to understanding "the extent to which police are initiating encounters on the basis of race." *Id.* at 233. The Facilitator states that this is especially so in light of decreased reports of third-level stops, and concerns—expressed by both the Monitor and community members—that officers are confusing first-, second-, and third-level encounters. *Id*.

To assist with the recording of lower-level encounters, the Facilitator recommends that the NYPD develop a mechanism by which police officers can electronically record (1) the level of the encounter, be it Level 1 or 2, (2) whether the encounter escalates to a Level 3, and (3) the approximate age, gender, race, and ethnicity of any person involved in the encounter. The mechanism itself would automatically record the time, date, and location of the encounter. *Id*. at 231. The Facilitator recommends against requiring that officers input "a narrative description" of the encounter, concluding that such a requirement would be "overly burdensome." *Id*. at 234. Finally, the Facilitator further recommends that the data collected on these lower-level encounters be published and publically accessible. *Id*. at 232.

Plaintiffs support documenting lower-level encounters, adding that "officers should be required to record a brief narrative of the facts surrounding [Level 2] encounter[s] and whether a consent to search was conducted." *See* Plaintiffs' Comments at 18–19, ECF No. 602. The NYPD argues, however, that the Facilitator's recommendation "is neither practical nor feasible." NYPD's Response, ECF No. 603. The Court concludes that further study on this recommendation is necessary. Accordingly, it is hereby ORDERED that:

1. By **September 13, 2018**, the parties shall submit a joint proposal for a pilot program, to be overseen by the Monitor, to study the electronic recording of first- and second-level police-citizen encounters. The proposal shall consider social science best practices. In developing the proposal, the parties shall consult with experts and the Monitor.

2. The proposal shall include:

    a. A timeline for the planning, implementation, and analysis of the data gathered during the implementation of the program;
    b. A plan for monitoring the program during the implementation stage;
    c. A description of the information officers shall be required to record; and
    d. A plan for measuring the effectiveness of recording first- and second-level encounters in reducing unconstitutional encounters.

3. After consulting the parties, the Monitor shall report to the Court whether the benefits of recording lower-level encounters outweigh the financial, administrative, and other costs, and whether the program should be expanded or terminated.  The City shall bear the cost of the pilot program.

SO ORDERED.

Dated: July 19, 2018
      New York, New York

_____
ANALISA TORRES
United States District Judge