USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/11/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID FLOYD, et al.<br><br>     Plaintiffs,<br><br>-against-<br><br>CITY OF NEW YORK<br><br>     Defendant. | 08 Civ. 1034 (AT) |
| KELTON DAVIS, et al.<br><br>     Plaintiffs,<br><br>-against-<br><br>CITY OF NEW YORK, et al.<br><br>     Defendants. | 10 Civ. 0699 (AT) |
| JAENEAN LIGON, et al.<br><br>     Plaintiffs,<br><br>-against-<br><br>CITY OF NEW YORK, et al.<br><br>     Defendants. | 12 Civ. 2274 (AT)<br><br>**CONFIDENTIALITY ORDER** |

  **WHEREAS,** the parties have consulted or will consult with the Monitor to help develop remedial measures throughout the course of the remedial phase of the above-captioned actions; and

  **WHEREAS,** the parties have met and will meet to help develop remedial measures throughout the course of the remedial phase of the above-captioned actions; and

**WHEREAS,** the parties may review and discuss Confidential Material during the course of such consultation; and

**WHEREAS,** all stakeholders' interests are best served by ensuring the confidentiality of information and materials discussed in the remedial phase of the above-captioned actions and clearly setting forth the terms by which Confidential Material will be handled; and

**WHEREAS,** without such a confidentiality order, the effectiveness of the remedial phase of these actions may be seriously compromised; and

**WHEREAS,** the participants' ongoing work during the remedial phase cannot succeed if any participant is caused to feel that its views expressed in a confidential context will be disclosed publicly; and

**WHEREAS,** the confidentiality order shall not compromise appropriate transparency, the Court being satisfied that the information provided by the Monitor to the Court and the public in his periodic reports and other public filings is complete and thorough;

**NOW, THEREFORE,** upon the Application of Peter Zimroth, Monitor, and for good cause, it is hereby ORDERED on this 11th day of October 2018:

1. The following definitions shall apply to this Confidentiality Order unless otherwise specified:

    a. "Confidential Material" shall mean documents, Sealed or Protected Material, data, communications and other materials or information shared by any party or the Monitor concerning the remedial aspects of the above-captioned actions, except as follows:

      i. Any information that has been obtained through a New York Freedom of Information Law ("FOIL") request, or information that: (1) is otherwise publicly available; or (2) has been publicly disclosed;

      ii. Statements that representatives or personnel of the City made in the presence of community stakeholders, as defined by the *Floyd/Ligon* Remedial Order;

      iii. Any information shared by any party or the Monitor if the party that shared the information (or the Monitor if the Monitor shared the information) agrees that the information should not be confidential.

b. "Plaintiffs' Counsel" shall mean any attorney assigned to represent the Class Representatives and Class Members in the above-captioned actions in any capacity, regardless of whether that attorney is an attorney of record in any of the above-captioned actions, their employers, and personnel of their employers.

c. "Class Representatives" shall mean the Named Plaintiffs in each of the above-captioned actions, as further defined in their respective proceedings.

d. "Class Members" shall mean the class defined by the court in *Floyd* and *Davis* and the class agreed upon by the parties in *Ligon*, as further defined in the proceedings in the above-captioned actions.

e. "City" shall mean the City of New York, and for purposes of this Confidentiality Order, shall be construed to specifically include the New York City Law Department ("Law Department") and the New York City Police Department ("NYPD") unless otherwise noted herein.

    f. "*Floyd/Ligon* Remedial Order" shall mean the joint Opinion and Order in *Floyd v. City of New York*, No. 08 Civ. 1034, dated August 12, 2013 (*Floyd*, ECF 372), as modified by the Order Modifying Remedial Order, dated July 30, 2014 (*Floyd*, ECF 466).

    g. "Sealed or Protected Material" shall mean any documents, records, or papers covered by at least one of the following statutes:

        i. N.Y. CRIM. PROC. LAW § 160.50;

        ii. N.Y. CRIM. PROC. LAW § 160.55;

        iii. N.Y. CRIM. PROC. LAW § 160.58;

        iv. N.Y. CRIM. PROC. LAW § 160.59;

        v. N.Y. CRIM. PROC. LAW § 720.35; or

        vi. N.Y. CIV. RIGHTS LAW § 50-a.

    h. "NYPD Police Union" shall mean any of the following labor unions representing certain ranks of the NYPD, including:

        i. the Patrolmen's Benevolent Association of the City of New York;

        ii. the Detectives' Endowment Association;

        iii. the Sergeants Benevolent Association;

        iv. the Lieutenants Benevolent Association; and

        v. the Captains Endowment Association.

2. The parties must refrain from disclosing Confidential Material publicly, including, but not limited to, in public statements.

3. The terms of this Confidentiality Order apply to Plaintiffs' Counsel and the City. They do not limit the ability of the Monitor or Facilitator to communicate and share information with the Court.

4. The parties may provide Confidential Material to experts and consultants retained by them to assist in the remediation of these matters, provided that these individuals keep such Confidential Material confidential and sign a confidentiality agreement approved by the Monitor.

5. Plaintiffs' Counsel may make any use of its own Confidential Material (i.e., material that originally became Confidential Material because Plaintiffs' Counsel shared it) without breaching this Confidentiality Order. Plaintiffs' Counsel may not disseminate other Confidential Material to anyone other than the parties and Monitor. Plaintiffs' Counsel may, however, show that Confidential Material to the Class Representatives and representatives of Communities United for Police Reform ("CPR"), a named stakeholder in the *Floyd/Ligon* Remedial Order. Before being shown that Confidential Material, the Class Representative or the CPR representative must sign a confidentiality agreement approved by the Monitor.

6. The City may make any use of its own Confidential Material (i.e., material that originally became Confidential Material because the City shared it) without breaching this Confidentiality Order.  The City may also share its own Confidential Material for operations pertaining to the NYPD, including sharing with other governmental entities, and such use will not be deemed a waiver of confidentiality. For the avoidance of doubt, any Confidential Material that the City shares with other governmental entities will lose its confidential status if those entities publicly disclose it.

7. The City may not disseminate others' Confidential Material (i.e., material that originally became Confidential Material because someone other than the City shared it) to anyone other than the parties and Monitor. The City may, however, show that Confidential Material to representatives of the NYPD Police Unions. Before being shown the Confidential Material, the NYPD Police Union representative must sign a confidentiality agreement approved by the Monitor.

8. Any party seeking to submit Confidential Material to the Court must give notice to all parties, five days before filing, of the Confidential Material that would be submitted. Any party that wishes to have the identified Confidential Material submitted under seal must petition the Court for that relief. That party must so move the Court for a sealing order at least 24 hours before the filing.

9. This Confidentiality Order augments but does not revoke, supersede, or modify any prior confidentiality orders from the Court or written agreements among the parties.

10. The parties may enter into ancillary confidentiality agreements, with additional measures related to specifically-identified Confidential Material. Any ancillary confidentiality agreement may not contradict or diminish any of the provisions in this order but may provide for additional procedures or requirements. If the parties agree to such an ancillary confidentiality agreement, it may be approved by the Monitor without further action by the Court.

11. This Confidentiality Order will survive the termination of the Court's jurisdiction in the above-captioned actions, and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. Any Confidential Material that is not

released by the City, obtained through FOIL, or otherwise made public, will remain confidential.

12. The Court shall retain jurisdiction over all persons subject to this Confidentiality Order to the extent necessary to enforce any obligations arising hereunder. Additionally, the Court reserves the right, in its sole discretion, to modify this Confidentiality Order at any time.

SO ORDERED.

Dated: October 11, 2018
      New York, New York

_____
HONORABLE ANALISA TORRES
United States District Judge