```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| DAVID FLOYD, et al., <br><br>                    Plaintiffs, <br><br> -against- <br><br> CITY OF NEW YORK, <br><br>                    Defendant. | USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #: _____ <br> DATE FILED: _11/20/2018_ <br><br><br> 08 Civ. 1034 (AT) |
| KELTON DAVIS, et al., <br><br>                    Plaintiffs, <br><br> -against- <br><br> CITY OF NEW YORK, <br><br>                    Defendant. | 10 Civ. 699 (AT) |
| JAENEAN LIGON, et al., <br><br>                    Plaintiffs, <br><br> -against- <br><br> CITY OF NEW YORK, <br><br>                    Defendant. | 12 Civ. 2774 (AT) <br><br> **ORDER REGARDING FACILITATOR'S <u>RECOMMENDATION NO. 1</u>** |

ANALISA TORRES, District Judge:

In an opinion and order issued on August 12, 2013, the Court held that the New York City Police Department's (the "NYPD") stop-and-frisk practices violated Plaintiffs' Fourth and Fourteenth Amendment rights. *See Floyd v. City of New York*, 959 F. Supp. 2d 540 (S.D.N.Y. 2013). In a separate opinion issued the same day, the Court directed the NYPD to institute certain reforms to remedy its unconstitutional practices and appointed an independent monitor (the "Monitor") to oversee those reforms. *See Floyd v. City of New York*, 959 F. Supp. 2d 668 (S.D.N.Y. 2013). The Court also directed the parties to participate in a community-input process (the "Joint Remedial Process") under the guidance of a facilitator (the "Facilitator") to develop additional reforms. *Id.* at 686–88.

On May 15, 2018, the Facilitator issued his Final Report and Recommendations (the "Final Report").  Final Report, ECF No. 597.  The Final Report is a 304-page document detailing the recent history of police-community relations in New York City, explaining the different stages of the Joint Remedial Process, and propounding fourteen recommendations for reform. *Id*.  The Facilitator's first recommendation ("Recommendation No. 1") is that the Court order the NYPD "to develop a program for systematically receiving, assessing, and acting on information regarding adverse findings on the conduct of police officers involving illegal stops or illegal trespass enforcements."  *Id.* at 219.  The Facilitator explains that "the value of this approach may be . . . to identify patterns and practices within commands, precincts, squads, and individual units."  *Id.* at 222.  He further states that such a program will allow the information "to be reviewed systematically and analyzed by supervisors and officers as a matter of course, fostering greater accountability."  *Id.* at 221.  The Facilitator also notes that the NYPD Office of the Inspector General has stated that "[t]he proper collection and analysis of police litigation data has the potential to reduce police misconduct, improve public safety, control costs, identify training opportunities, strengthen public confidence, and advance law enforcement oversight."  *Id.* at 220 (citation omitted).

The Court has reviewed the parties' comments concerning Recommendation No. 1, including Plaintiffs' comments dated June 8, 2018, ECF No. 602, and July 16, 2018, ECF No. 616; the City of New York's comments dated June 8, 2018, ECF No. 603, and July 16, 2018, ECF No. 617; and the Patrolmen's Benevolent Association of the City of New York's comments dated July 9, 2018, ECF No. 613.

Accordingly, it is hereby ORDERED that by **January 7, 2019**, the NYPD shall, after consultation with the Monitor, submit for approval a plan to implement "a program for systematically receiving, assessing, and acting on information regarding adverse findings on the conduct of police officers involving illegal stops or illegal trespass enforcements."  Final Report at 219.  Such information shall include "(a) declinations of prosecutions by the District Attorneys in New York City; (b) suppression decisions by courts precluding evidence as a result of unlawful stops and searches; (c) court findings of incredible testimony by police officers; (d) denials of indemnification and/or representation of police officers by the New York City Law Department; and (e) judgments and settlements against police officers in civil cases where, in the opinion of the New York City Law Department, there exists evidence of police malfeasance."  *Id.*

SO ORDERED.

Dated: November 20, 2018
       New York, New York

_____
ANALISA TORRES
United States District Judge