UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID FLOYD, *et al.*,<br>　　　　　　　　Plaintiffs,<br><br>　　　　-against-<br><br>CITY OF NEW YORK,<br>　　　　　　　　Defendant. | 08 Civ. 1034 (AT) |
| KELTON DAVIS, *et al.*,<br>　　　　　　　　Plaintiffs,<br><br>　　　　-against-<br><br>CITY OF NEW YORK, *et al.*,<br>　　　　　　　　Defendants. | 10 Civ. 0699 (AT) |
| JAENEAN LIGON, *et al.*,<br>　　　　　　　　Plaintiffs,<br><br>　　　　-against-<br><br>CITY OF NEW YORK, *et al.*,<br>　　　　　　　　Defendants. | 12 Civ. 2274 (AT)<br><br>**[PROPOSED]**<br>**ORDER IMPLEMENTING THE NEW YORK CITY POLICE DEPARTMENT'S PLAN FOR AN EARLY INTERVENTION SYSTEM** |

**WHEREAS,** the Court ordered the NYPD to consult with the Monitor and submit for approval a plan to implement a program for systematically receiving, assessing, and acting on information regarding adverse findings on the conduct of police officers involving illegal stops or illegal trespass enforcements; and

**WHEREAS,** the Court determined that the required information shall include: (a) declinations of prosecutions by the District Attorneys in New York City; (b) suppression decisions by courts precluding evidence as a result of unlawful stops and searches; (c) court findings of incredible testimony by police officers; (d) denials of indemnification and/or

1

representation of police officers by the New York City Law Department; and (e) judgments and settlements against police officers in civil cases where, in the opinion of the New York City Law Department, there exists evidence of police malfeasance; and

**WHEREAS,** the NYPD has consulted with the Monitor and finalized a plan to implement the above program;

**NOW, THEREFORE,** it is hereby ORDERED on this _____ day of _____ 2020 that:

1. The NYPD shall systematically receive the following categories of information in the manner described herein:

a. The NYPD shall systematically receive decline to prosecute forms from the District Attorney's Offices of Bronx County, Kings County, New York County, Queens County, and Richmond County (collectively, "District Attorney's Offices") regarding all declinations of prosecutions falling into any of the following categories:

    (i)     complainant or witness failed to positively identify defendant; or

    (ii)     incorrect or missing paperwork; or

    (iii)     insufficient evidence; or

    (iv)     lack of element of crime; or

    (v)     lack of jurisdiction; or

    (vi)     lack of nexus between defendant and crime; or

    (vii)     mere presence of defendant at location; or

    (viii)     no personal observation of violation by arresting officer; or

    (ix)     potential search and seizure issues; or

  (x) unavailability of arresting officer.

b. The NYPD shall systematically receive from the Office of Court Administration, the United States Attorney's Office for the Eastern District of New York, and the United States Attorney's Office for the Southern District of New York, the following types of documents in cases in which evidence was precluded as a result of unlawful stops and searches, to the extent that they are available:

  (i) transcripts of suppression hearings; and

  (ii) written opinions or decisions, if available, which suppressed evidence.

When required by New York State law, the NYPD shall file an unsealing application to obtain the above information.

c. The NYPD shall systematically receive from the District Attorney's Offices, the Office of the Corporation Counsel, the United States Attorney's Office for the Eastern District of New York, and the United States Attorney's Office for the Southern District of New York, the following types of documents in cases regarding court findings of incredible testimony, to the extent that they are available:

  (i) transcripts of hearings regarding court findings of incredible testimony; and

  (ii) written opinions or decisions regarding court findings of incredible testimony.

When required by New York State law, the NYPD shall file an unsealing application to obtain the above information.

d. The NYPD shall systematically receive summonses, complaints, notices of claim, and other relevant litigation data from the New York City Law Department ("Law Department"), in civil cases where the Law Department refused to indemnify or represent an officer.

e. The NYPD shall systematically receive summonses, complaints, notices of claim, and other relevant litigation data from the Law Department and the New York City Comptroller's Office, in civil cases with judgments or settlements against an officer where there exists evidence of police malfeasance.

    2. The NYPD shall systematically assess the following categories of information in the manner described herein:

a. The NYPD shall utilize an Early Intervention Committee ("Committee") to systematically assess information regarding adverse findings on the conduct of Subject Officers involving illegal stops or illegal trespass enforcements. The Committee shall be comprised of executive-level personnel representing the Deputy Commissioner of Legal Matters, the Deputy Commissioner of Equity and Inclusion, the Risk Management Bureau ("RMB"), the Chief of Department, the Chief of Detectives, the Chief of Patrol, and the Chief of Personnel. The Committee must convene no less than once every three months.

b. NYPD shall designate personnel to compile the above categories of information on a regular basis and identify officers who may require early intervention ("Subject Officers"). The designated NYPD personnel shall enter the compiled information into an database, and ensure that the compiled information is transmitted to the Committee.

c. The Committee must assess an officer's need for remedial intervention when a Subject Officer crosses designated thresholds. A Subject Officer crosses a designated threshold when he or she:

    (i) receives three or more declinations of prosecution relating to the categories specified in Paragraph 1(a)(i)-(x) in a twelve-month period; or

4

(ii) receives a suppression decision in a case in which evidence was precluded as a result of an unlawful stop and search; or

(iii) receives a court finding of incredible testimony; or

(iv) is a named defendant in a lawsuit and the New York City Law Department has denied representation of the Subject Officer; or

(v) is a named defendant in a lawsuit and the New York City Law Department has refused to indemnify the Subject Officer; or.

(vi) is a named defendant in three or more commenced lawsuits in a twelve-month period; or

(vii) is a named defendant in six or more commenced lawsuits in the previous 5 years; or

(viii) is a named defendant in any lawsuit settled for at least $200,000.

3. The NYPD shall systematically act on the following categories of information in the manner described herein:

a. The Committee shall determine if intervention with respect to a Subject Officer is appropriate after reviewing: (1) all relevant details pertaining to the underlying facts of the incident or incidents that caused the Subject Officer to cross a threshold; (2) the Subject Officer disciplinary history; (3) the Subject Officer's tenure with the NYPD; (4) the Subject Officer's performance evaluations; and (5) the Subject Officer's past and current assignments. When appropriate, the Committee shall select from a range of interventions, including:

(i) refresher trainings; or

(ii) mentoring; or

      (iii)    monitoring; or

      (iv)    enhanced supervision; or

      (v)    change of assignment; or

      (vi)    referral for further investigation.

b. The Committee shall communicate the appropriate intervention to the Subject Officer's Commanding Officer, along with any other relevant internal stakeholders, in a written action plan, and return a copy of the written action plan to RMB. RMB must file the written action plan in a database. In the event that the Committee determines that no intervention is required, RMB shall log the non-intervention in a database.

c. The Commanding Officer, along with any other relevant internal stakeholders, shall ensure the Subject Officer's compliance with the Committee's recommended intervention contained in the written action plan. The Commanding Officer, and any other relevant internal stakeholders, shall also report back to both the Committee and designated RMB personnel on efforts to ensure compliance with the recommended intervention. RMB must track the efforts to ensure compliance in a database until the Commanding Officer and all other relevant internal stakeholders have ensured the Subject Officer's compliance with the recommended intervention.

Dated:  New York, New York
          _____, 2020

SO ORDERED:

_____
HONORABLE ANALISA TORRES
United States District Judge