UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

DAVID FLOYD, *et al.*,
                Plaintiffs,

-against-　　　　　　　　　　　　　　　　No. 08 Civ. 1034 (AT)

CITY OF NEW YORK, *et al.*,
                Defendants.
------------------------------------------------------------------- X

------------------------------------------------------------------- X

KELTON DAVIS, *et al.*,
                Plaintiffs,

-against-　　　　　　　　　　　　　　　　No. 10 Civ. 699 (AT)

CITY OF NEW YORK, *et al.*,
                Defendants.
------------------------------------------------------------------- X

## PLAINTIFFS' SUPPLEMENTAL SUBMISSION
## IN SUPPORT OF THEIR MOTION FOR EMERGENCY RELIEF

By this supplemental submission, Plaintiffs respectfully clarify the requested emergency relief due to the recent issuance of Emergency Executive Order No. 119, which imposes a curfew throughout New York City until June 8, 2020. Specifically, Plaintiffs clarify that the request for emergency relief includes (1) compelling the production of discovery concerning the New York City Police Department's ("NYPD") enforcement of the curfew, as well as social distancing directives; and (2) mandating expedited investigation of police practices relating to investigative encounters, stops, frisks, searches, summons and arrests during the COVID-19 pandemic, which include without limitation the enforcement of the curfew imposed during the pandemic. Given the current lack of available information regarding the NYPD's curfew enforcement, such enforcement is not included in Plaintiffs' other requests for emergency relief: (1) declaring that

the City is in violation of the Court's Liability Ruling (Dkt # 373), Remedial Order (Dkt # 372), and August 24, 2015 Order (Dkt # 517) in *Floyd v. City of New York*; and (2) temporarily enjoining the NYPD from enforcing the City's and the State's social distancing directives.

On June 2, 2020, Mayor de Blasio ordered "a City-wide curfew to be in effect each day from 8:00pm until 5:00am, beginning at 8:00pm on June 3, 2020 and ending at 5:00am on June 8, 2020. During this time, no persons or vehicles may be in public between the hours of 8:00pm and 5:00am." Emergency Exec. Order No. 119, City of New York, Office of the Mayor, June 2, 2020 ("Curfew Order"), at 2, https://www1.nyc.gov/assets/home/downloads/pdf/executive-orders/2020/eeo-119.pdf. Specifically exempted from this Curfew Order are "police officers, peace officers, firefighters, first responders and emergency medical technicians, individuals travelling to and from essential work and performing essential work, people experiencing homelessness and without access to a viable shelter, and individuals seeking medical treatment or medical supplies." *Id.*

When issuing the Curfew Order, Mayor de Blasio identified his prior Emergency Executive Order No. 98, extended by Emergency Executive Order No. 112, which "contains a declaration of a state of emergency in the City of New York due to the threat posed by COVID-19 to the health and welfare of City residents, and such declaration remains in effect." *Id.* at 1. The Curfew Order further states that "the City remains subject to State and City Declarations of Emergency related to the novel coronavirus disease, COVID-19" and that "the imposition of a curfew is necessary to protect the City and its residents from severe endangerment and harm to their health, safety and property." *Id.*

Like the NYPD's enforcement of social distancing directives, the enforcement of the Curfew Order falls squarely within the Court monitoring in the *Floyd* and *Davis* cases. As

delineated in the Curfew Order itself, police will encounter certain people who are lawfully in public during the hours between 8:00 pm and 5:00 am, requiring application of the *De Bour* framework for police investigative encounters of pedestrians. *See People v. De Bour*, 40 N.Y.2d 210 (1976). Thus, NYPD officers will have discretion to take various enforcement actions during investigative encounters related to the Curfew Order, including stops and any subsequent frisks, searches, summons and arrests.

By the Curfew Order's own terms, the curfew was issued in the context of the COVID-19 pandemic, which is the same emergency underlying the social distancing directives at issue in Plaintiffs' initial emergency motion. Given Plaintiffs' proffer of substantial evidence of ongoing racial discrimination in the NYPD's social distancing enforcement, *see* (*Floyd* Dkt # 760-761; *Davis* Dkt # 503, 505), Plaintiffs have legitimate concerns that enforcement of the Curfew Order is likewise facilitating discrimination against Black and Latinx people, including those encountered in and around public housing residences, through racial profiling and/or selective enforcement in violation of the *Floyd* and *Davis* orders. Plaintiffs are similarly concerned that, as demonstrated by evidence in social distancing enforcement, NYPD officers will engage in unjustified law enforcement actions against Black and Latinx people in violation of their Fourth Amendment rights and contrary to the *Floyd* and *Davis* orders when enforcing the Curfew Order.

The importance of a thorough and vigorous examination of the City's compliance with this Court's prior orders cannot be overstated, especially when it pertains to this Court's oversight of reforms to remedy a prior finding of intentional discrimination. As stated in this Court's Remedial Order, "If the reforms to stop and frisk are not perceived as legitimate by those most affected, the reforms are unlikely to be successful. Neither an independent Monitor, nor a municipal administration, nor this Court can speak for those who have been and will be most affected by the

NYPD's use of stop and frisk." *See Floyd* Remedial Order, (Dkt #372 at 29). And, yet, social protests reflecting public outrage at racially discriminatory policing have erupted in New York City in recent days. These protests are not only in response to the police killings of Black people and other forms of police violence in Black communities in New York City and nationwide. They also openly reflect and evince widespread condemnation of the discriminatory conduct by the NYPD that was central to the *Floyd* and *Davis* cases and that has persisted in COVID-19-related policing. Under any circumstances, it is imperative for the Court-appointed Monitor to fully oversee, contemporaneously monitor and thoroughly investigate valid concerns about ongoing violations of court orders and for Plaintiffs to participate in that investigation with access to discovery. But that is certainly the case when the legitimacy of the court monitoring reforms is at risk in the eyes of the public, especially those community members most directly impacted by the reforms at issue.

## CONCLUSION

For the foregoing reasons, *Floyd* and *Davis* Plaintiffs respectfully request that this Court include curfew enforcement in the emergency relief related to discovery to Plaintiffs and an expedited investigation by the Monitor. Plaintiffs timely clarify the requested emergency relief, merely one day after the Curfew Order was issued, with ample opportunity for the City to respond within the extended briefing schedule.

Dated: June 3, 2020
      New York, N.Y.                                        Respectfully submitted,

                                                                    /s/ Jin Hee Lee
                                                                      Jin Hee Lee
                                                                      Raymond Audain
                                                                      Kevin Jason
                                                                      Ashok Chandran
                                                                      John Cusick

Patricia Okonta
**NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.**
40 Rector Street, 5th Floor
New York, NY 10006
Tel: (212) 965-2200
jlee@naacpdlf.org

*Attorneys for Davis Plaintiffs*

/s/ Corey Stoughton
Corey Stoughton
Steven Wasserman
**THE LEGAL AID SOCIETY**
199 Water Street, 6th Fl.
New York, NY 10038
Tel: (212) 577-3367
cstoughton@legal-aid.org

*Attorneys for Davis Plaintiffs*

/s/ Dominique Day
Dominique Day
Jonathan C. Moore
Luna Droubi
**BELDOCK LEVINE & HOFFMAN LLP**
99 Park Avenue, Suite 1600
New York, NY 10016
Tel. (212) 490-0900

*Attorneys for Floyd Plaintiffs*

/s/ Darius Charney
Darius Charney
Lupe Aguirre
Omar Farah
Baher Azmy
**CENTER FOR CONSTITUTIONAL RIGHTS**
666 Broadway, 7th Floor
New York, NY 10012
Tel. (212) 614-6439

*Attorneys for Floyd Plaintiffs*