

*40 Rector Street, 5th Floor*
*New York, NY 10006*
*phone: 212-965-2200*

199 Water Street
New York, NY 10038
phone: 212-577-3300

November 9, 2020

**BY ELECTRONIC CASE FILING**
Honorable Analisa Torres
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    *Davis v. City of New York*, 10 Civ. 0699 (AT)
            *Floyd v. City of New York*, 08 Civ. 1034 (AT)
            *Ligon v. City of New York*, 12 Civ. 2274 (AT)

              Objection to IAB Procedure No. 620-58

Your Honor:

      We write on behalf of Plaintiffs in the three above-referenced matters to raise a limited objection to the Monitor's recommendations for revisions to the Internal Affairs Bureau ("IAB") Guide Procedure No. 620-58, Processing and Investigating Complaints of Profiling and Bias-Based Policing Patrol. Specifically, Plaintiffs' counsel objects to the definitions of "unsubstantiated" and "exonerated" dispositions in the protocol because the Monitor's recommended definitions would allow and deem officers "exonerated" even where there is credible evidence of misconduct. Plaintiffs respectfully submit alternative definitions that would clarify the distinctions between each disposition. Notably, Plaintiffs' proposed alternatives are more consistent with the definitions used by the Civilian Complaint Review Board ("CCRB") than the Monitor's recommended definitions.

      As this Court found, NYPD's internal profiling investigations into officer misconduct have long been inadequate. Liability Op.[1] at 106. Those problems continue to date, *see* Monitor's Tenth Rep.[2] at 74–75, and have acutely affected IAB's investigations into allegations of racial

---

[1] Citations to "Liability Op." refer to the Opinion and Order issued by the Court on August 12, 2013, and listed on the public docket of *Floyd v. City of New York*, No. 08 Civ. 1034, as Dkt. No. 373.
[2] Citations to "Monitor's Tenth Rep." refer to the Tenth Report of the Independent Monitor, dated December 16, 2019 and refiled as corrected on January 7, 2020, and listed on the public docket of *Floyd v. City of New York*, No. 08 Civ. 1034, as Dkt. No. 754.

profiling; over the entirety of this monitorship, IAB has yet to substantiate a *single* complaint of racial profiling, *id.* at 73. This failure to substantiate any profiling allegations renders the New York City Police Department ("NYPD") an anomaly even amongst police departments serving large cities,[3] and underscores the need for further clarity for IAB investigators.

As currently drafted, IAB Procedure No. 620-58 states that a complaint should be deemed "unsubstantiated" if "[t]here is insufficient credible evidence to prove or disprove the allegation." IAB Procedure No. 620-58 at 8. A complaint will be deemed "exonerated" if "[c]redible evidence exists that the alleged conduct occurred but it was lawful and proper." *Id.* at 9. These definitions provide no explanation of how to approach a scenario where investigators uncover credible evidence supporting both the complainant's and the subject officer's version of events. By contrast, the definitions of "substantiated" and "unfounded" dispositions do contain express directions on how to balance and weigh conflicting evidence; a complaint will only be substantiated if "credible evidence [that misconduct occurred] outweighs the evidence that the accused MOS did not commit the alleged misconduct," and a complaint will be deemed "unfounded" where "credible evidence [that no misconduct occurred] outweighs the evidence that the accused MOS did commit the alleged misconduct." *Id.* at 8–9.

Plaintiffs' counsel is concerned that the definitions of "unsubstantiated" and "exonerated" do not provide clarity to investigators on how to approach situations where credible evidence exists to support both the complainant's and the officer's version of events. Such situations are common in racial profiling investigations, which often lack direct evidence and instead rely significantly on testimonial evidence, trends analysis, and other circumstantial evidence. In such situations, there is likely to be *some* quantum credible evidence supporting different conclusions, requiring investigators to weigh the strength of evidence on each side. IAB has recognized as much, in specifying how to consider the weight of competing evidence in deciding whether to deem a complaint "substantiated" or "unfounded."

A literal reading of the existing definition of "exonerated" would afford investigators the discretion to exonerate an officer so long as *some* "credible evidence" supported the propriety of their acts—regardless of how much countervailing evidence supported a finding of misconduct. Thus, it is wholly possible that a complaint could satisfy the definitions of multiple different dispositions, with no guidance for investigators on how to decide between them. Such ambiguity risks inconsistent dispositions of materially identical cases, undermining confidence in the ultimate disposition of cases.

Take, for instance, an example of an officer who is accused of racial profiling by a Black complainant. The complainant testifies that the officer used a racial epithet in the course of the interaction, and an analysis of the officer's citations and arrests reveals that he has only ever arrested or cited Black people. The officer, for his part, generally denies engaging in profiling. Under the current definitions of IAB Procedure No. 620-58, an investigator could find both the complainant's and the officer's testimony credible, and have no guidance on which of three options to choose. Because the investigator found "[c]redible evidence" that the officer did not

---

[3] N.Y.C. Dep't of Investigation, *Complaints of Biased Policing in New York City: An Assessment of NYPD's Investigations, Policies, and Training* 20 (June 2019), https://www1.nyc.gov/assets/doi/reports/pdf/2019/Jun/19BiasRpt_62619.pdf.

engage in profiling, she could deem the complaint "exonerated." Or she could find that the complainant's testimony and the officer's history "outweighs" the officer's denial, deeming the complaint "substantiated." Or she could decide that the complainant's testimony and the officer's history do not "prove" the complaint, deciding the complaint is "unsubstantiated."

Plaintiffs' counsel raised these concerns to the Monitor's team and to counsel for the New York City Police Department (NYPD), proposing narrow edits and additional language to clarify when each designation should be used. Specifically, Plaintiffs proposed that the definitions of "unsubstantiated" and "exonerated" be amended as follows (proposed additions in underlined):

> **Unsubstantiated** – *There is insufficient credible evidence to prove or disprove the allegation. <u>Such a designation should be used when there are equal amounts of evidence supporting both the complainant's account and the subject officer's account.</u>*
>
> [. . .]
>
> **Exonerated** – *Credible evidence exists that the alleged conduct occurred but it was lawful and proper<u>, and the quantum of such evidence outweighs the evidence that the conduct was unlawful or improper</u>.*
>
> *The credible evidence does not have to establish to a certainty or beyond a reasonable doubt that the accused MOS committed the act of misconduct in order to substantiate the allegation. Rather, the credible need only establish that it is more likely than not that the accused MOS committed the act of misconduct.*

Counsel for the NYPD and the Monitor rejected these changes. Importantly, neither the NYPD nor the Monitor dispute that Plaintiffs' proposed additions are inaccurate or distort investigators' actual responsibilities. Rather, the Monitor asserted that the additions were not necessary in light of the IAB guide's use of the preponderance of the evidence standard to assess complaints, and could cause further confusion, given the definitions used in other NYPD documents. The Monitor further noted that the definitions mirror those included in the IAB guide submitted the Court in 2019. Finally, the Monitor stated that any confusion or ambiguity in the guide could be addressed in investigator training, although Plaintiffs have not been able to observe such a training.

The Monitor's explanation does not justify rejection of Plaintiffs' modest additions. It is no response to suggest that these ambiguities exist in other NYPD or IAB documents; a wrong cannot become right simply through repetition. And IAB stands out—both from divisions within other police departments and from other investigative bodies within New York City—for its failure to substantiate *any* allegations of biased policing over the entire course of this litigation; the need for further guidance for its investigators, regardless of guidance given to other agencies,

is apparent. CCRB, by contrast, substantiates far more allegations, and provides far more types of dispositions for complaints to ensure precision and consistency in its work.

Even if this Court were to consider the CCRB's definitions in creating standards for IAB investigators, however, those definitions actually support *Plaintiffs'* proposed edits. Notably, CCRB defines "unsubstantiated" complaints as those where the available evidence is insufficient to determine whether the officer did or did not commit misconduct. While the difference is slight, the nuance reflected in CCRB's definition of "unsubstantiated" is an important difference and supports Plaintiff's proposed additions to the IAB investigation guidelines. Where the CCRB asks whether the ***available*** evidence is enough to determine whether misconduct occurred, the Monitor's proposed IAB definition focuses on whether there is sufficient ***credible*** evidence to prove the allegation, imposing an additional opportunity for IAB investigators to make inappropriate credibility determinations. This is particularly troubling in light of this Court's finding that NYPD's internal investigations have consistently refused to find complainants credible—even where CCRB or other investigative bodies do. *See* Liability Op. at 107–08. To allow IAB investigators' subjective—and non-reviewable—credibility determinations to effectively end investigations into misconduct would render the complaint process meaningless. Plaintiffs' proposed edits make clear that a credibility determination alone should not mandate any particular disposition.

That the IAB guide was previously submitted to and approved by this Court is of no moment; IAB's persistent failure to substantiate complaints of racial profiling or address intradepartmental bias has only grown more apparent since the Court's approval of this language. Since this language was last submitted to the Court for approval, it has become increasingly evident that IAB investigators need clearer guidance, which Plaintiffs' proposed edits will provide. Nor can the NYPD promulgate ambiguous written policies and hope to correct any confusion in training—while denying Plaintiffs access to those very trainings. To date, Plaintiffs have not been afforded an opportunity to observe investigator training and have no way of knowing how investigators are told to handle this ambiguity. And in any event, the inclusion of Plaintiffs' proposed language would only serve to reinforce training.

\*   \*   \*

Plaintiffs' proposed additions are narrow, accurate, and clarifying. Neither the Monitor nor the NYPD has provided adequate justifications for rejecting them. Plaintiffs therefore request the Court reject the Monitor's submission, and incorporate Plaintiffs' proposed additions to the definitions of "unsubstantiated" and "exonerated" as detailed above.

                                                                   Respectfully submitted,

                                                                   _____/s Jennvine Wong_____

| | |
|---|---|
| Ashok Chandran<br>Jin Hee Lee<br>NAACP Legal Defense &<br>  Educational Fund, Inc.<br>40 Rector Street, 5th Floor<br>New York, NY 10006<br>212.965.2238 | Darius Charney<br>Omar Farah<br>Samah Sisay<br>Center for Constitutional Rights<br>666 Broadway, 7th Floor<br>New York, NY 10012 |
| Corey Stoughton<br>Molly Griffard<br>Jennvine Wong<br>The Legal Aid Society<br>199 Water Street<br>New York, NY 10038<br><br>*Counsel for* Davis *Plaintiffs* | Jonathan C. Moore<br>Luna Droubi<br>Marc Arena<br>Rebecca Pattiz<br>Katherine Q. Adams<br>Beldock, Levine & Hoffman, LLP<br>99 Park Avenue Suite<br>New York, NY 10016<br><br>*Counsel for* Floyd *Plaintiffs* |
| Jenn Rolnick Borchetta<br>Thomas Scott-Railton*<br>The Bronx Defenders<br>360 E 161st Street<br>Bronx, NY 10451 | |
| Christopher Dunn<br>Daniel Lambright<br>New York Civil Liberties Union<br>125 Broad Street<br>New York, NY 10004<br><br>*Counsel for* Ligon *Plaintiffs* | *Not admitted to practice in the Southern District of New York |

c.      All parties of record (via ECF)