# CRAVATH, SWAINE & MOORE LLP

| | | | | |
|---|---|---|---|---|
| JOHN W. WHITE | DAVID R. MARRIOTT | | KEVIN J. ORSINI | NICHOLAS A. DORSEY |
| EVAN R. CHESLER | MICHAEL A. PASKIN | WORLDWIDE PLAZA | MATTHEW MORREALE | ANDREW C. ELKEN |
| RICHARD W. CLARY | ANDREW J. PITTS | 825 EIGHTH AVENUE | JOHN D. BURETTA | JENNY HOCHENBERG |
| STEPHEN L. GORDON | MICHAEL T. REYNOLDS | NEW YORK, NY 10019-7475 | J. WESLEY EARNHARDT | VANESSA A. LAVELY |
| ROBERT H. BARON | ANTONY L. RYAN | | YONATAN EVEN | G.J. LIGELIS JR. |
| DAVID MERCADO | GEORGE E. ZOBITZ | TELEPHONE: +1-212-474-1000 | BENJAMIN GRUENSTEIN | MICHAEL E. MARIANI |
| CHRISTINE A. VARNEY | GEORGE A. STEPHANAKIS | FACSIMILE: +1-212-474-3700 | JOSEPH D. ZAVAGLIA | LAUREN R. KENNEDY |
| PETER T. BARBUR | DARIN P. MCATEE | | STEPHEN M. KESSING | SASHA ROSENTHAL-LARREA |
| THOMAS G. RAFFERTY | GARY A. BORNSTEIN | | LAUREN A. MOSKOWITZ | ALLISON M. WEIN |
| MICHAEL S. GOLDMAN | TIMOTHY G. CAMERON | | DAVID J. PERKINS | MICHAEL P. ADDIS |
| RICHARD HALL | KARIN A. DEMASI | CITYPOINT | JOHNNY G. SKUMPIJA | JUSTIN C. CLARKE |
| JULIE A. NORTH | DAVID S. FINKELSTEIN | ONE ROPEMAKER STREET | J. LEONARD TETI, II | SHARONMOYEE GOSWAMI |
| ANDREW W. NEEDHAM | DAVID GREENWALD | LONDON EC2Y 9HR | D. SCOTT BENNETT | C. DANIEL HAAREN |
| STEPHEN L. BURNS | RACHEL G. SKAISTIS | TELEPHONE: +44-20-7453-1000 | TING S. CHEN | EVAN MEHRAN NORRIS |
| KATHERINE B. FORREST | PAUL H. ZUMBRO | FACSIMILE: +44-20-7860-1150 | CHRISTOPHER K. FARGO | LAUREN M. ROSENBERG |
| KEITH R. HUMMEL | ERIC W. HILFERS | | KENNETH C. HALCOM | |
| DAVID J. KAPPOS | GEORGE F. SCHOEN | WRITER'S DIRECT DIAL NUMBER | DAVID M. STUART | |
| DANIEL SLIFKIN | ERIK R. TAVZEL | +1-212-474-1080 | AARON M. GRUBER | SPECIAL COUNSEL |
| ROBERT I. TOWNSEND, III | CRAIG F. ARCELLA | | O. KEITH HALLAM, III | SAMUEL C. BUTLER |
| PHILIP J. BOECKMAN | DAMIEN R. ZOUBEK | | OMID H. NASAB | |
| WILLIAM V. FOGG | LAUREN ANGELILLI | WRITER'S EMAIL ADDRESS | DAMARIS HERNÁNDEZ | |
| FAIZA J. SAEED | TATIANA LAPUSHCHIK | bgruenstein@cravath.com | JONATHAN J. KATZ | |
| RICHARD J. STARK | ALYSSA K. CAPLES | | RORY A. LERARIS | OF COUNSEL |
| THOMAS E. DUNN | JENNIFER S. CONWAY | | KARA L. MUNGOVAN | MICHAEL L. SCHLER |
| MARK I. GREENE | MINH VAN NGO | | MARGARET T. SEGALL | CHRISTOPHER J. KELLY |

November 20, 2020

<u>Floyd, et al. v. City of New York, 08-CV-1034 (AT)</u>
<u>Ligon, et al. v. City of New York, et al., 12-CV-2274 (AT)</u>
<u>Davis, et al. v. City of New York, et al., 10-CV-0699 (AT)</u>

Dear Judge Torres:

I am counsel to the Monitor, Peter L. Zimroth, and respectfully write in response to the letter that Plaintiffs filed in the above-captioned matters on November 9, 2020. (Letter from Jennvine Wong, No. 08-cv-1034 (AT), ECF No. 796, at 1 (Nov. 9, 2020) [hereinafter "Pls. Ltr."].) That letter objects to the Monitor's recent recommendation on provision 620-58 of the Internal Affairs Bureau ("IAB") Guide, which governs the IAB's investigations of complaints about police profiling. (*Id.*; Letter from Peter L. Zimroth, No. 08-cv-1034 (AT), ECF No. 793 to 793-1, at 1-10 (Oct. 26, 2020) [hereinafter "Oct. 2020 Rec."].) Specifically, Plaintiffs object to that provision's definitions of the circumstances in which investigators should find that allegations were "unsubstantiated" or subject officers were "exonerated." (Pls. Ltr. at 1.) Plaintiffs argue that those definitions are phrased in a way that may cause an investigator to think she should exonerate an officer even when evidence of that officer's innocence does not

outweigh evidence of misconduct, and they propose revisions to those definitions. (*Id.* at 2-3.) But because the definitions do not create the problem that Plaintiffs describe, and their proposed revisions would misstate the appropriate standard for arriving at investigative findings, this Court should approve IAB Guide 620-58 in the form that the Monitor recommended.

**I.    Background**

In December 2018, the Monitor filed a recommendation asking this Court to approve materials that govern how the IAB addresses complaints about police profiling. (Letter from Peter L. Zimroth, No. 08-cv-1034 (AT), ECF No. 676, at 1 (Dec. 20, 2018) [hereinafter "Dec. 2018 Rec."].) One of those materials was a version of IAB Guide 620-58, a provision that delineates procedures for the intake, classification, and investigation of profiling complaints. (*Id.*) After describing how the IAB should gather evidence about the allegations in those complaints, that provision explained how the IAB should use that evidence to arrive at investigative findings. (*Id.* at 9-10.) That explanation, which came from the guidelines that the IAB uses for all of its investigations, was as follows (*id.*):

> *Allegation Findings: each allegation must have a finding. This means that after a full and complete investigation and after considering all the evidence and information:*
>
> **Substantiated** – Credible evidence exists that the accused MOS committed the alleged act of misconduct and such credible evidence outweighs the evidence that the accused MOS did not commit the alleged misconduct.
>
> **Unsubstantiated** – There is insufficient credible evidence to prove or disprove the allegation.
>
> **Unfounded** – Credible evidence exists that the alleged act of misconduct did not occur or that the accused MOS did not commit the alleged act of misconduct and such credible evidence outweighs the evidence that the accused MOS did commit the alleged misconduct.

> ***Exonerated*** *– Credible evidence exists that the alleged conduct occurred but it was lawful and proper.*
>
> *If, after considering all the credible evidence, including that portion of the complainant's account found to be credible and including that portion of the officer's account found to be credible, the investigator finds that the credible evidence that the MOS committed an act of misconduct outweighs [the] credible evidence that the MOS did not commit the alleged act of misconduct, the complaint is substantiated. If, after considering all the credible evidence, including that portion of the complainant's account found to be credible and including that portion of the officer's account found to be credible, the investigator finds that the credible evidence that the officer committed an act of misconduct does not outweigh [the] credible evidence that the MOS did not commit the alleged act of misconduct, the complaint is not substantiated and may be found to be unfounded, unsubstantiated or exonerated, as the case may be.*
>
> *The investigator may make these determinations solely on the basis of the credibility of the complainant's and member's accounts, even if there is no other credible corroborating evidence.*

These definitions mirror not only the definitions used by the New York City Police Department ("NYPD") in other investigations, but also the definitions used by the Civilian Complaint Review Board in its investigations. Plaintiffs did not object to the Monitor's recommendation. Two weeks after that recommendation was filed, this Court approved and ordered adoption of the recommended version of IAB Guide 620-58. (Order, No. 08-cv-1034 (AT), ECF No. 677, at 2 (Jan. 3, 2019).)

Later in 2019, the Monitor team reviewed the IAB's profiling investigations and found them deficient in certain respects. To mitigate the discovered deficiencies, the Monitor recommended, and the NYPD adopted, several changes to the IAB's investigative protocols, including changes that accelerated contact between the IAB and complainants, assigned profiling investigations to a select group of investigators, and provided additional training to supervisory officers on reviewing those investigations. On October 26, 2020, the Monitor filed a recommendation asking this

Court to approve a revised version of IAB Guide 620-58 reflecting those changes.  (Oct. 2020 Rec. at 1-10.)  The revised version's account of how the IAB should arrive at findings for profiling allegations was completely unchanged from the version that this Court previously approved.  (*Compare id.* at 9-10, *with* Dec. 2018 Rec. at 9-10.)

Nevertheless, Plaintiffs filed an objection—not to the revised version's new content, but to its old content about investigative findings.  (Pls. Ltr. at 1.)  They contend that the language used to define "unsubstantiated" and "exonerated" could confuse an investigator about whether she should exonerate an officer even when evidence of the officer's innocence does not outweigh evidence of guilt, because the definition of "exonerated" says "[c]redible evidence *exists* that the alleged conduct occurred but it was lawful and proper."  (*Id.* at 2-3 (emphasis added).)  To address that alleged issue, Plaintiffs ask this Court to amend IAB Guide 620-58 to add this underlined language (*id.* at 3):

> **Unsubstantiated** – There is insufficient credible evidence to prove or disprove the allegation.  <u>Such a designation should be used when there are equal amounts of evidence supporting both the complainant's account and the subject officer's account.</u>
>
> **Exonerated** – Credible evidence exists that the alleged conduct occurred but it was lawful and proper, <u>and the quantum of such evidence outweighs the evidence that the conduct was unlawful or improper.</u>
>
> <u>The credible evidence does not have to establish to a certainty or beyond a reasonable doubt that the accused MOS committed the act of misconduct in order to substantiate the allegation.  Rather, the credible [evidence] need only establish that it is more likely than not that the accused MOS committed the act of misconduct.</u>

**II.    This Court Should Approve IAB Guide 620-58 in the Form that the Monitor Recommended**

This Court should reject Plaintiffs' proposed additions to IAB Guide 620-58 because the concern that those additions purport to address is unwarranted, and the

additions misstate the correct process for arriving at investigative findings. Plaintiffs' concern is unwarranted because that provision is already clear as to how to proceed when an investigator finds that evidence of the subject officer's innocence does not outweigh the evidence of guilt: if the evidence is in equipoise, she should choose "unsubstantiated" because "[t]here is insufficient credible evidence to prove or disprove the allegation"; and if the "evidence [of misconduct] outweighs the [other] evidence," she should choose "substantiated." (Oct. 2020 Rec. at 9-10.) Under neither circumstance would the investigator choose "exonerated." Those points about making findings are particularly clear to investigators for whom they are basic tenets of training and everyday practice.

Furthermore, Plaintiffs' proposed additions distort the investigative process by instructing that findings should be based on the "amounts" or "quantum" of available evidence, rather than the persuasive force of that evidence in making misconduct more or less likely. (Pls. Ltr. at 3.) Under those additions, an investigator would find a profiling allegation "unsubstantiated" if she were presented with two accounts, an inculpatory one that she credited and an exculpatory one that she did not. But declining to substantiate the complaint based on credible evidence simply because there were "equal amounts" of non-credible evidence pointing the other way (*id.* at 3-4), would obviously be a mistake.

Plaintiffs' newly proposed additions are unnecessary and would create needless confusion. Accordingly, this Court should reject those additions and reaffirm its January 3, 2019 order by approving IAB Guide 620-58 in the form that the Monitor recommended. *See Brown v. Plata*, 563 U.S. 493, 542 (2011) (explaining that a court should only modify its orders "as warranted by the exercise of its sound discretion").

Respectfully submitted,

/s/ Benjamin Gruenstein
Benjamin Gruenstein

CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700
bgruenstein@cravath.com

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312
BY ECF