# Appendix 1



**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007-2601

**JAMES E. JOHNSON**
*Corporation Counsel*

(212) 356-0800
FAX: (212) 356-0809
jajohnso@law.nyc.gov

February 21, 2020

Peter Zimroth, Esq.
Arnold & Porter LLP
250 West 55th Street
New York, NY 10019

> Re:  *David Floyd, et al. v. City of New York, 08 Civ. 1034 (AT);*
> *Kelton Davis, et al. v. City of New York, et al., 10 Civ. 668 (AT);*
> *Jaenean Ligon, et al. v. City of New York, et al., 12 Civ. 2274 (AT)*

Dear Mr. Zimroth:

By this letter, the City of New York seeks the modification of the process by which the New York City Police Department (NYPD) will achieve compliance with certain Facilitator recommendations, specifically, recommendation 4 and 5 concerning the activation of Body-Worn Cameras (BWCs) and documenting police encounters.

As you know, the Court, in response to the Facilitator's report, concluded that further study was needed on the recommendations for the activation of BWCs for Level 1 encounters, as well as additional documentation of Level 1 and 2 encounters.  The Court ordered the parties to submit a joint proposal for a pilot program to be overseen by the Monitor to provide further information about the benefits and burdens associated with the recommendations (the "Combined Pilot").  After significant deliberation, the City has decided to request the discontinuation of the Combined Pilot and instead voluntarily adopt and implement the material elements of the Facilitator's recommendations.  Doing so will, we believe, accomplish the goals of the recommendations without expending additional time and resources on a study about these recommendations.

1. **Expansion of Video-Recording**

NYPD is prepared to expand video-recording to the majority of Level 1 encounters and to require appropriate documentation of both Level 1 and Level 2 encounters.  We are proposing this solution in spite of the fact that a significant amount of work has already been undertaken in connection with the Combined Pilot.  As a result of that work, we are convinced that the Combined Pilot is fraught with issues that will make its execution and conclusions to be

drawn therefrom difficult in the extreme. Among those issues are: the difficulty in selecting commands for the pilot; the question of whether a sufficient number of officers would voluntarily participate in the Combined Pilot; and the significant safety and privacy concerns raised by the presence of Social Science Observers. At the same time, we recognize that increased body-worn camera video recording of a significant portion of Level 1 encounters has a number of benefits, many within the realm of the 4th and 14th Amendment issues with which the Court is concerned.

NYPD is prepared to expand its mandatory activation policy to include all Level 1 encounters with the exception of those currently designated as "Do Not Record" situations, as well as motor vehicle crashes, non-EDP (emotionally disturbed person) aided situations, and past crimes (10-20 series). We believe that these exceptions balance the benefit of expanded recording with the costs and burdens involved. These costs and burdens of mandatory activation and increased documentation include privacy issues, the impact on the willingness of citizens to cooperate with law enforcement, additional infrastructure costs related to storage and maintenance of a significantly increased volume of recordings, as well as the additional time that will be required of officers derivative from a revised mandatory recording policy.

**2.  Additional Documentation**

NYPD will voluntarily undertake additional documentation, and has balanced the benefit of same with the inherent cost added by the additional documentation imposed by the expansion of video recording. It is important to recognize that NYPD answers approximately 9,000,000 calls for service each year, each one of which carries with it the likelihood of at least a Level 1 encounter with one or more individuals. To the extent that these additional encounters are now going to be recorded, they will require uploading and categorization. Even if that process only takes an additional one-minute on average per recording, a minimum of an additional 300,000 hours of time burden per year will be incurred (1-minute x a minimum of two officers x 9,000,000). Notwithstanding this this tremendous added burden, NYPD is prepared to move forward with the additional video recording and categorization, which will work in conjunction with memo book entries to provide basic information on Level 1 encounters.

Data points that would be collected through this process include those that are automatically populated by evidence.com using the body camera information, i.e., date, time, officer information, the length of the recording, as well as data entered by the recording officer in a revised categorization schema, which would include a category describing the level of encounter. The information captured in the electronic memo book would include assignment and supervisor of the officer. Therefore, for Level 1 encounters, the following documentation will occur:

- MOS info
- Assignment info

- Supervisor info
- Date
- Time
- Length of video
- Applicable level of encounter

### 3.  Procedures for Level 2 Encounters

With respect to Level 2 encounters, which under current policy are being recorded, the same documentation protocol would be adopted.  To the extent that a consent search is requested during a Level 2 encounter, that Level 2 encounter under current policy has an entirely separate form with additional information relative to the individual from whom consent is requested, including apparent age, gender, and race.   This policy would, of course, continue.

### 4.  Implementation

Adoption of this proposal would require the issuance of new policies regarding mandatory BWC activation and categorization of videos, and the completion of additional documentation as well as the development of new training.  NYPD anticipates that this process could be completed during the third quarter of 2020 subject to expeditious court approval.

In addition to striking the correct balance between cost and benefits, we believe that prompt citywide implementation of expanded recording and documentation as described, would not only obviate the need for an expensive and extensive study projected to end the third quarter of 2021, but would best serve the goals that are sought by the Combined Pilot.

\*   \*   \*

We hope that you find that the City's proposal to have NYPD significantly expand its current mandatory activation policy to capture the vast majority of Level 1 encounters and electronically document both Level 1 and Level 2 encounters as described above, as an alternative to the Combined Pilot, strikes the appropriate balance between cost and benefit and adequately addresses the ultimate goal of the Court.   We stand ready to discuss and answer any questions you might have related to this proposal.

Sincerely,

James E. Johnson



POLICE DEPARTMENT
Risk Management Bureau
375 Pearl Street, 20th Floor,
Suite 2000
New York, NY 10038

August 18, 2020

BY EMAIL
Peter Zimroth, Esq.
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710

> Re: *Floyd v. City of New York, 08 Civ. 1034*
> *Davis v. City of New York, 10 Civ. 699*
> *Ligon v. City of New York, 12 Civ. 2274*
> Proposals Re: Additional Data Collection as Part of the Proposed Alternative
> to the Combined Pilot

After numerous conversations with plaintiffs' counsel and the Monitor's team, and as a show of its willingness to reach agreement on a path forward to compliance, the NYPD will include additional data to that which would be collected under the February 21, 2020 proposal. Specifically, for Level 2 encounters, the following additional data would be collected through evidence.com:

1. The race of the primary individual encountered. This would be achieved by adding five additional potential categories: Race – Asian, Race – Black, Race –Hispanic, Race – White, Race – Unknown or Other.
2. The gender of the primary individual encountered. This would be achieved by adding three additional potential categories: Gender – Female, Gender – Male, Gender – Unknown or Other.
3. Whether the encounter was with more than one individual. This would be achieved by the addition of one category: More than one individual encountered (or words to that effect).

The Department would absorb the development costs associated with these new categorizations. While there have been delays associated with COVID-19, the Department anticipates that the proposed Alternative to the Combined Pilot can be implemented no later than the first quarter of 2021. This timeline will, of course, depend on when the proposal is approved by the Court as an Alternative to the Combined Pilot.

Jeff Schlanger
Deputy Commissioner of Risk Management



THE CITY OF NEW YORK

**JAMES E. JOHNSON**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

(212) 356-0800
jajohnso@law.nyc.gov

September 9, 2020

<u>BY EMAIL</u>
Peter Zimroth, Esq.
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, New York 10019-9710

Re:  *Floyd v. City of New York, 08 Civ. 1034*
*Davis v. City of New York, 10 Civ. 699*
*Ligon v. City of New York, 12 Civ. 2274*
Additional Data Collection as Part of the Proposed Alternative to the Combined Pilot

Dear Peter:

In furtherance of the City's letter dated February 21, 2020, after numerous conversations with plaintiffs' counsel and the Monitor's team, and as a show of willingness to reach an agreement on a path forward to substantial compliance, the New York City Police Department (the "Department") will include additional data to that which it previously agreed to collect under the February 21st proposal.  Specifically, for Level 2 encounters, the following additional data would be collected through evidence.com:

1. Race of Primary Individual Encountered:  This would be achieved by adding five additional potential categories:  Race – Asian, Race – Black, Race –Hispanic, Race – White, Race – Unknown or Other.
2. Gender of Primary Individual Encountered:  This would be achieved by adding three additional potential categories:  Gender – Female, Gender – Male, Gender – Unknown or Other.
3. Whether Encounter was with More than One Individual:  This would be achieved by the addition of one category, such as more than one individual encountered (or words to that effect).

Additionally, the Department would absorb the development costs associated with these new categorizations.  While there have been delays associated with COVID-19, the Department

anticipates that the proposed Alternative to the Combined Pilot can be implemented no later than the first quarter of 2021. This timeline will, of course, depend on when the proposal is approved by the Court as an Alternative to the Combined Pilot.

Sincerely,

James E. Johnson

cc: Class Counsel for *Floyd, Davis, Ligon*