# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1080

WRITER'S EMAIL ADDRESS
bgruenstein@cravath.com

| | | |
|---|---|---|
| JOHN W. WHITE | ANTONY L. RYAN | STEPHEN M. KESSING | JUSTIN C. CLARKE |
| EVAN R. CHESLER | GEORGE E. ZOBITZ | LAUREN A. MOSKOWITZ | SHARONMOYEE GOSWAMI |
| STEPHEN L. GORDON | GEORGE A. STEPHANAKIS | DAVID J. PERKINS | C. DANIEL HAAREN |
| ROBERT H. BARON | DARIN P. MCATEE | J. LEONARD TETI, II | EVAN MEHRAN NORRIS |
| DAVID MERCADO | GARY A. BORNSTEIN | D. SCOTT BENNETT | LAUREN M. ROSENBERG |
| CHRISTINE A. VARNEY | TIMOTHY G. CAMERON | TING S. CHEN | MICHAEL L. ARNOLD |
| PETER T. BARBUR | KARIN A. DEMASI | CHRISTOPHER K. FARGO | HEATHER A. BENJAMIN |
| MICHAEL S. GOLDMAN | DAVID S. FINKELSTEIN | DAVID M. STUART | MATTHEW J. BOBBY |
| RICHARD HALL | RACHEL G. SKAISTIS | AARON M. GRUBER | DANIEL J. CERQUEIRA |
| JULIE A. NORTH | PAUL H. ZUMBRO | O. KEITH HALLAM, III | ALEXANDRA C. DENNING |
| ANDREW W. NEEDHAM | ERIC W. HILFERS | OMID H. NASAB | HELAM GEBREMARIAM |
| STEPHEN L. BURNS | GEORGE F. SCHOEN | DAMARIS HERNÁNDEZ | MATTHEW G. JONES |
| KATHERINE B. FORREST | ERIK R. TAVZEL | JONATHAN J. KATZ | MATTHEW M. KELLY |
| KEITH R. HUMMEL | CRAIG F. ARCELLA | DAVID L. PORTILLA | DAVID H. KORN |
| DAVID J. KAPPOS | DAMIEN R. ZOUBEK | RORY A. LERARIS | BRITTANY L. SUKIENNIK |
| DANIEL SLIFKIN | LAUREN ANGELILLI | KARA L. MUNGOVAN | ANDREW M. WARK |
| ROBERT I. TOWNSEND, III | TATIANA LAPUSHCHIK | MARGARET T. SEGALL | |
| PHILIP J. BOECKMAN | ALYSSA K. CAPLES | NICHOLAS A. DORSEY | |
| WILLIAM V. FOGG | JENNIFER S. CONWAY | ANDREW C. ELKEN | |
| FAIZA J. SAEED | MINH VAN NGO | JENNY HOCHENBERG | PARTNER EMERITUS |
| RICHARD J. STARK | KEVIN J. ORSINI | VANESSA A. LAVELY | SAMUEL C. BUTLER |
| THOMAS E. DUNN | MATTHEW MORREALE | G.J. LIGELIS JR. | |
| MARK I. GREENE | JOHN D. BURETTA | MICHAEL E. MARIANI | |
| DAVID R. MARRIOTT | J. WESLEY EARNHARDT | LAUREN R. KENNEDY | |
| MICHAEL A. PASKIN | YONATAN EVEN | SASHA ROSENTHAL-LARREA | OF COUNSEL |
| ANDREW J. PITTS | BENJAMIN GRUENSTEIN | ALLISON M. WEIN | MICHAEL L. SCHLER |
| MICHAEL T. REYNOLDS | JOSEPH D. ZAVAGLIA | MICHAEL P. ADDIS | CHRISTOPHER J. KELLY |

March 24, 2021

<u>Floyd, et al. v. City of New York, 08-CV-1034 (AT)</u>
<u>Ligon, et al. v. City of New York, et al., 12-CV-2274 (AT)</u>
<u>Davis, et al. v. City of New York, et al., 10-CV-0699 (AT)</u>

Dear Judge Torres:

We are counsel to the Monitor, Peter L. Zimroth, and respectfully write to request an order in the above-captioned matters clarifying the City's and NYPD's duties to provide the Monitor with access to information sources under this Court's principal remedial order in *Floyd v. City of New York*.

On August 12, 2013, this Court issued an opinion finding the City of New York (the "City") liable for violating the Fourth and Fourteenth Amendments due to certain policies and practices of the New York City Police Department ("NYPD") in conducting stops and frisks.  *Floyd v. City of New York*, 959 F. Supp. 2d 540, 562 (S.D.N.Y. 2013) (the "Liability Opinion").  That same day, this Court granted and defined a permanent injunction based on the legal violations identified in the Liability Opinion.  *Floyd v. City of New York*, 959 F. Supp. 2d 668, 671 (S.D.N.Y. 2013) (the "Remedial Order").

Exercising its broad power to determine an appropriate process for remedying those legal violations, this Court used the Remedial Order to appoint Mr. Zimroth as Monitor to "oversee the reform process." *Id.* at 674, 676.  This Court gave the Monitor, among other duties, the duties of "work[ing] with . . . the parties to develop any . . . reforms necessary to ending the constitutional violations described in the Liability Opinion," and "regularly conduct[ing] compliance and progress reviews to assess the extent to which the NYPD has implemented and complied with the Immediate and Joint Process Reforms." *Id.* at 677-78.  This Court also stated that the relationship between the Monitor and City should be "collaborative rather than adversarial." *Id.* at 678.

The order attached as Appendix 1 to this letter (the "Access Order") helps to clarify the City's and NYPD's roles in facilitating the performance of the Monitor's duties by requiring them to provide the Monitor with timely, complete, and direct access to information sources he deems necessary to carry out his duties.  The Access Order also promotes the collaborative relationship envisioned by the Remedial Order by requiring the City and NYPD to provide access to the information sources in a cooperative manner.  For these reasons, the Access Order is "warranted by the exercise of [this Court's] sound discretion," and therefore is within this Court's power to enter as an extension of the Remedial Order.  *Brown v. Plata*, 563 U.S. 493, 542 (2011).  Accordingly, the Monitor respectfully requests that this Court enter the Access Order.

Respectfully submitted,

*/s/ Benjamin Gruenstein*
Benjamin Gruenstein
Bradley Niederschulte
Sara Bodner

CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Phone:  (212) 474-1000
Fax:  (212) 474-3700
bgruenstein@cravath.com

Hon. Analisa Torres
   United States District Court
      Southern District of New York
         500 Pearl Street
           New York, New York 10007-1312
BY ECF