

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

(212) 356-0800
jajohnso@law.nyc.gov

March 29, 2021

**VIA ECF**

Honorable Analisa Torres
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *Davis Floyd, et. al. v. City of New York,* 08 Civ. 1034
        *Kelton Davis, et. al. v. City of New York*, 10 Civ. 699
        *Jaenean Ligon, et. al. v. City of New York,* 12 Civ. 2274

Dear Judge Torres:

  I am writing in support of the Monitor's recent letter motion and proposed order regarding the Monitor's access, and to request a limited modification to the Monitor's proposed order.[1]

  As the Monitor's reports have collectively made clear, the New York City Police Department ("NYPD") has made significant progress towards substantial compliance with the court-ordered reforms. That progress would not have been possible without the work and insights that the Monitor has provided for nearly seven years. The Monitor has, and will continue to have, the City's full support in these efforts and with the other remedial reform tasks. Given the complexities of that work, the City welcomes any effort to clarify process and the roles of the parties.

  Police reform in New York City is at a critical and pivotal moment. In addition to the improvements made in this litigation and changes already underway, such as the new discipline matrix recommended by the 2019 Independent Panel Report, the Mayor recently released a broad package of proposed reforms in connection with a statewide effort to reform and reinvent policing.

---

[1] *Floyd v. City of New York,* No. 08 CV 1034 (AT) (S.D.N.Y.), ECF No. 818.

Central to these new reforms are the principles of transparency, process, and ethics. In keeping with those principles, the City will support efforts, like these, which clarify process and provide the public with a greater window into our work under the monitorship.

As for the proposed order, the City agrees with the framework established in paragraphs two through four of the proposed order. The provision in paragraph three calling for "reasonable notice" to "the City and NYPD" — which we interpret to include notice to counsel for the City and NYPD (i.e., the Law Department) — is a welcome clarification.

We note that paragraph one of the proposed order does not include the same "reasonable notice" requirement as found in paragraph three. Accordingly, the City respectfully proposes the inclusion of the following language to paragraph one (new text in underline):

1) <u>Upon reasonable notice provided by the Monitor,</u> the City and NYPD shall provide the Monitor timely, complete and direct access to all NYPD personnel, facilities, trainings, meetings and reviews that the Monitor reasonably deems necessary to carry out his duties. <u>Reasonable notice will not be required for administrative communications</u>. The City and NYPD shall provide this access in a cooperative manner.

Including this language will not only makes the order more internally consistent, but such notice will help facilitate the City's compliance with Monitor's requests under paragraph one and promote the collaborative relationship highlighted in the Monitor's proposed order. Also, by carving out "administrative communications," the Monitor can continue to engage in non-substantive outreach with NYPD (e.g., scheduling discussions, minor clarifications, etc.) without notice to the Law Department.

For the Court's consideration, we respectfully enclose a proposed order with the limited revision discussed above.

Sincerely,

James E. Johnson