

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

(212) 356-0800
jajohnso@law.nyc.gov

April 2, 2021

**VIA ECF**

Honorable Analisa Torres
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:  *David Floyd, et. al. v. City of New York,* 08 Civ. 1034
> *Kelton Davis, et. al. v. City of New York*, 10 Civ. 699
> *Jaenean Ligon, et. al. v. City of New York,* 12 Civ. 2274

Dear Judge Torres:

    I am writing in brief response to counsel for the Monitor's letter filed today. Counsel for the Monitor objects to the City's proposed modifications on the limited grounds that requiring the Monitor to provide counsel for the City with notice of the Monitor's intent to access NYPD personnel, facilities, training, meetings, and reviews would "impair the Monitor team's ability to conduct unannounced audits of NYPD activities, should they find it useful to perform such audits in the future." (Letter to Court from Monitor's Counsel, dated April 2, 2021.)

    The City understands the need for, and does not object to, the Monitor conducting unannounced audits of NYPD activities for the purpose of fulfilling its court-ordered requirements. To memorialize this, we modify the language in our prior proposed order as follows (the current and March 24th modifications in underline):

1) <u>Upon reasonable notice provided by the Monitor</u>, the City and NYPD shall provide the Monitor timely, complete and direct access to all NYPD personnel, facilities, trainings, meetings and reviews that the Monitor reasonably deems necessary to carry out his duties. The City and NYPD shall provide this access in a cooperative manner. <u>Reasonable notice will not be required for administrative communications or for unannounced audits or</u>

>    integrity checks. The City, NYPD, and Monitor will approach these exceptions in good faith.

The aforementioned language accommodates the Monitor's interest in unannounced audits, while still allowing for reasonable notice when the Monitor intends to contact NYPD personnel for informational meetings and other needs.

For the Court's consideration, we respectfully enclose a proposed order with the limited revision discussed above.

Sincerely,

James E. Johnson

Encl.