UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID FLOYD, et al.,

           Plaintiffs,

-against-

CITY OF NEW YORK,

           Defendant.

08 Civ. 1034 (AT)

KELTON DAVIS, et al.,

           Plaintiffs,

-against-

CITY OF NEW YORK,

           Defendant.

10 Civ. 699 (AT)

JAENEAN LIGON, et al.,

           Plaintiffs,

-against-

CITY OF NEW YORK,

           Defendant.

12 Civ. 2274 (AT)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/8/2021_

ANALISA TORRES, District Judge:

      On August 12, 2013, this Court issued an opinion finding the City of New York (the "City") liable for violating the Fourth and Fourteenth Amendments due to the policies and practices of the New York City Police Department ("NYPD") in conducting stops and frisks. *Floyd v. City of New York*, 959 F. Supp. 2d 540, 562 (S.D.N.Y. 2013) (the "Liability Opinion"). That same day, this Court granted and defined a permanent injunction based on the legal violations identified in the Liability Opinion. *Floyd v. City of New York*, 959 F. Supp. 2d 668, 671 (S.D.N.Y. 2013). As part of its "broad" and "flexib[le]" power to determine an appropriate process for remedying those legal violations, this Court appointed Peter Zimroth as Monitor to "oversee the reform process." *Id.* at 674, 676. This Court gave the Monitor, among other duties, the duties of "work[ing] with . . . the parties to develop any . . . reforms necessary to ending the

constitutional violations described in the Liability Opinion," and "regularly conduct[ing] compliance and progress reviews to assess the extent to which the NYPD has implemented and complied with the Immediate and Joint Process Reforms." *Id.* at 677-78. This Court also stated that the relationship between the Monitor and City should be "collaborative rather than adversarial." *Id.* at 678. To help clarify the City's and NYPD's roles in facilitating the Monitor's performance of those and his other duties, and in achieving that collaborative relationship, it is hereby ORDERED that:

1. The City and NYPD shall provide the Monitor timely, complete, and direct access to all NYPD personnel, facilities, trainings, meetings, and reviews that the Monitor reasonably deems necessary to carry out his duties. The City and NYPD shall provide this access in a cooperative manner.

2. The City and NYPD shall provide the Monitor timely, complete, and direct access to all NYPD documents, communications, notes, recordings, and data that the Monitor reasonably deems necessary to carry out his duties, except any documents, communications, notes, recordings, or data to which access is limited or precluded by court order, or that is subject to the work product or attorney-client privilege (together "privilege") and over which privilege is asserted pursuant to paragraph 4.

3. The Monitor shall provide the City and NYPD with reasonable notice of requests for access to NYPD documents, communications, notes, recordings, or data. Upon such request, the City and NYPD shall provide the documents, communications, notes, recordings, or data in electronic format, where readily available.

4. Should the City or NYPD decline to provide the Monitor with access to documents, communications, notes, recordings, or data on the basis of privilege, the City or NYPD shall timely inform the Monitor that they are being withheld on this basis and provide the Monitor with a log describing the documents, communications, notes, recordings, or data being withheld and identifying the privilege applicable to each withheld item. If the Monitor objects to an assertion of privilege, the Monitor may challenge the propriety of the privilege assertion before the Court.

SO ORDERED.

Dated: April 8, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge