```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/29/2021__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DAVID FLOYD, *et al.* | | |
| | Plaintiffs, | 08 Civ. 1034 (AT) |
| -against- | | |
| CITY OF NEW YORK | | |
| | Defendant | |
| KELTON DAVIS, *et al.* | | |
| | Plaintiffs, | 10 Civ. 0699 (AT) |
| -against- | | |
| CITY OF NEW YORK | | |
| | Defendant | |
| JAENEAN LIGON, *et al.* | | |
| | Plaintiffs, | 12 Civ. 2274 (AT) |
| -against- | | **SHARING ORDER** |
| CITY OF NEW YORK | | |
| | Defendant | |

**WHEREAS**, in an order dated February 12, 2021 (ECF No. 817), the Court so ordered certain studies designed to examine officers' compliance with applicable legal requirements in police-citizen encounters, as described in the memoranda attached as Exhibit B to that order (the "Studies"), and required the City of New York (the "City") to provide full support for their implementation as directed by the Monitor; and

**WHEREAS**, the Studies will include review of body-worn camera recordings, documents, data, and other information by the Monitor and members of his team; and

**WHEREAS**, to accomplish that review, the Monitor and members of his team must receive certain of those body-worn camera recordings, documents, data, and other information from the City; and

**WHEREAS**, the City recognizes that producing those body-worn camera recordings, documents, data, and other information may require it to share information related to sealed events, such as events related to summonses, arrests, and other police-citizen encounters that have been dismissed and/or sealed, or to share other information that may constitute records the City would be precluded from releasing by operation of law, such as recordings that depict juveniles being stopped or frisked; and

**WHEREAS**, that sharing may include information from protected records, including but not limited to the following records:

    a. Sealed records that would otherwise be protected pursuant to N.Y. CRIM. PROC. LAW § 160.50;
    b. Sealed records that would otherwise be protected pursuant to N.Y. CRIM. PROC. LAW § 160.55;
    c. Sealed records that would otherwise be protected pursuant to N.Y. CRIM. PROC. LAW § 160.58;
    d. Confidential records that would otherwise be protected pursuant to
    e. N.Y. CRIM. PROC. LAW § 720.35;
    f. Sealed records that would otherwise be protected pursuant to F.C.A 375.1;
    g. Confidential records that would otherwise be protected pursuant to F.C.A. 381.3;
    h. Confidential records that would otherwise be protected pursuant to F.C.A. 784; and
    i. Confidential records that would otherwise be protected pursuant to Civil Rights Law 50-b.

**WHEREAS**, this order and this Court's order dated February 12, 2021 (ECF No. 817) extend the remedial order by which this Court has implemented its interpretation of the U.S. Constitution, *see* 959 F. Supp. 2d 668 (S.D.N.Y. 2013) as described herein, so any information sharing that takes place pursuant to those orders is protected from liability under the Supremacy Clause, *see Washington v. Washington State Commercial Passenger Fishing Ass'n*, 443 U.S. 658, 695 (1979).

**NOW, THEREFORE,**

1. The City is authorized to share the protected recordings, documents, data and other information described herein with and as directed by the Monitor and his team in furtherance of the Studies.

2. The Monitor and his team will preserve all information shared by the City under this order and this Court's order dated February 12, 2021 (ECF No. 817) and use them only as reasonably necessary to complete the Studies, publish the results of the Studies in any publication, or discuss or defend the results of the Studies, and will afterwards destroy that information and safeguard and quarantine any information that cannot be permanently destroyed.

3. The City will not, under any statute concerning sealed or confidential records, be held liable for producing any recordings, documents, data, or other information to the Monitor and his team under this order and this Court's order dated February 12, 2021 (ECF No. 817).

4. This order shall survive the conclusion of the Studies and shall continue to be enforceable after the termination of the Monitorship in these matters.

SO ORDERED.

Dated: April 29, 2021
      New York, New York

_____
ANALISA TORRES
United States District Judge