```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
|  |  |
|---|---|
| DAVID FLOYD, *et al.*, <br><br>                    Plaintiffs, <br><br>     -against- <br><br> CITY OF NEW YORK, <br><br>                    Defendant. | USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #: _____ <br> DATE FILED: _____ <br><br><br> 08 Civ. 1034 (AT) |
| KELTON DAVIS, *et al.*, <br><br>                    Plaintiffs, <br><br>     -against- <br><br> CITY OF NEW YORK, <br><br>                    Defendant. | 10 Civ. 699 (AT) |
| JAENEAN LIGON, *et al.*, <br><br>                    Plaintiffs, <br><br>     -against- <br><br> CITY OF NEW YORK, <br><br>                    Defendant. | 12 Civ. 2274 (AT) <br><br> **ORDER** |

ANALISA TORRES, District Judge:

    On October 11, 2018, this Court entered an order (the "Confidentiality Order") designating as confidential all information that is shared between the participants in the remedial process in these matters. *Floyd v. City of New York*, 08-cv-1034 (AT), ECF No. 650, at 2-4 (Oct. 11, 2018). Paragraph 8 of the Confidentiality Order requires parties that seek to submit confidential information to this Court to give the other participants notice of the information at issue and an opportunity to move this Court for an order requiring that the information be filed under seal. *Id.* at 6.

    On March 19, 2021, Plaintiffs notified the Monitor that they intended to file certain information that is confidential under the Confidentiality Order (the "Confidential Information").

On March 24, 2021, pursuant to paragraph 8 of the Confidentiality Order, the Monitor publicly filed a letter motion requesting an order requiring that the Confidential Information be filed under seal and remain sealed. *Id.*, ECF No. 819 (Mar. 24, 2021). He contemporaneously filed under seal a supporting letter further explaining why that order is appropriate, along with exhibits identifying the Confidential Information for this Court's review. *Id.*, ECF Nos. 820, 820-1, 820-2, 820-3 (Mar. 24, 2021).

On March 25, 2021, Plaintiffs filed a motion to compel under seal requesting that (i) the Court order the Monitor to provide all parties the same access to an unfiled draft document being prepared by the Monitor's team, and (ii) requesting that the Monitor be instructed to publish the unfiled draft document before it is shared with the Court, or show that the sealing of the unfiled draft document is narrowly tailored to serve a higher value, to comply with the public's constitutional and common-law right of access. *Ligon v. City of New York*, No. 12-cv-2274 (AT), ECF No. 466 (Mar. 25, 2021). That motion referred throughout to the Confidential Information. Further, on April 8, 2021, Plaintiffs filed a brief under seal opposing the Monitor's motion to seal the Confidential Information, arguing that the Court should unseal the Confidential Information within their motion to compel, as well as within the documents accompanying the Monitor's motion to seal, on the ground that the Information's publication is required by the right of access. *Id.*, ECF No. 473 (Apr. 8, 2021). On June 1, 2021, the Monitor filed under seal a consolidated response to Plaintiffs' March 25 motion to compel and April 8 brief opposing sealing. *Floyd*, ECF No. 836 (June 1, 2021).

This Court has considered the arguments regarding access to the Monitor's draft unfiled document. Given the Monitor's representation that no party will have access to the draft document, this Court has concluded that ordering equal access is not warranted. *See Ligon*, ECF No. 429, at 4 (June 12, 2020). This Court has also concluded that given that the draft document is unfiled, it is not a document to which the public's right of access applies. *See, e.g.*, *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 139 (2d Cir. 2017); *Corrado v. New York State Unified Ct. Sys.*, No. cv 20121748 (DLI) (MDG), 2013 WL 12358468, at *1 (E.D.N.Y. Dec. 10, 2013). For these reasons, Plaintiffs' motion to compel is denied.

This Court has also considered the arguments regarding the sealing of the Confidential Information. This Court has concluded that the First Amendment right of access does not attach to this Information. *See United States v. Smith*, 985 F. Supp. 2d 506, 517-20 (S.D.N.Y. 2013). This Court has also conducted an "individualized review" of each and every piece of Confidential Information under the common-law presumption of access. *Brown v. Maxwell*, 929 F.3d 41, 51 (2d Cir. 2019). This Court has concluded that there is a risk that disclosing any piece of that Confidential Information would impair the flow of information between the participants in the remedial process, consistent with the findings of the Confidentiality Order, and the "privacy interest" created by that risk outweighs the "presumption of public access." *Id.* at 51.

Accordingly, it is hereby ORDERED that the Confidential Information in all documents filed in connection with this dispute shall remain under seal.

SO ORDERED.

Dated: ___, 2021
  New York, New York

_____
ANALISA TORRES
United States District Judge