UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/13/2022

DAVID FLOYD, et al.,

                Plaintiffs,

-against-

CITY OF NEW YORK,

                Defendant.

08 Civ. 1034 (AT)

KELTON DAVIS, et al.,

                Plaintiffs,

-against-

CITY OF NEW YORK,

                Defendant.

10 Civ. 699 (AT)

JAENEAN LIGON, et al.,

                Plaintiffs,

-against-

CITY OF NEW YORK,

                Defendant.

12 Civ. 2274 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      On August 12, 2013, the Court appointed Peter L. Zimroth to serve as the independent monitor to oversee the reform process ordered by the Court in the above-captioned matters.[1] Remedial Order, *Floyd v. City of New York*, No. 08 Civ. 1034 (S.D.N.Y. Aug. 12, 2013). Mr. Zimroth served as monitor until his death on November 8, 2021. The Court now appoints Mylan L. Denerstein (the "Monitor") to succeed Mr. Zimroth.

---

[1] On February 4, 2015, the parties in *Davis v. City of New York* adopted by stipulation the remedies set forth in the *Floyd* Remedial Order, including the appointment of the Monitor. Settlement at 4, *Davis v. City of New York*, No. 10 Civ. 0699 (S.D.N.Y. Feb. 4, 2015), ECF No. 330, at 10–11. All citations to the docket refer to the docket in *Floyd v. City of New York*, No. 08 Civ. 1034 (S.D.N.Y.), unless otherwise indicated.

Ms. Denerstein is a litigation partner and Co-Partner-in-Charge of Gibson, Dunn & Crutcher LLP's New York office. She previously served in a variety of government roles including as an Assistant United States Attorney and Deputy Chief of the Criminal Division in the United States Attorney's Office for the Southern District of New York, Executive Deputy Attorney General in the New York Attorney General's Office, Counsel to the New York State Governor, and Deputy Commissioner for Legal Affairs for the New York City Fire Department.

Ms. Denerstein maintains a strong commitment to community service and the public interest. She is a member of the Women's White Collar Defense Association, Association of Black Women Attorneys, New York City Bar Association, National Bar Association, New York State Bar Association, and Metropolitan Black Bar Association. She also serves on the Boards of the American Red Cross of Greater New York, Sanctuary for Families, and the City Bar Fund of the New York City Bar Association.

Ms. Denerstein graduated from Columbia Law School in 1993, where she was named a Charles Evans Hughes Fellow for outstanding commitment to public service and received the Jane Marks Murphy Prize.

As Monitor, Ms. Denerstein's role, functions, and privileges shall be as follows:

1. The Monitor shall be subject to the supervision and orders of the Court. The Monitor shall be discharged or replaced only upon an order of this Court.

2. The Monitor shall not, and is not intended to, replace or assume the role or duties of any City or NYPD staff or officials, including the Commissioner. The Monitor's duties, responsibilities, and authority shall be no broader than necessary to end the constitutional violations in the NYPD's stop-and-frisk practices described in the Court's opinion dated August 12, 2013, finding that the City is liable for violating Plaintiffs' constitutional rights, ECF No. 373. As stipulated by the parties in *Davis*, this also encompasses the NYPD's practices related to stops and arrests for criminal trespass. Settlement at 10–11, *Davis v. City of New York*, No. 10 Civ. 0699.

3. The Monitor shall inform the City of the milestones the City must achieve in order to demonstrate compliance and bring the monitoring process to an end.

4. The Monitor shall continue to regularly conduct compliance and progress reviews to assess the extent to which the NYPD has implemented and complied with the Court's mandated reforms.

5. The Monitor shall issue public reports every six months detailing the NYPD's compliance with the Court's mandated reforms. The Monitor shall file these reports with the Court.

6. The Monitor shall work with the parties to address any barriers to compliance. To the extent possible, the Monitor shall develop a collaborative rather than adversarial relationship with the City.

7. The Monitor may make requests to the Court to modify any ordered reforms if the evidence shows that such modifications are warranted.

8. The Monitor may request technical assistance from outside experts. She may also employ staff assistance as she finds reasonable and necessary.

9. The City shall be responsible for the cost of the Monitor, her staff, and any experts she retains. The Monitor shall be compensated in accordance with the terms set forth in the order dated February 5, 2015, as amended on November 8, 2021. ECF No. 478.

10. Additional duties may be assigned to the Monitor, in subsequent orders, upon notice to the parties and opportunity to be heard with regard to those additional duties.

11. As an agent and officer of the Court, the Monitor, and those working at her direction shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.

12. The parties and their successors in office, agents, and employees shall observe faithfully the requirements of this Order and cooperate fully with the Monitor in the performance of her duties.

13. The Monitor's position shall come to an end when the City has achieved compliance with the Court's mandated reforms.

SO ORDERED.

Dated: January 13, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge