# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Mylan L. Denerstein
Direct: +1 212.351.3850
Fax: +1 212.351.6350
MDenerstein@gibsondunn.com

May 17, 2023

**VIA ECF**

Honorable Analisa Torres
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *Floyd, et al. v. City of New York*, 08-CV-1034 (AT),
      *Ligon, et al. v. City of New York, et al.*, 12-CV-2274 (AT),
      *Davis, et al. v. City of New York, et al.*, 10-CV-0699 (AT),
      Bias-Based Policing Complaint Investigations

Dear Judge Torres:

I write to inform you of a concern regarding the Civilian Complaint Review Board's (CCRB's) ability to investigate complaints of bias-based policing and racial profiling. As of January 2022, by law, CCRB investigates complaints of racial profiling. As CCRB has explained in its testimony to the City Council[1] and to the Monitor, it is not getting access to needed information from the NYPD to properly and thoroughly investigate those complaints. I detail these concerns below and have attached a draft order for the Court's consideration if necessary if the CCRB and NYPD cannot resolve this issue expeditiously.

Prior to a Charter Amendment, approved by Referendum in November 2021,[2] complaints of racial profiling[3] and bias-based policing[4] were investigated exclusively by the NYPD Internal Affairs Bureau and the Borough Investigative Units. The Charter was amended in two significant ways. Section 440 (c)(1) was amended to include bias-based policing and racial profiling within the abuse of authority jurisdiction of CCRB, and a new Section 441 was added authorizing CCRB to investigate "acts of bias" in the "past conduct"

---

[1] Testimony, Jonathon Darche, Executive Director, CCRB, before the Public Safety Committee, March 28, 2023.

[2] Local Law No. 47 (2021), eff. Jan. 20, 2022. (N.Y.C. Charter § 440[c]).

[3] NYPD Administrative Guide § 304-17 (3).

[4] NYPD Administrative Guide § 304-17 (5).

*(Cont'd on next page)*

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

# GIBSON DUNN

Honorable Analisa Torres
May 17, 2023
Page 2

of members of the police department. CCRB developed internal guidelines for bias investigations and began to receive complaints in October 2022.

Since then, CCRB has explained in testimony before the City Council and in meetings with the Monitor Team,[5] that it has begun investigating over 100 profiling complaints but is unable to complete those investigations because of the Department's withholding of certain evidence. In particular, NYPD has provided material directly connected to the alleged incident itself, i.e., documents and BWC footage related to the specific police encounter at issue. However, the NYPD has denied requests for information related to the subject officer's background, including any profiling and complaint history, personnel history, information regarding the enforcement activity of the officer in the past year, Equal Employment Opportunity history, and information related to possible patterns, including the enforcement activity and history of other officers and supervisors in the subject officer's unit. CCRB does not have access to these types of records.

As you may recall, recognizing the importance of fulsome investigations in this important area and as part of its responsibilities, the Monitor worked with the NYPD and the parties to establish a protocol specifically for the handling of profiling and bias investigations for Court approval. As a result, IAB Guide 620-58 was approved by the Court in 2020.[6] Under the protocol, investigators in the NYPD were directed to "[r]eview subject officer's CPI [Central Personnel Index], including prior civilian complaints, whether substantiated or not, disciplinary records, when appropriate, lawsuits filed against the subject officer, and prior performance evaluations with an eye towards identifying patterns of bias/misconduct on the part of the subject officer." CCRB, in the testimony before the City Council, stated it seeks the same kind of information that was available to NYPD investigators examining profiling complaints in the past.

Delaying these investigations while awaiting data from the NYPD may result in the investigations running up against the 18-month statute of limitations deadline. Even if the CCRB receives the needed data before the statute of limitation deadline, their investigations may be hampered by the delays and by the backlog created by the delays. There have been ongoing discussions among the CCRB, the NYPD, and the New York City Law Department for some time but the issue remains unresolved. This was brought to our attention at the beginning of April, and we have expressed our concern to the City. The fact that this dispute cannot be resolved quickly, given the Court's prior order that the NYPD must review this type

---

[5] April 3, 2023.

[6] IAB Guide 620-58, eff. 8/7/18, *Floyd* ECF Nos. 793 and 793-1 (submission of the procedures), ECF No. 802, 12/3/20 (Court approval).

# GIBSON DUNN

Honorable Analisa Torres
May 17, 2023
Page 3

of information when the NYPD was charged with investigating racial profiling complaints, raises concerns about the NYPD's compliance with the Court's order that racial profiling complaints must be tracked and investigated thoroughly.

The *Floyd* opinion found *Monell*[7] liability, i.e., deliberate indifference, against New York City as defendant. The affirmative obligation to act to guard against discriminatory enforcement rests upon the City as an entity. CCRB is a City agency. Shifting investigations of bias from NYPD to CCRB does not relieve the City of its obligation to timely comply with the Court's order. Given that the CCRB is now charged with investigating complaints of racial profiling, it is the appropriate agency to determine what information is necessary for a complete and thorough investigation. For this reason, the requirement that investigators review the subject officer's history and patterns, as approved by the Court in IAB Guideline 620-58, should apply equally to CCRB investigations.

It is not acceptable for over 100 cases to sit idly while the statute of limitations runs and the City negotiates with itself. Should discussions falter and this issue not be resolved by the City by June 1, 2023, we will seek the Court's intervention. I have attached a draft order for the Court's consideration.

Respectfully,

Mylan L. Denerstein
Independent Monitor

cc: *Floyd*, *Davis*, and *Ligon* plaintiffs
New York City Law Department

Enclosure: draft court order

---

[7] *Monell v. N.Y. City Dep't of Soc. Servs*, 436 U.S. 658 (1978).