|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: _____ |

DAVID FLOYD, *et al.*,

                        Plaintiffs,

-against-

CITY OF NEW YORK,

                        Defendant.

08 Civ. 1034 (AT)

KELTON DAVIS, *et al.*,

                        Plaintiffs,

-against-

CITY OF NEW YORK,

                        Defendant.

10 Civ. 699 (AT)

JAENEAN LIGON, *et al.*,

                        Plaintiffs,

-against-

CITY OF NEW YORK,

                        Defendant.

12 Civ. 2274 (AT)

**[DRAFT] ORDER**

ANALISA TORRES, District Judge:

On August 12, 2013, this Court issued an opinion finding the City of New York (the "City") liable for violating the Fourth and Fourteenth Amendments due to the policies and practices of the New York City Police Department ("NYPD") in conducting stops and frisks. *Floyd v. City of New York*, 959 F. Supp. 2d 540, 562 (S.D.N.Y. 2013) (the "Liability Opinion"). That same day, this Court granted and defined a permanent injunction based on the legal violations identified in the Liability Opinion. *Floyd v. City of New York*, 959 F. Supp. 2d 668, 671 (S.D.N.Y. 2013)(the "Remedial Opinion"). This Court found that the NYPD has been ineffective in monitoring and imposing discipline in response to allegations of racial profiling, Liability Opinion, at 620, and directed the NYPD to begin tracking and investigating complaints it received related to racial profiling. Remedial Opinion at 684.

Recognizing the importance of thorough investigations in this important area, the Monitor worked with the NYPD and the parties to establish a protocol specifically for the handling of profiling and bias investigations. As a result, IAB Guide 620-58 was approved by this Court in 2020.[1] Under the protocol, investigators in the NYPD were directed to "[r]eview subject officer's CPI [Central Personnel Index], including prior civilian complaints, whether substantiated or not, disciplinary records, when appropriate, lawsuits filed against the subject officer, and prior performance evaluations with an eye towards identifying patterns of bias/misconduct on the part of the subject officer."

Pursuant to a Charter Amendment, approved by Referendum in November 2021,[2] complaints of racial profiling and bias-based policing are included within the abuse of authority jurisdiction of Civilian Complaint Review Board (CCRB), Section 440 (c)(1). CCRB developed internal guidelines for bias investigations and began to receive complaints in October 2022.

By letter dated May 17, 2023, the Monitor notified the Court that was informed by the Monitor that the CCRB is not getting access to needed information from the NYPD to properly and thoroughly investigate those complaints. As the CCRB explained in its testimony to the City Council,[3] the NYPD has denied requests for information related to the subject officer's background, including any profiling and complaint history, personnel history, information regarding the enforcement activity of the officer in the past year, Equal Employment Opportunity history, and information related to possible patterns, including the enforcement activity and history of other officers and supervisors in the subject officer's unit. CCRB does not have access to these types of records, and stated that it seeks the same kind of information that was available to NYPD investigators examining profiling complaints in the past.

The affirmative obligation to act to guard against discriminatory enforcement rests upon the City as an entity. CCRB is a City agency. Shifting investigations of racial profiling and bias-based policing from NYPD to CCRB does not relieve the City of its obligation to thoroughly investigate these complaints and timely comply with the Court's order. For that reason, the requirement that investigators review the subject officer's history and patterns, approved by the Court in IAB Guideline 620-58, should apply equally to CCRB investigations.

For this reason, it is hereby ORDERED that:

1. The NYPD shall provide the CCRB timely, complete and direct access to all documents and data the CCRB reasonably deems to be necessary to complete its investigations of profiling and bias-based policing, including the subject officer's Central Personnel Index, prior civilian complaints, whether substantiated or not, disciplinary records, when appropriate, lawsuits filed against the subject officer, and prior performance evaluations with an eye towards identifying patterns of bias/misconduct on the part of the subject officer.

---

[1] IAB Guide 620-58, eff. 8/7/18, *Floyd* ECF No. 802, 12/3/20.

[2] Local Law No. 47 (2021), eff. Jan. 20, 2022. (N.Y.C. Charter § 440[c]).

[3] Testimony, Jonathon Darche, Executive Director, CCRB, before the Public Safety Committee, March 28, 2023.

SO ORDERED.

Dated: ___, 2023
      New York, New York

ANALISA TORRES<br>
United States District Judge