UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  12/22/2024
```

DAVID FLOYD, *et al.*,

                                Plaintiffs,

                -against-

CITY OF NEW YORK,                                                08 Civ. 1034 (AT)

                                Defendant.

KELTON DAVIS, *et al.*,

                                Plaintiffs,

                -against-

                                                                10 Civ. 699 (AT)

CITY OF NEW YORK,

                                Defendant.

JAENEAN LIGON, *et al.*,

                                Plaintiffs,

                -against-                                        12 Civ. 2274 (AT)

CITY OF NEW YORK,                                                **ORDER**

                                Defendant.

ANALISA TORRES, District Judge:

On September 19, 2024, the Court received a report authored by the Honorable James Yates, a member of the Court-appointed Monitor's team, titled "Report to the Court on Police Misconduct and Discipline" (the "Report"). ECF No. 936 at 4.[1]  By order dated September 23, 2024, the Court filed the Report on the public docket and invited the parties and interested members of the public to submit written comments to the Monitor by **December 25, 2024**, by visiting https://www.nypdmonitor.org/resources-reports/.  *Id.* at 2.

On December 9, 2024, Defendant, the City of New York (the "City"), filed a letter requesting "clarification" of "the Court's anticipated use" of what the City refers to as Judge Yates' "Draft Report."  Letter at 5, ECF No. 946.  The City's letter contains numerous factual

---

[1] All docket citations are to the docket in No. 08 Civ. 1034 (AT).

and legal inaccuracies, which the Court addresses in turn.

*First*, the City incorrectly describes the Report as a "Draft Report." *Id.* The Report is the result of five years of committed research by a highly respected former jurist. During that time, the City was afforded no fewer than three opportunities to offer feedback on drafts of the Report. A first draft was circulated to the New York City Police Department ("NYPD") and the City Law Department on February 7, 2023. A second draft was circulated to the parties on June 1, 2023. On September 1, 2023, the City provided its comments, along with an Excel spreadsheet of proposed edits and corrections. On January 16, 2024, a third draft of the Report, including a set of recommendations along with an appendix and glossary, was sent to the parties. On February 23, 2024, the City provided comments on the revised Report's discipline recommendations. On March 27, 2024, the City offered additional comments on the revised Report. The Report is final.

*Second*, the City claims that its "request for clarification does not relate to the work of the Monitor" because "the Draft Report is not a report of the Monitor." *Id.* at 1. The City is mistaken. By order dated August 12, 2013, the Honorable Shira A. Scheindlin appointed the late Peter M. Zimroth, Esq., as Monitor to oversee the reform process necessary "to bring the NYPD's stop and frisk practices into compliance with the Constitution." *Floyd v. City of New York*, 959 F. Supp. 2d 668, 676 (S.D.N.Y. 2013). Judge Scheindlin's order authorized the Monitor to "employ staff assistance as he [or she] finds reasonable and necessary," and made clear that the Monitor's efforts would "inevitably touch on issues of training, supervision, monitoring, and discipline" of NYPD officers. *Id.* at 677–78. Consistent with that order, on May 30, 2018, the Court directed Mr. Zimroth to prepare an "in-depth" report examining, *inter alia*, the "efficacy, fairness, and integrity of the City's policies, practices and procedures with respect to police misconduct during stops, including a granular step-by-step analysis of (1) police discipline, including disciplinary processes and outcomes, (2) the civilian complaint process (both at the [Civilian Complaint Review Board ("CCRB")] and the NYPD), and (3) the prosecution and adjudication of such complaints." Mr. Zimroth subsequently instructed Judge Yates, as a member of the Monitor's team, to prepare the Report consistent with the Court's directives.

*Third*, the City contends that "[t]he Court selected Judge Yates to write the requested report without notice to the [p]arties" and "directed" the Monitor "to add Judge Yates to the Monitor's team." Letter at 2. The City, again, is wrong. By email dated June 5, 2018, Mr. Zimroth informed the Court that, after vetting multiple candidates, he had selected Judge Yates to join the Monitor's team and draft the Report. Mr. Zimroth described Judge Yates as an "extremely knowledgeable," "completely trustworthy," "exceptionally bright," "straight-talking," "innately patient, fair, and compassionate" candidate with "good judgment." By email dated June 7, 2018, Mr. Zimroth informed the parties that "Judge James Yates [would] be joining the team" to produce a report on behalf of the Monitor concerning "(1) NYPD discipline, including disciplinary processes and outcomes, (2) the civilian complaint process (both at the CCRB and the NYPD), and (3) the prosecution and adjudication of such complaints." Mr. Zimroth added that "the report [would] address issues of accountability, transparency, speed and due process for officers and civilian complainants and witnesses," and would "make recommendations whether there are ways in which the policies, practices and

procedures related to discipline can be improved so they maintain and foster constitutional and just policing as they relate to [stop, question, and frisk] and trespass enforcement." In the same email, Mr. Zimroth informed the parties that he welcomed "any questions the parties might have either about the task or [f]ormer Judge Yates."

*Fourth*, the City suggests that the Report "raise[s] significant due process concerns" because the City has not had the "opportunity to depose, cross-examine, and refute" Judge Yates. Letter at 4. The City is wrong. As stated above, Judge Yates is a member of the Monitor's team, appointed pursuant to the Court's equitable authority as set forth in Judge Scheindlin's remedial order of August 12, 2013. Just as the City does not have the absolute right to "depose, cross-examine," or "influence the appointment" of the Monitor, *id.*, it also does not have the right to do so for any member of the Monitor's team. The Court is not obligated to seek the parties' imprimatur in making these appointments.

*Fifth*, the City contends that it has "not ha[d] an opportunity to be heard by the Court" with respect to the Report. *Id.* Not so. Should the City wish to be heard, it may file an appropriate motion. More to the point, the City *currently* has an opportunity—as do all members of the public—to comment on the Report by **December 25, 2024**. *See* ECF No. 936.

The Court looks forward to reviewing all comments submitted on the important issues raised by the Report.

SO ORDERED.

Dated: December 22, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge