# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Mylan L. Denerstein
Direct: +1 212.351.3850
Fax: +1 212.351.6350
MDenerstein@gibsondunn.com

January 15, 2025

**VIA ECF**

Honorable Analisa Torres
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *Floyd, et al. v. City of New York*, 08-CV-1034 (AT),
      *Ligon, et al. v. City of New York, et al.*, 12-CV-2274 (AT),
      *Davis, et al. v. City of New York, et al.*, 10-CV-0699 (AT),
      Response to the City's Comments Regarding Discipline Report

Dear Judge Torres:

On December 24, 20204, the City submitted its comments[1] on the court-ordered Discipline Report, authored by Judge James Yates.[2] In its comments, the City wrongly states that "the City's Confidential Information has been repeatedly disclosed in the Discipline Report," implying that information was improperly published. City Comment at 5. This is incorrect. Neither Judge Yates nor any member of the Monitor team breached any confidentiality requirements.

*First*, as an initial matter, the City wrongly reads the Court's Confidentiality Order, *Floyd*, Dkt. 650 (Oct. 11, 2018), and its relevant confidentiality provisions to apply to the Monitor. But "[t]he terms of t[he] Confidentiality Order apply to Plaintiffs' Counsel and the City." *Id.* at 5; City Comment at 4–5. The Monitor, and by extension the Monitor team, including Judge Yates, are agents of the Court and not parties subject to the Confidentiality Order. And Judge Yates followed the standard procedure that the Monitor team follows when publishing reports. He obtained information from the New York City Police Department through the Monitor team and appropriately included some of that information in the Report. Simply put, the City's objection is based upon the false premise that the Monitor may not disclose information obtained in the course of its work.

---

[1] Comment of Tobias Zimmerman on behalf of the City of New York, *available at* https://www.nypdmonitor.org/resources-reports/ (Dec. 24, 2024), hereinafter "City Comment."

[2] *Floyd v. City of New York*, 1:08-cv-01034, Dkt. 936 (S.D.N.Y. Sept. 23, 2024).

**GIBSON DUNN**

Honorable Analisa Torres
January 15, 2025
Page 2

*Second*, the *Court* filed the Report publicly on the docket. *See Floyd*, Dkt. 936 (Sept. 23, 2024) ("The Court has received the report dated September 19, 2024, submitted by the Honorable James Yates (the "Report") to Mylan Denerstein, the Monitor. . . . The Court invites public comment on the Report, which is attached as Exhibit A."). The Court did so after the Monitor properly "share[d] information with the Court." Dkt. 650, at 5. Judge Yates did not file the Report publicly. The Court's actions are consistent with practice and the law. The City's position cannot be that this was anything other than entirely proper.

*Third*, the City cites to Dkt. 844, which pertains to keeping confidential "an *unfiled* draft document being prepared by the Monitor's team." (emphasis added). *Floyd*, Dkt. 844 at 2. The Discipline Report, as published by the Court, is not a draft report, nor is it remotely similar to the draft report that is the subject of the confidentiality order discussed in Dkt. 844. No draft versions of the Discipline Report were shared or published publicly.

*Fourth*, the City wrongly notes that the Report reflects a "lack of care given to protecting the City's Confidential Information." City Comment at 4–5. This is incorrect and unnecessarily inflammatory. The Report underwent, at the City's request, extensive redaction with names of officers and other identifying information eliminated from the Report. Because Judge Yates did not agree with all of the City's concerns does not mean the Report reveals confidential information.

It is unfortunate that the City focused on this. The Discipline Report does not violate any Confidentiality Orders, nor does it improperly disclose confidential information.

Respectfully,

Mylan L. Denerstein
Independent Monitor