USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/23/2026__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID FLOYD, *et al.*,

                      Plaintiffs,

        -against-                             08 Civ. 1034 (AT)

CITY OF NEW YORK, *et al.*,

                      Defendants.

KELTON DAVIS, *et al.*,

                        Plaintiffs,

        -against-                             10 Civ. 699 (AT)

CITY OF NEW YORK, *et al.*,

                      Defendants.

JAENEAN LIGON, *et al.*,

                        Plaintiffs,

        -against-                             12 Civ. 2274 (AT)

CITY OF NEW YORK, *et al.*,

                      Defendants.

## FIRST AMENDMENT TO
## 2026 COMMUNITY LIAISON COMPENSATION AND BUDGET AGREEMENT

This Agreement, by and between **Germain Thompson** ("Community Liaison") and the **City of New York** ("City"), **amends** the 2026 Community Liaison Compensation and Budget Agreement ("the Compensation Agreement") previously entered into between Community Liaison Germain Thompson and the City and endorsed by the Court on January 13, 2026 (*Floyd* ECF No. 973). The purpose of this Amendment is to update the title attached to one full time position already funded in the Compensation Agreement and to allocate additional funds in connection with the Community Liaison's lease of dedicated office space.

1.     **PURPOSE**

1.1    By Order dated December 16, 2022, the Honorable Analisa Torres, appointed a Community Liaison to assist and advise the federal monitor appointed to supervise the remedial stage of the above referenced matters (the "Monitor"). *See* Court Order dated December 16, 2022 (*Floyd* ECF No. 888) (hereinafter "Community Liaison Order"). Under the same Order, the Court approved the "Community Engagement Liaison Framework" submitted by the Monitor. *See Floyd* ECF No. 888-1 (the "Framework"). The Framework contemplates that the Community Liaison position will be full-time and shall be funded by the City.

1.2    This Agreement amends the Compensation Agreement as set forth herein. To the extent any portion of the Compensation Agreement is unchanged by this Agreement, those provisions of the Compensation Agreement shall continue in full force and effect.

2.     **CHANGE OF TITLE**

2.1    Beginning February 1, 2026, the position of "Administrative Assistant" listed in Section 2.4 of the Compensation Agreement shall be renamed as "Community Coordinator". The salary for this position shall remain unchanged at $60,000 per year ($5,000/mo.).

2.2    The position of Community Coordinator will be staffed at the discretion of the Community Liaison, who may hire and discharge as he sees fit. Beginning February 1, 2026, the position of Community Coordinator will be held by Aaliyah Guillory-Nickens.

3.     **ADDITIONAL EXPENSES RELATED TO OFFICE LEASE**

3.1    <u>Property to be Leased</u>. Pursuant to Section 4.3 of the Compensation Agreement, the Community Liaison has selected a suitable property at 1565 Ralph Avenue, Brooklyn, New York, 11236 (the "Property") to be used as dedicated office space for the Community Liaison and his staff. The Community Liaison intends to enter into a one-year lease with the owner of the Property, the Apostolic Church of New York, Inc. ("Landlord").

3.2    <u>Additional 2026 Expense Budget</u>. To facilitate the lease of the Property, the Total 2026 Expense Budget set forth in the Compensation Agreement is hereby amended and increased by a total of ninety-two thousand dollars and no cents ($92,000.00) as specified below:

|  | **Category/Description** | **2026 Budget** |
|---|---|---|
| 3.2.1 | **Office Related Expenses** | |
| 3.2.1.1 | Rent | $60,000 |
| 3.2.1.2 | Brokerage & Legal Fees | $7,000 |
| 3.2.1.3 | Build-Out, Moving, and Addl. Expenses | $25,000 |

|  | **Category/Description** | **2026 Budget** |
|---|---|---|
| 3.2.2 | **TOTAL ADDITIONAL 2026 FUNDS** | **$92,000** |

3.3  Security Deposit.  In addition to the expenses listed in Section 3.2 above, the City shall also advance to the Community Liaison ten-thousand dollars and no cents ($10,000.00), payable directly to the Landlord, for the Landlord to hold as a security deposit on the Property.  The Community Liaison shall be fully responsible for these funds and for any damages caused to the property.  At the termination of the lease or use of the Property the Community Liaison shall return to the City the full $10,000 advanced as a security deposit regardless of any damages deducted by the Landlord.

3.4  Payments.  To facilitate the acquisition of the Property, the City shall make the following payments, at the Community Liaison's direction:

3.4.1  Rent.  The City, on behalf of the Community Liaison, shall pay the Landlord sixty thousand dollars and no cents ($60,000.00) in full payment for twelve months rent for the Property.

3.4.2  Security Deposit.  Pursuant to Section 3.3 above, the City, on behalf of the Community Liaison, shall pay the Landlord ten thousand dollars and no cents ($10,000.00) to be held as a security deposit on the Property.  This payment may be made separately or combined with the payment of Rent under Section 3.4.1.

3.4.3  Brokerage & Legal Fees.  The City, on behalf of the Community Liaison, shall pay Ukpasia Realty, Inc. (the "Broker") seven thousand dollars and no cents ($7,000.00) to cover fees connected with the lease of the Property by the Community Liaison.

3.4.4  Advanced Office Expenses.  Pursuant to Section 3.2.1.3 above, the City shall advance to the Community Liaison an additional twenty-five thousand dollars and no cents ($25,000.00) to cover moving, renovations, furnishings, decoration, and other expenses related to making the Property fit for use by the Community Liaison (the "Advanced Office Expenses").

3.4.4.1  The Advanced Office Expenses shall be in addition to the Advanced Payments set forth in Section 4.5 of the Compensation Agreement, and shall not affect the timing or amounts of those payments.

3.4.4.2  The Advanced Office Expenses shall be included in the Mid-Year Reconciliation and Year-End Reconciliation defined in Sections 4.5.4 and 4.5.7 of the Compensation Agreement, respectively.

3.4.4.3  The Advanced Office Expenses shall be subject to the terms of Section 4.5.8 of the Compensation Agreement, which requires the Community Liaison to return any Unexpended Advanced Funds to the City.

3.4.4.4  Expenditures from the Advanced Office Expenses shall be subject to the provisions of Section 4.6 of the Compensation Agreement

(Supporting Documentation), and shall be included in the Monthly Expense Reports submitted under Section 4.7 of the Compensation Agreement.

3.5    Timing of Payments. The City shall endeavor to make the payments listed in Section 3.4 above as soon as practicable following the endorsement of this Agreement by the Court. The Community Liaison acknowledges that, even with best efforts, it may take up to forty-five (45) days for the City to issue these payments. The Community Liaison shall be responsible for facilitating any necessary administrative steps required for the City to issue payment to the Landlord or Broker.

3.6    No Relationship With The City. The advance of these funds by the City does not alter or amend, nor make the City party to, any lease, brokerage agreement, or any other contract entered into by the Community Liaison. The Community Liaison shall be the tenant for purposes of the lease, and the direct payment of funds by the City to the Landlord or the Broker on the Community Liaison's behalf shall not create any relationship between the City and the Landlord, or between the City and the Broker.

3.7    Indemnification and Duty to Defend. The Community Liaison shall be solely responsible for ensuring lawful, proper, and safe use of the Property. The Community Liaison shall defend, hold harmless, and indemnify the City, its successors and assigns, and all current and former employees and agents of the City, against any and all claims, suits, actions, and damages arising out of or in connection with use of the Property.

**For the Community Liaison:**

By: _____

Name:  Germain Thompson

Title:   Community Liaison

Date:   **2/9/2026**

**For the City:**

By: _____

Name:  Nancy Savasta

Title:   Division Chief, Risk Mgmt. Div.

Date:  _____


**SO ORDERED.**

Dated: February 23 , 2026
New York, New York

_____

ANALISA TORRES
United States District Judge

Page **4** of 4