**GIBSON DUNN**

Mylan L. Denerstein
Partner
T: +1 212.351.3850
M: +1 718.869.1671
mdenerstein@gibsondunn.com

April 20, 2026

**VIA ECF**

Honorable Analisa Torres
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *Floyd, et al. v. City of New York*, 08-CV-1034 (AT),
      *Davis, et al. v. City of New York, et al.*, 10-CV-0699 (AT),
      Failure of the NYPD to Audit Citywide Community Response Team Stops

Dear Judge Torres,

I write in my capacity as the Independent Monitor to inform the Court of a significant compliance issue concerning the New York City Police Department's ("NYPD") auditing of stops conducted by the citywide Community Response Team ("CRT").

As you know, CRT was established by the NYPD to address quality-of-life conditions, respond to community complaints, and engage in high-visibility enforcement in areas identified as experiencing disorder or public safety concerns. As such, CRT officers frequently engage in proactive policing, including a substantial number of self-initiated stops. There are nine CRTs: one assigned to each of the eight borough commands, as well as a citywide team.

The Monitor and the NYPD have determined that the Department failed to audit stops conducted by the citywide CRT from March 2023 until March 16, 2026, as required under the applicable remedial framework. The problem became worse in September 2025, when oversight of the CRTs was consolidated in a single citywide command. At that point, none of the stops by any CRT officer were being audited by the NYPD.

This audit omission is particularly concerning given the nature of CRT's deployment and activities. This failure also meant that the citywide CRT did not conduct self-inspections as required by the Court.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

# GIBSON DUNN

Honorable Analisa Torres
April 20, 2026
Page 2

The Monitor also notes that the New York City Department of Investigation ("DOI") has previously examined CRT and identified broader operational and oversight concerns. While DOI's review was not focused specifically on stop-and-frisk practices, its findings nonetheless underscored deficiencies in supervision, accountability, and internal controls within the unit. These findings heighten the importance of robust auditing of CRT activity, including stop practices, which did not occur here.

The absence of required auditing and self-inspections is especially troubling because CRT officers conduct a high volume of self-initiated stops—an area that has presented elevated constitutional risk for the NYPD—and available data indicate that such stops have the lowest rates of constitutional compliance across the Department.

Because of the NYPD's failure to conduct required audits of CRT stops, the overall compliance rate for self-initiated stops is likely lower than reported in the quarterly snapshots (the Monitor's Twenty-Fourth, Twenty-Seventh, Twenty-Eighth and Twenty-Ninth Reports), as they do not account for citywide CRT stops that should have been included in the Department's auditing processes.

Since March 16, 2026, the Department has been auditing CRT stops and the CRTs are conducting command self-inspections. I have also directed the NYPD to retrospectively audit citywide CRT. The Monitor will continue to assess the adequacy, scope, and timeliness of these remedial efforts and will report further to the Court as appropriate.

The Monitor remains engaged with the NYPD to address these deficiencies and to ensure that appropriate corrective measures are implemented. The NYPD is working collaboratively with the Monitor in this effort. We respectfully submit this update to ensure that the Court is fully apprised of this compliance failure and its implications.

Respectfully submitted,

Mylan L. Denerstein
Independent Monitor